Kathryn D. Zalewski (SBN 263119)
  Kathryn.Zalewski@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Natalie Hanlon Leh (*pro hac vice* pending)
  Natalie.HanlonLeh@wilmerhale.com
Mary (Mindy) V. Sooter (*pro hac vice* pending)
  Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, Colorado 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133

*Attorneys for Plaintiff*
*Comcast Cable Communications, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, | Case No. 16-cv-6180 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT** |
| v. | |
| OPENTV, INC., and NAGRAVISION SA, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Comcast Cable Communications, LLC ("Plaintiff" or "Comcast") alleges for its Complaint against Defendants OpenTV, Inc., and Nagravision SA ("Defendants") as follows:

## NATURE OF THE ACTION

1. This action arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2. Comcast brings this action for a declaration that it does not infringe any claim of Defendants' U.S. Patent Nos. 7,900,229 (the "'229 Patent"); 6,895,595 (the "'595 Patent"); 6,725,461 (the "'461 Patent"); 5,907,322 (the "'322 Patent"); 6,985,586 (the "'586 Patent"); 6,345,389 (the "'389 Patent"); 6,799,328 (the "'328 Patent"); 7,028,327 (the "'327 Patent"); 7,243,139 (the "'139 Patent"); and 6,530,082 (the "'082 Patent") (collectively "the Asserted Patents").

## PARTIES

3. Comcast Cable Communications, LLC is a Limited Liability Company organized and existing under the laws of the State of Delaware with its principal place of business in Philadelphia, Pennsylvania. Comcast provides video, high-speed Internet, and voice services to residential and business customers under the XFINITY brand, including in this judicial district.

4. On information and belief, OpenTV, Inc. ("OpenTV"), is a Delaware corporation with its principal place of business and headquarters at 275 Sacramento Street, San Francisco, California.

5. On information and belief, Nagravision SA ("Nagravision") is a Swiss corporation with its headquarters and principal place of business in Cheseaux-sur-Lausanne, Switzerland. Upon information and belief, Nagravision's principal place of business in the United States is in El Segundo, California.

6. On information and belief, OpenTV and Nagravision are subsidiaries of Kudelski SA, a Swiss conglomerate. On information and belief, Nagra USA, Inc. ("Nagra USA"), is a New York corporation with its principal place of business and headquarters in San Francisco, California, and is also a subsidiary of Kudelski SA. Kudelski SA and its subsidiaries are referred to as the "Kudelski Group."

7.     The Kudelski Group has identified monetizing its intellectual property as one of its priorities and has made repeated use of the courts of this district to attempt to enforce its patents.

**JURISDICTION**

8.     This is an action for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

9.     This Court has personal jurisdiction because, on information and belief, Defendants have, and have had, continuous and systematic contacts within the State of California, including this district.  On information and belief, the headquarters and principal place of business of OpenTV is located in San Francisco, California and Nagravision's principal place of business in the United States is located in El Segundo, California.  Further, on information and belief, Defendants have purposefully directed business activities at this district and residents of this district have used services and products offered or sold by Defendants.

10.    For example, on information and belief, Defendants' enforcement efforts have included hiring counsel who reside and practice in this district (such as Ian Feinberg of Feinberg Day Alberti & Thompson LLP, with respect to licensing negotiations between Time Warner Cable, Inc., and Defendants; Robert F. McCauley from Finnegan, Henderson, who is counsel for OpenTV, Nagravision, and another Kudelski subsidiary in *OpenTV, Inc., Nagravision S.A. and Nagra France S.A.S. v. Apple, Inc.*, N.D. Cal. Case No. 3:15-cv-02008, as well as for OpenTV and Nagravision in *OpenTV, Inc. and Nagravision S.A. v. Apple, Inc.*, N.D. Cal Case No. 3:14-cv-01622; and John Edwards at Kirkland & Ellis, who was counsel of record for OpenTV in *OpenTV, Inc. v. Netflix, Inc.*, N.D. Cal. Case No. 3:14-cv-01525, and for both OpenTV and another Kudelski subsidiary in *OpenTV, Inc. and Nagra France SAS v. Netflix, Inc.*, N.D. Cal. Case No. 3:14-cv-01723) for the express purpose of enforcing their patent rights.

11.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.  This Court has subject matter jurisdiction over Comcast's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Comcast and Defendants

with respect to whether the Asserted Patents cover Comcast's activities based on Defendants' communications with Comcast asserting the Asserted Patents and on Defendants' pattern of intellectual property assertion against others.

12. On December 19, 2012, OpenTV filed an action for patent infringement against Netflix, Inc., in the United States District Court for the District of Delaware. OpenTV's complaint alleged willful infringement by Netflix of seven U.S. patents. In support of its willful infringement allegation, OpenTV averred that it had notified Netflix of the OpenTV patent portfolio as well as several specific patents that it asserted may be relevant to Netflix's services.

13. On March 31, 2014, the District Court for the District of Delaware transferred OpenTV's action against Netflix to this judicial district.

14. On April 9, 2014, OpenTV and Nagravision filed an action for patent infringement against Apple Inc., in this district and alleged willful infringement of a number of patents, including the '229 Patent. OpenTV, Nagravision, and Nagra France S.A.S. filed a second action against Apple Inc., in this district on May 5, 2015, alleging willful infringement of five additional patents.

15. On October 30, 2015, OpenTV and Nagra France S.A.S. filed an action for patent infringement against Verizon Communications, Inc., asserting willful infringement by Verizon of a number of patents, including the '139 Patent and the '229 Patent. In support of its willful infringement allegation, OpenTV and Nagra France averred that they had contacted Verizon regarding a license to the patents and presented Verizon with details of its alleged infringement.

16. On January 21, 2016, Yahoo! Inc. filed an action for declaratory judgment of noninfringement in this district against Kudelski SA and OpenTV, Inc., alleging that those parties threatened litigation against Yahoo! and accused it of infringement of a number of patents, including the '327 patent also at issue here.

17. Similarly, on May 4, 2016, Time Warner Cable, Inc. ("TWC"), filed an action for declaratory judgment of noninfringement against OpenTV, Inc., Nagravision SA, and Kudelski SA, alleging the same pattern of threatened litigation against TWC, including accusations of

1  infringement of nine patents, including the '322, '082, '595, '586, and '139 patents also at issue
2  here.

3       18.    On October 1, 2015, Clay Gaetje, who identified himself as Vice President for
4  Licensing at Nagra/Kudelski, e-mailed David Marcus, Comcast's Chief Patent Counsel.  Mr.
5  Gaetje used an "@nagra.com" email address and, on information and belief, Mr. Gaetje's
6  LinkedIn profile identifies his current position as "VP – IP Licensing at Nagra."

7       19.    In his October 1, 2015, email, Mr. Gaetje asserted that "we have attempted to
8  contact you to start a dialogue about the licensing of Kudelski's patent portfolio to certain
9  aspects of Comcast's pay television and over-the-top video services."  Mr. Gaetje stated that
10 "there is another company with whom we will soon either conclude an agreement or litigate" and
11 that "if Comcast meaningfully engages with us beforehand, we can maintain Comcast's status as
12 an early licensee.  If not, then any deal we strike with Comcast will be largely dictated by the
13 other license or the litigation."

14      20.    On November 3, 2015, following a response from Mr. Marcus, Mr. Gaetje offered
15 to demonstrate the alleged "applicability of a representative set of our patents to Comcast's pay
16 television service (particularly as implemented with respect to set-top boxes provided by Pace),
17 TV Everywhere services such as XFINITY TV Go, NBC Universal streaming services, and other
18 services," including by providing "detailed claim charts."  The email also stated that Nagra
19 recently filed litigation against Verizon and enclosed that complaint.

20      21.    On November 12, 2015, Mr. Gaetje emailed Mr. Marcus and attached a
21 presentation for Mr. Marcus' review.  The email asserted that the presentation included "15
22 representative patents, covering most aspects of Comcast's video delivery and advertising
23 services" including "Xfinity, X1, i-Guide, Xfinity DVR, X1 voice control, Whole Home DVR,
24 Xfinity TV Anywhere, Xfinity.TV.Net, Spotlight, ad insertion, and others."  The email further
25 asserted that he could provide claim charts as discussions progressed but was unable to do so
26 without a non-disclosure agreement because of the litigation against Verizon.  The email also
27 asserted that the materials "should be sufficient to allow [Comcast] to understand the general
28 basis for the assertion, and the breadth of the products and services implicated" and represented

that "[n]one of the patents are being asserted against equipment or services provided by either Cisco or Arris."

22. Mr. Gaetje copied Greg Lundell, another attorney at Nagra USA, on his November 12, 2015, email. Upon information and belief, both Mr. Gaetje and Mr. Lundell are registered with the California State Bar and have a working address at Nagra USA in Mountain View, California.

23. A true and correct copy of the presentation attached to Mr. Gaetje's November 12, 2015, email is attached as Exhibit 1 (the "November Presentation"). The November Presentation included a section entitled "Exemplary Patents Relevant to Comcast" and represented that "none of the patents in the following analysis are being asserted against equipment or services provided by either Cisco or Arris to Comcast or for use in the Comcast system." The November Presentation then identified 15 patents, including nine of the ten Asserted Patents, reproduced the text of specific claims, and purported to identify a "claim mapping" for each patent against Comcast products or services.

24. The November Presentation also identified U.S. Patent Number 6,148,081 (the "'081 Patent"), which was also asserted against Apple, Inc., as purportedly "mapping" to Comcast's products and services. However, on January 28, 2016, Judge Edward Davila in the Northern District of California found claims of the '081 Patent and another OpenTV patent invalid for being directed to patent-ineligible subject matter under 35 U.S.C. § 101.

25. Comcast and Defendants scheduled an in-person meeting for January 28, 2016 (the "January 28 Meeting"). This meeting was attended by Comcast employees, including David Marcus, and representatives for Defendants, including Mr. Gaetje and Mr. Lundell. At this meeting, Defendants withdrew their assertion of the '081 Patent in anticipation of the ruling from Judge Davilla.

26. At the January 28 Meeting, Defendants presented their allegations relating to a subset of the fifteen patents included in the November Presentation. U.S. Patent Nos. 7,069,579 (the "'579 Patent"), 7,661,117 (the "'117 Patent"), 6,018,768 (the "'768 Patent"), 6,006,256 (the "'256 Patent"), and 7,669,212 (the "'212 Patent"), which had been in the November 12

presentation, were not included in the January 28 presentation.  Defendants indicated they did not intend to discuss those patents further.

27.  Defendants also identified the '082 Patent for the first time, and in the Presentation provided the text of claim 27 of that patent, purported to identify a "claim mapping" of that patent against "Comcast's ability to make precise audience measurements," and indicated that a "representative claim chart" would be "illustrated."

28.  Defendants have not withdrawn their allegations regarding Comcast's purported infringement of the Asserted Patents.

29.  Further demonstrating Defendants' pattern of litigation, OpenTV, Inc., filed suit on March 16, 2016, against Hulu LLC in the Central District of California, Case No. 2:16-cv-1785, which includes allegations of infringement by Hulu of the '327 and '139 patents at issue here.

30.  Because Defendants assert rights under the Asserted Patents based on identified ongoing activities of Comcast, and Comcast contends that it has the right to engage in the accused activities without a license, there is a substantial, justiciable controversy between Comcast and Defendants sufficient to warrant a declaratory judgment of their respective rights and duties.

31.  In view of the correspondence and communication with Comcast—and in light of Defendants' pattern of conduct with other companies and its stated efforts to monetize its intellectual property—a threat of actual and imminent injury exists to Comcast that can be redressed by judicial relief, and that injury is sufficiently immediate and real to warrant the issuance of a declaratory judgment.  Such injury includes, among other things, uncertainty as to whether the development, use, and sale of Comcast products and services will be free from infringement claims based on the Asserted Patents.  Absent a declaration of noninfringement, Defendants will wrongfully assert the Asserted Patents against Comcast's products and services, and will thereby cause Comcast irreparable injury and damage.

**VENUE AND INTRADISTRICT ASSIGNMENT**

32. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because OpenTV resides in this district and Nagravision resides in the State of California.  In addition, a substantial part of the events giving rise to the claims at issue occurred in this district and Defendants are subject to personal jurisdiction within this district.

33. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), intellectual property actions are assigned on a district-wide basis.

**THE PATENTS**

**U.S. Patent No. 7,900,229**

34. The '229 Patent is titled "Convergence of interactive television and wireless technologies."  The '229 Patent states that it was issued to Vincent Dureau of Palo Alto, California.  A true and correct copy of the '229 Patent is attached as Exhibit 2.

35. The original assignee of the '229 Patent identified on the patent's face is OPENTV, Inc., of San Francisco, California.  On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '229 Patent.

**U.S. Patent No. 6,895,595**

36. The '595 Patent is titled "Module manager for interactive television system."  The '595 Patent states that it was issued to Andrew Goodman of Menlo Park, California, and Jean Rene Menand of Palo Alto, California.  A true and correct copy of the '595 Patent is attached as Exhibit 3.

37. The original assignee of the '595 Patent identified on the patent's face is OpenTV, Inc., of San Francisco, California.  On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '595 Patent.

**U.S. Patent No. 6,725,461**

38. The '461 Patent is titled "Reminder system for broadcast and non-broadcast events based on broadcast interactive applications."  The '461 Patent states that it was issued to Brian P. Dougherty of Lafayette, California, and Allan C. Thygesen and Michael Capuano of Menlo Park, California.  A true and correct copy of the '461 Patent is attached as Exhibit 4.

39. The original assignee of the '461 Patent identified on the patent's face is Wink Communications, Inc., of Alameda, California. On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '461 Patent.

**U.S. Patent No. 5,907,322**

40. The '322 Patent is titled "Television event marking system." The '322 Patent states that it was issued to Gregory Kelly and Kenneth Goldberg of San Francisco, California; John Gee of Auburn, California; Phillip Levinson of Los Altos Hills, California; and Scott Fullam of Mountain View, California. A true and correct copy of the '322 Patent is attached as Exhibit 5.

41. The original assignee of the '322 Patent identified on the patent's face is Catch TV Acquisition Corp. of Burlingame, California. On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '322 Patent.

**U.S. Patent No. 6,985,586**

42. The '586 Patent is titled "Distributed information and storage system." The '586 Patent states that it was issued to Michael John Hill of Coppet, Switzerland. A true and correct copy of the '586 Patent is attached as Exhibit 6.

43. The original assignee of the '586 Patent identified on the patent's face is Nagracard S.A. of Cheseax-sur-Lausanne, Switzerland. On information and belief, Nagravision claims to be the current owner by assignment of all right, title, and interest in the '586 Patent.

**U.S. Patent No. 6,345,389**

44. The '389 Patent is titled "Interactive television system and method for converting non-textual information to textual information by a remote server." The '389 Patent states that it was issued to Vincent Dureau of Palo Alto, California. A true and correct copy of the '389 Patent is attached as Exhibit 7.

45. The original assignee of the '389 Patent identified on the patent's face is OpenTV, Inc., of Mountain View, California. On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '389 Patent.

**U.S. Patent No. 6,799,328**

46. The '328 Patent is titled "Dynamic event information table schedule window." The '328 Patent states that it was issued to Felix Freimann of Sunnyvale, California, Jino Nguyen of Mountain View, California, and Jean-Rene Menand of Palo Alto, California. A true and correct copy of the '328 Patent is attached as Exhibit 8.

47. The original assignee of the '328 Patent identified on the patent's face is OpenTV, Inc., of San Francisco, California. On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '328 Patent.

**U.S. Patent No. 7,028,327**

48. The '327 Patent is titled "Using the electronic program guide to synchronize interactivity with broadcast programs." The '327 Patent states that it was issued to Brian P. Dougherty of Lafayette, California, and C. Leo Meier of Berkeley, California. A true and correct copy of the '327 Patent is attached as Exhibit 9.

49. The original assignee of the '327 Patent identified on the patent's face is Wink Communication of Alameda, California. On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '327 Patent.

**U.S. Patent No. 7,243,139**

50. The '139 Patent is titled "Enhanced video programming system and method for incorporating and displaying retrieved integrated Internet information segments." The '139 Patent states that it was issued to Craig Ullman, Jack D. Hidary, and Nova T. Spivack, all of New York. A true and correct copy of the '139 Patent is attached as Exhibit 10.

51. The original assignee of the '139 Patent identified on the patent's face is Open TV Corporation of San Francisco, California. On information and belief, OpenTV claims to be the current owner by assignment of all right, title, and interest in the '139 Patent.

**U.S. Patent No. 6,530,082**

52. The '082 Patent is titled "Configurable monitoring of program viewership and usage of interactive applications." The '082 Patent states that it was issued to Eric E. Del Sesto of Alameda, California, Timothy V. Travaille of Bellevue, Washington, Christopher J. Michel of

1  Burbank, California, and Jana J. Paquette of Oakland, Maine.  A true and correct copy of the
2  '082 Patent is attached as Exhibit 11.
3        53.     The original assignee of the '082 Patent identified on the patent's face is Wink
4  Communications, Inc., of Alameda, California.  On information and belief, OpenTV claims to be
5  the current owner by assignment of all right, title, and interest in the '082 Patent.

## CLAIMS FOR RELIEF

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,900,229

9        54.     Paragraphs 1-53 are incorporated herein by reference.
10        55.     Comcast has not infringed and does not infringe any claim of the '229 Patent,
11  either directly or indirectly, literally or under the doctrine of equivalents, including through the
12  use of user activity and data for advertising accused of infringement in the November 12, 2015,
13  presentation.  For example, the accused service does not meet at least the limitation of "updating
14  a user profile responsive to a first user activity."
15        56.     As set forth above, an actual controversy exists between Comcast and OpenTV
16  with respect to infringement of the '229 Patent and this controversy is likely to continue.
17  Accordingly, Comcast desires a judicial determination and declaration of the respective rights
18  and duties of the parties with respect to the '229 Patent.
19        57.     Such a declaration is necessary and appropriate at this time in order that the
20  parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT II

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,895,595

23        58.     Paragraphs 1-57 are incorporated herein by reference.
24        59.     Comcast has not infringed and does not infringe any claim of the '595 Patent,
25  either directly or indirectly, literally or under the doctrine of equivalents, including by providing,
26  making, using, offering for sale, or selling the Comcast Xfinity playback with Restart service and
27  Xfinity app data accused of infringement in the November 12, 2015, presentation.  For example,
28  the accused service does not meet at least the limitation of "a receiver configured to . . . receive

and monitor both said broadcast signal and said nonbroadcast signal for said requested interactive television application modules" and "store said retrieved interactive television application modules in said data storage device."

60. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '595 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '595 Patent.

61. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT III

**Declaratory Judgment of Noninfringement of U.S. Patent No. 6,725,461**

62. Paragraphs 1-61 are incorporated herein by reference.

63. Comcast has not infringed and does not infringe any claim of the '461 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling Comcast's i-Guide reminder service accused of infringement in the November 12, 2015, presentation. For example, the accused service does not meet at least the limitation of "storing in the local memory of the broadcast receiver reminder data for the future broadcast, including . . . a description of the future broadcast."

64. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '461 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '461 Patent.

65. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT IV

**Declaratory Judgment of Noninfringement of U.S. Patent No. 5,907,322**

66. Paragraphs 1-65 are incorporated herein by reference.

67. Comcast has not infringed and does not infringe any claim of the '322 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling its Xfinity DVR service accused of infringement in the November 12, 2015, presentation. For example, the accused service does not meet at least the limitation of "detecting . . . an associated date and time data from a real time clock circuit."

68. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '322 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '322 Patent.

69. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT V

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,985,586

70. Paragraphs 1-69 are incorporated herein by reference.

71. Comcast has not infringed and does not infringe any claim of the '586 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling its Xfinity whole-home DVR service accused of infringement in the November 12, 2015, presentation. For example, the accused service does not meet at least the limitation of "the operating centre compris[ing] means for transmitting the authorization to the second unit to decrypt the product."

72. As set forth above, an actual controversy exists between Comcast and Nagravision with respect to infringement of the '586 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '586 Patent.

73. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT VI

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,345,389

74. Paragraphs 1-73 are incorporated herein by reference.

75. Comcast has not infringed and does not infringe any claim of the '389 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling its Xfinity X1 voice control service accused of infringement in the November 12, 2015, presentation. For example, the accused service does not meet at least the limitation of a "receiving station . . . configured to receive executable interactive application code corresponding to an interactive application via said broadcast signal."

76. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '389 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '389 Patent.

77. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT VII

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,799,328

78. Paragraphs 1-77 are incorporated herein by reference.

79. Comcast has not infringed and does not infringe any claim of the '328 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling its Xfinity X1 EPG data management service accused of infringement in the November 12, 2015, presentation. For example, the accused service does not meet at least the limitation of "moving said window when an interval between a current time and a time when the window was created is equal to a specified time interval."

80. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '328 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '328 Patent.

81. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

### COUNT VIII

**Declaratory Judgment of Noninfringement of U.S. Patent No. 7,028,327**

82. Paragraphs 1-81 are incorporated herein by reference.

83. Comcast has not infringed and does not infringe any claim of the '327 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling its Xfinity TV Anywhere or Xfinity.TV.net services accused of infringement in the November 12, 2015, presentation. For example, the accused services do not meet at least the limitation of "determining, using an electronic program guide, an interactive application associated with a broadcast program."

84. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '327 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '327 Patent.

85. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

### COUNT IX

**Declaratory Judgment of Noninfringement of U.S. Patent No. 7,243,139**

86. Paragraphs 1-85 are incorporated herein by reference.

87. Comcast has not infringed and does not infringe any claim of the '139 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through the insertion of advertisements into streaming content by Xfinity TV Go accused of infringement in the November 12, 2015, presentation. For example, the accused service does not meet at least the limitation of "combining the address, the program, and timing indicia for controlling when the address is used for retrieving online content relating to the program into the programming signal."

88. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '139 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '139 Patent.

89. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## COUNT X

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,530,082

90. Paragraphs 1-89 are incorporated herein by reference.

91. Comcast has not infringed and does not infringe any claim of the '082 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through Comcast's making of precise audience measurements on its X1 platform as accused of infringement in the January 28, 2016, presentation. For example, the accused services do not meet at least the limitation of a "processor in a broadcast receiver" which "perform[s] the step[] of: executing an interactive application to determine if the broadcast receiver is one of a subset of a plurality of broadcast receivers for monitoring specified selected attributes."

92. As set forth above, an actual controversy exists between Comcast and OpenTV with respect to infringement of the '082 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '082 Patent.

93. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Comcast prays that judgment be entered in its favor and requests:

(a) A judgment and declaration that Comcast has not infringed and does not infringe in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and has not otherwise infringed or violated any rights of Defendants;

(b) An injunction against Defendants and their affiliates, subsidiaries, assigns, employees, agents, and/or anyone acting in privity or concert with Defendants from charging infringement or instituting any legal action for infringement of the Asserted Patents against Comcast or anyone acting in privity with Comcast, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors and customers of Comcast;

(c) A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Comcast to an award of its reasonable attorneys' fees, expenses, and costs in this action;

(d) An award to Comcast of its costs and reasonable expenses to the fullest extent permitted by law;

(e) An award of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Comcast hereby demands a trial by jury on all issues so triable.

Dated: October 26, 2016

Respectfully submitted,

**WILMER CUTLER PICKERING HALE AND DORR LLP**

By:   */s/ Kathryn D. Zalewski*
Kathryn D. Zalewski (SBN 263119)
Kathryn.Zalewski@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:    (650) 858-6000
Facsimile:     (650) 858-6100

Natalie Hanlon Leh (*pro hac vice* pending)
Natalie.HanlonLeh@wilmerhale.com
Mary (Mindy) V. Sooter (*pro hac vice* pending)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, Colorado  80202
Telephone:    (720) 274-3135
Facsimile:     (720) 274-3133

*Attorneys for Plaintiff
Comcast Cable Communications, LLC*