Natalie Hanlon Leh (*pro hac vice*)
  Natalie.HanlonLeh@wilmerhale.com
Mary (Mindy) V. Sooter (*pro hac vice*)
  Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, Colorado 80202
Telephone:   (720) 274-3135
Facsimile:    (720) 274-3133

Kathryn D. Zalewski (SBN 263119)
  Kathryn.Zalewski@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:   (650) 858-6000
Facsimile:    (650) 858-6100

*Attorneys for Plaintiff*
*Comcast Cable Communications, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OPENTV, INC., and NAGRAVISION SA,<br><br>Defendants. | Case No. 3:16-cv-6180-WHA<br><br>**COMCAST CABLE COMMUNICATIONS, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS ONE THROUGH TEN OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:     March 8, 2017<br>Time:     8:00 a.m.<br>Before:   Hon. William Alsup<br>Courtroom: 8 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

    I.    INTRODUCTION ..............................................................................................1

    II.    BACKGROUND .................................................................................................2

    III.    LEGAL STANDARD ..........................................................................................6

    IV.    ARGUMENT ......................................................................................................8

        A.    Comcast Sufficiently Pled Counts 1-10 Of The Complaint Under The *Twombly/Iqbal* Standard ...............................................................8

        B.    In The Alternative, The Court Should Grant Comcast Leave To Amend The Complaint ................................................................14

    IV.    CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 1, 7, 8

*Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL,
 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) ................................................................ 11, 14

*Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Comput., Inc.*,
 No. 15-cv-04525, 2016 WL 1623920 (N.D. Cal. Apr. 25, 2016) ........................... 7, 8, 10, 14

*Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*,
 No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874 (D. Utah Oct. 12, 2016) ...................... 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 1, 6, 7, 10

*Bender v. LG Elecs. U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541
 (N.D. Cal. Mar. 11, 2010) ..................................................................................................... 8

*CG Tech. Dev. v. Fanduel, Inc.*, No. 2:16-cv-00801-RCJ-VCF, 2016 WL 6089693
 (D. Nev. Oct. 18, 2016) ...................................................................................................... 11

*Cold Spring Granite Co. v. Matthews Int'l Corp.*, No. 10-cv-4272,
 2011 WL 4549417 (D. Minn. 2011) ....................................................................... 7, 8, 9, 10, 12

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................................................... 1, 7

*Deerpoint Group, Inc. v. Acqua Concepts, Inc.*, No. 1:14-cv-01503-SAB,
 2014 WL 7178210 (E.D. Cal. Dec. 16, 2014) .................................................................... 10

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655 (9th Cir. 1992) ............................................ 14

*e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209
 (N.D. Cal. Aug. 22, 2016) .................................................................................................. 11

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) .................................................................... 7

*Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-cv-1008, 2010 WL 1372316
 (D.N.J. Mar. 31, 2010) ............................................................................................ 7, 10, 14

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010) .................................................... 12

*Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562 (Fed. Cir. 1997) ........................................... 3, 11

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................ 7

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340 (Fed. Cir. 2008) ...................... 12

*Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111 (2014) ...................................... 12

*McAfee Enterprises, Inc. v. Yamaha Corp. of America*, No. 2:16-cv-2562,
    2016 WL 6920675 (C.D. Cal. June 24, 2016) ...................................................................... 8

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ...................................................... 6

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ............................................................ 1

*PageMelding, Inc. v. ESPN, Inc.*, No. 11-cv-06263, 2012 WL 3877686
    (N.D. Cal. Sept. 6, 2012) ........................................................................................... 6, 13, 15

*Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921 (N.D. Ill. 2010) ................................................. 7, 14

*RAH Color Technologies LLC v. Ricoh USA Inc.*, No. 2:15-cv-05203-JCJ,
    2016 WL 3632720 (E.D. Pa. July 7, 2016) ........................................................................ 11

*Rain Gutter Pros, LLC v. MGP Mfg., LLC*, 55 F. Supp. 3d 1330
    (W.D. Wash. 2014) ................................................................................... 2, 7, 8, 9, 12

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012) .......................................... 7

*Tannerite Sports, LLC v. Jerent Enterprises, LLC*, No. 6:15-cv-00180-AA,
    2016 WL 1737740 (D. Or. May 2, 2016) ........................................................................ 11

*TSMC Tech., Inc. v. Zond, LLC*, No. 14-cv-721, 2015 WL 661364
    (D. Del. Feb. 13, 2015) ................................................................................................ 13

*Villacis v. Ocwen Loan Servicing, LLC*, No. 14-cv-03279-JD, 2015 WL 2227913
    (N.D. Cal. May 12, 2015) ............................................................................................ 14

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. 10-cv-4458,
    2011 WL 1654466 (N.D. Cal. Apr. 28, 2011) ............................................. 7, 8, 10, 14, 15

**STATUTES, RULES, AND REGULATIONS**

Federal Rule of Civil Procedure 8 ................................................................................................ 6

Federal Rule of Civil Procedure 10 .............................................................................................. 9

Federal Rule of Civil Procedure 84 .............................................................................................. 6

Patent Local Rule 3-4 ................................................................................................................. 13

Case No. 3:16-cv-6180-WHA        iii        COMCAST'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS ONE THROUGH TEN OF PLAINTIFF'S AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

The motion of Defendants Nagravision and OpenTV (collectively, "Defendants" or "Nagravision") to dismiss Counts 1-10 of the Amended Complaint (the "Complaint") is premised on the mistaken belief that Plaintiff Comcast Cable Communications, LLC's ("Comcast's") detailed 20-page, 112-paragraph declaratory judgment complaint of non-infringement is sufficient only to meet the Form 18 bare-bones pleading standard, but not the standard articulated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  What Nagravision fails to acknowledge is that, even before the abrogation of Form 18, many courts—including this Court—have applied the *Twombly/Iqbal* standard to declaratory judgment non-infringement actions.  And, under that standard, Comcast's non-infringement allegations are more than sufficient to survive Nagravision's motion to dismiss.

Nagravision cannot plausibly contend that Comcast's factual allegations regarding Counts 1-10 of the Complaint do not provide Nagravision with "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This dispute originated after Nagravision unsuccessfully attempted to persuade Comcast to take a license to Nagravision's patent portfolio, and follows several discussions between the parties regarding these patents.[1]  In November 2015 and January 2016, Nagravision made licensing presentations to Comcast, asserting that certain "representative" patents from Nagravision's portfolio cover Comcast products.  Comcast's Counts 1-10 of the Complaint identify patents and accused products and services that Nagravision identified to Comcast during those licensing presentations.  Considering that Nagravision itself initiated the dispute underlying the Complaint, and the accused products and

---

[1] Nagravision's motion tellingly does not challenge that an actual controversy exists between the parties for Comcast to seek declaratory judgment of non-infringement of Nagravision's patents asserted in Counts 1-10.  *Cf. MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–28 (2007).

Asserted Patents identified in Counts 1-10 were included in Nagravision's own presentations, Nagravision most certainly has fair notice of the nature of this dispute.

Moreover, Comcast's Complaint is more than sufficiently detailed to satisfy the *Twombly/Iqbal* standard. The Complaint's factual allegations not only detail the November 2015 and January 2016 communications between the parties and identify specific Comcast products and services that are not infringed by the Asserted Patents, but they also identify specific claim limitations for each Asserted Patent that are missing in the accused products. Nothing more is required to meet the *Twombly/Iqbal* standard. *See, e.g.*, *Rain Gutter Pros, LLC v. MGP Mfg., LLC*, 55 F. Supp. 3d 1330, 1336 (W.D. Wash. 2014) (denying motion to dismiss where declaratory judgment plaintiff "identified one of its products and the claim elements from both asserted patents that it believes are missing"). Nagravision contends that the Complaint must allege specific details "about the operation of [Comcast's] products or services" as well as additional details explaining how those products do not meet the specified claim limitations. (Nagravision Br. at 1, 7.) However, Nagravision *cites no case* that requires this level of detail in a declaratory judgment complaint. Moreover, the Patent Local Rules of this Court do not require the disclosure of such detailed information about the accused products at the pleading stage. Instead, these disclosures come later in the proceedings. *See, e.g.*, Pat. L.R. 3-4(a) (requiring the production of "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality" "[n]ot later than 45 days after service . . . of the 'Disclosure of Asserted Claims and Infringement Contentions'"). Nagravision's motion to dismiss should, therefore, be denied. At the very least, the Court should grant Comcast leave to amend the Complaint to further support its non-infringement claims in Counts 1-10.

## II. BACKGROUND

Nagravision, together with its affiliate Nagra SA and parent Kudelski SA, aggressively seeks to license its patent portfolio, and often uses litigation as a lever to "encourage" licensees to enter into portfolio-wide licenses. More than a year ago, Nagravision approached Comcast "to start a dialog about the licensing of Kudelski's patent portfolio." (Dkt. 24 (First Amended

Complaint for Declaratory Judgment of Patent Noninfringement ("Am. Compl.")) ¶ 19.) In an effort to persuade Comcast to take a license, Nagravision offered to provide "detailed claim charts" for "representative" Nagravision patents on Comcast's products. (Am. Compl. ¶ 20.) On November 12, 2015, Nagravision provided Comcast with a presentation regarding certain "representative patents" it alleged to be infringed by various Comcast products. (Am. Compl. ¶ 21.) A true and correct copy of the November 2015 presentation slides are attached as an exhibit to the Complaint. (Am. Compl. ¶ 23, Exhibit 2.)

When negotiations between the parties broke down, knowing Nagravision's history as a frequent patent litigator, Comcast filed the present declaratory judgment action on October 26, 2016 in an effort to remove the cloud of infringement accusations that Nagravision created. (Dkt. 1.) In particular, Counts 1-10 of the Complaint seek a declaration of non-infringement of ten patents from Nagravision's portfolio, including most of the "representative patents" addressed in the November 2015 presentation and one additional patent that Nagravision asserted in a subsequent presentation in January 2016.[2] (Am. Compl. ¶ 27.) Each Count alleges that *specific Comcast products and services do not meet specific claim limitations* required by the independent claims of each Asserted Patent that Nagravision has accused Comcast of infringing. The claim limitations identified in the Complaint, with identical or similar wording, are included in every independent claim of each Asserted Patent.[3] Because a finding of non-infringement can be based on just *one* missing element from an asserted claim, all Comcast was required to allege in its declaratory judgment claims was that one necessary element was missing from its products. *See Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562, 1565 (Fed. Cir. 1997) ("In order to prove

---

[2] On December 5, 2016—six weeks after Comcast filed the present suit—Nagravision filed a second suit in the Eastern District of Texas alleging Comcast's infringement of three additional patents from its portfolio (the "Texas Action"). On December 27, 2016, Comcast amended its first-filed complaint in this district to assert non-infringement of the three patents from the Texas Action. Nagravision did not challenge Comcast's non-infringement claims of those three patents (Counts 11-13) in the instant motion to dismiss.

[3] In some cases, the Asserted Patents include independent claims that are method, system, and/or computer-readable-media claims, and the language of the limitation varies somewhat across each independent claim.

infringement, a patentee must show that every limitation of the claims asserted to be infringed is found in the accused device."). That is exactly what Comcast did in its Complaint.

Count One alleges that Comcast's "use of user activity and data for advertising accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '229 patent's independent claims of "updating a user profile responsive to a first user activity." (Am. Compl. ¶ 62; *see id.* Exhibit 3 ('229 patent), Dkt. 24-3 at 16–17.)

Count Two alleges that Comcast's "Xfinity playback with Restart service and Xfinity app data accused of infringement in the November 12, 2015, presentation" does not meet at least the limitations of the '595 patent's independent claims of "a receiver configured to . . . receive and monitor both said broadcast signal and said nonbroadcast signal for said requested interactive television application modules" and "store said retrieved interactive television application modules in said data storage device." (Am. Compl. ¶ 66; *see id.* Exhibit 4 ('595 patent), Dkt. 24-4 at 12–13.)

Count Three alleges that Comcast's "i-Guide reminder service accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '461 patent's independent claims of "storing in the local memory of the broadcast receiver reminder data for the future broadcast, including . . . a description of the future broadcast." (Am. Compl. ¶ 70; *see id.* Exhibit 5 ('461 patent), Dkt. 24-5 at 14–16.)

Count Four alleges that Comcast's "Xfinity DVR service accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '322 patent's independent claims of "detecting . . . an associated date and time data from a real time clock circuit." (Am. Compl. ¶ 74; *see id.* Exhibit 6 ('322 patent), Dkt. 24-6 at 15.)

Count Five alleges that Comcast's "Xfinity whole-home DVR service accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '586 patent's independent claims of "the operating centre compris[ing] means for transmitting the authorization to the second unit to decrypt the product." (Am. Compl. ¶ 78; *see id.* Exhibit 7 ('586 patent), Dkt. 24-7 at 9.)

Count Six alleges that Comcast's "Xfinity X1 voice control service accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '389 patent's independent claims of a "receiving station . . . configured to receive executable interactive application code corresponding to an interactive application via said broadcast signal."  (Am. Compl. ¶ 82; *see id.* Exhibit 8 ('389 patent), Dkt. 24-8 at 11–12.)

Count Seven alleges that Comcast's "Xfinity X1 EPG data management service accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '328 patent's independent claims of "moving said window when an interval between a current time and a time when the window was created is equal to a specified time interval."  (Am. Compl. ¶ 86; *see id.* Exhibit 9 ('328 patent), Dkt. 24-9 at 16–17.)

Count Eight alleges that Comcast's "Xfinity TV Anywhere or Xfinity.TV.net services accused of infringement in the November 12, 2015, presentation" do not meet at least the limitation of the '327 patent's independent claims of "determining, using an electronic program guide, an interactive application associated with a broadcast program."  (Am. Compl. ¶ 90; *see id.* Exhibit 10 ('327 patent), Dkt. 24-10 at 21–23.)

Count Nine alleges that Comcast's "Xfinity TV Go accused of infringement in the November 12, 2015, presentation" does not meet at least the limitation of the '139 patent's independent claims of "combining the address, the program, and timing indicia for controlling when the address is used for retrieving online content relating to the program into the programming signal."  (Am. Compl. ¶ 94; *see id.* Exhibit 11 ('139 patent), Dkt. 24-11 at 20–21.)

Count Ten alleges that Comcast's "making of precise audience measurements on its X1 platform as accused of infringement in the January 28, 2016, presentation" does not meet at least the limitation of the '082 patent's independent claims of a "processor in a broadcast receiver" which "perform[s] the step[] of: executing an interactive application to determine if the broadcast receiver is one of a subset of a plurality of broadcast receivers for monitoring specified selected attributes."  (Am. Compl. ¶ 98; *see id.* Exhibit 12 ('082 patent), Dkt. 24-12 at 19–20.)

Comcast's detailed allegations in its Complaint, and its specific assertions that a necessary claim element for every independent claim of every Asserted Patent is missing from the accused products is sufficient to meet Comcast's pleading requirements under *Iqbal* and *Twombly*.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Before the abrogation of Federal Rule of Civil Procedure 84, courts were split as to whether the Form 18 or *Twombly/Iqbal* pleading standards applied to declaratory judgment actions for non-infringement. Form 18 provided a template for a patentee to assert direct infringement allegations against an accused infringer that "require[d] little more than a conclusory statement that the defendant infringed the plaintiff's patent." *PageMelding, Inc. v. ESPN, Inc.*, No. 11-cv-06263, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012). The *Twombly/Iqbal* standard requires the plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Because a "motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law," the law of the regional circuit applies to Nagravision's motion. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). Since the Ninth Circuit did not address whether the Form 18 or *Twombly/Iqbal* standards applied to declaratory judgment patent cases, courts within this district (and across the country) were divided as to which standard applied to declaratory judgment non-infringement claims like the ones asserted by Comcast in this case, and many applied the *Twombly/Iqbal* standard even before Form 18 was abrogated.[4] *See, e.g.*, *Wistron Corp. v. Phillip M. Adams &*

---

[4] Nagravision erroneously relies on *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) for the proposition that "[p]rior to the abrogation of Rule 84, Form 18 governed the pleading standard for . . . claims seeking declaratory relief for no direct infringement." (Nagravision Br. at 5.) In that case, the Federal Circuit never addressed whether Form 18 applied to declaratory judgment claims and instead held that "Form 18 should be strictly construed" and is "controlling only for causes of action for which there are sample pleadings." 681 F.3d at 1336. Form 18 provided only a sample pleading for a direct

*Assocs., LLC*, No. 10-cv-4458, 2011 WL 1654466, at *10–11 (N.D. Cal. Apr. 28, 2011); *Rain Gutter Pros*, 55 F. Supp. 3d at 1333; *Cold Spring Granite Co. v. Matthews Int'l Corp.*, No. 10-cv-4272, 2011 WL 4549417, at *2 (D. Minn. 2011); *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 927 (N.D. Ill. 2010); *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-cv-1008, 2010 WL 1372316, at *4–5 (D.N.J. Mar. 31, 2010). After the abrogation of Form 18, courts now apply the *Twombly/Iqbal* standard to all patent infringement actions. *See, e.g.*, *Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Comput., Inc.*, No. 15-cv-04525, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016).

Under the *Twombly/Iqbal* standard, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The defendant needs only to be given "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47); *see also Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement'. . . ." (quoting *Twombly*, 550 U.S. at 556)). The reviewing court must "'accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Based on this guidance, courts have found allegations in declaratory judgment non-infringement complaints sufficient under the *Twombly/Iqbal* standard when the plaintiff "has identified one of its products and the claim elements from [the] asserted patents that it believes are missing." *Rain Gutter Pros*, 55 F. Supp. 3d at 1336; *see also Cold Spring Granite Co.*, 2011 WL 4549417, at *4 (holding that "Plaintiff has stated a plausible claim for non-infringement

---

infringement action by a patentee and not a declaratory judgment action of non-infringement by an accused infringer. Moreover, *In re Bill of Lading* is not binding here because the underlying cause of action was from the Sixth Circuit, not the Ninth Circuit.

[where] it has sufficiently identified and alleged the process and resultant product for which it seeks a declaratory judgment"); *Wistron Corp.*, 2011 WL 1654466, at *12 (noting that a declaratory judgment plaintiff only needs to "identify[] the accused products . . . to adjudicate an infringement claim"); *id.* ("*Twombly* is meant to weed out frivolous litigation where insufficient facts are alleged to form the basis for a claim, but should not be read to raise the pleading requirement to that of a summary judgment." (internal quotation marks and citations omitted)).

Similarly, when applying the *Twombly/Iqbal* standard to a patentee's infringement complaint, courts only require "a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does." *Bender v. LG Elecs. U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010); *see also Avago Techs.*, 2016 WL 1623920, at *4 ("nothing about *Twombly* and *Iqbal* suggests that a patent infringement complaint that largely tracks the language of the claims to allege infringement is insufficient per se"); *McAfee Enterprises, Inc. v. Yamaha Corp. of America*, No. 2:16-cv-2562, 2016 WL 6920675, at *3 (C.D. Cal. June 24, 2016) ("[T]he complaint must merely provide a defendant with fair notice and a basis for asserting the claim.").

## IV. ARGUMENT

### A. Comcast Sufficiently Pled Counts 1-10 Of The Complaint Under The *Twombly/Iqbal* Standard

#### 1. Comcast Identified Specific Accused Products And Services That Do Not Meet At Least One Claim Limitation Of Each Of The Asserted Patents

Comcast's Complaint arises from Nagravision identifying "representative" patents from its portfolio and comparing them to Comcast products and services. More specifically, Nagravision's November 2015 presentation identified nine of the ten patents challenged in Counts 1-10 of the Complaint to specific Comcast products and services. (Dkt. 24-2 at 7 ('595 patent relates to "Xfinity video playback"), 11 ('461 patent relates to "[d]isplay of reminders . . . in an interactive television system"), 13 ('322 patent relates to "Xfinity DVR Service"), 15 ('586 patent relates to "Xfinity whole-home DVR Service"), 19 ('389 patent relates to "Xfinity X1 voice control"), 21 ('328 patent relates to "Xfinity X1 EPG data management"), 23 ('327 patent

relates to "Xfinity TV Anywhere" and "Xfinity.TV.net"), 29 ('229 patent relates to "Xfinity use of user activity and data for advertising"), 33 ('139 patent relates to "[a]dvertising insertion into streaming content" in "Xfinity TV Go").)  The November 2015 presentation is attached as Exhibit 2 to the Complaint (Am. Compl. ¶ 23; *see* Exhibit 2, Dkt.24-2), and, therefore, is part of the Complaint for purposes of Nagravision's motion to dismiss.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Nagravision identified the tenth patent, the '082 patent, in its January 2016 presentation, where Nagravision "provided the text of claim 27 of that patent, purported to identify a 'claim mapping' of that patent against 'Comcast's ability to make precise audience measurements [on its X1 platform],' and indicated that a 'representative claim chart' would be 'illustrated.'" (Am. Compl. ¶ 27; *see id.* ¶ 98.)

Counts 1-10 of the Complaint identify the same products and services that Nagravision identified in the November 2015 and January 2016 presentations.  (*See supra* pp. 4–6 (quoting Am. Compl. ¶¶ 62, 66, 70, 74, 78, 82, 86, 90, 94, 98).)  In support of Comcast's non-infringement allegations, Counts 1-10 of the Complaint also specify at least one limitation from each of the Asserted Patents' independent claims that is missing from Comcast's accused products and services.  (*See id.*)  Therefore, Comcast's factual allegations in support of Counts 1-10 include:  (1) detailing and incorporating Nagravision's November 2015 and January 2016 presentations that identify patents and compare them to Comcast products, (2) identifying the same accused products and services as not infringing the same patents identified by Nagravision, and (3) providing at least one limitation from each of the Asserted Patents' independent claims that is not met by the accused products and services.  When the Complaint is read as a whole, these factual allegations are more than sufficient to meet the *Twombly/Iqbal* standard.  *See, e.g.*, *Rain Gutter Pros*, 55 F. Supp. 3d at 1336 (denying motion to dismiss and finding it "adequate to allege plausible non-infringement claims against" defendant where plaintiff "has identified one of its products and the claim elements from both asserted patents that it believes are missing"); *Cold Spring Granite Co.*, 2011 WL 4549417, at *5 (denying motion to dismiss where

1  declaratory judgment plaintiff "clearly identifie[d] a process [alleged to be infringing] that can be
2  distinguished from other products Plaintiff makes and other processes that it uses"); *see also*
3  *Avago Techs.*, 2016 WL 1623920, at *4 (denying motion to dismiss where "allegations are not as
4  conclusory as that formerly permitted under Form 18 and ha[ve] sufficient specificity to provide
5  at least some notice to [defendant]").

6  Given that Nagravision itself initiated the dispute underlying the Complaint and
7  identified both the patent claims and Comcast's products and services described in the
8  Complaint, Nagravision cannot reasonably argue that the Complaint does not provide
9  Nagravision with "fair notice of what the . . . claim is and the grounds upon which it rests."
10 *Twombly*, 550 U.S. at 555; *see also Cold Spring Granite Co.*, 2011 WL 4549417, at *5 ("[I]t is
11 not readily apparent to the Court why [Plaintiff's] description [of the accused product] does not
12 fairly put Defendants on notice . . . for which Plaintiff seeks a declaratory judgment."); *id.*
13 ("[C]ommon sense . . . compels the Court to conclude that Plaintiff has alleged with the requisite
14 level of specificity and clarity the process for which it seeks a declaratory judgment."); *Wistron
15 Corp.*, 2011 WL 1654466, at *12 ("[B]ecause Defendants threatened suit against the Plaintiffs
16 over the patents . . . , we should presume that Defendants know which products infringe."); *Elan
17 Pharma Int'l Ltd.*, 2010 WL 1372316, at *5 ("Elan suffers no strategic disadvantage from this
18 Court not ordering further factual support for Lupin's [declaratory judgment] counterclaims . . . .
19 The crux of *Twombly* and *Iqbal* is to ensure that the defendant . . . has fair notice of what is being
20 pled. Elan has that notice.").

21 In its motion, Nagravision cites a handful of cases that it argues support dismissing
22 Counts 1-10 of the Complaint. (Nagravision Br. at 6–7.) Nagravision's cases, however, are all
23 inapposite because the declaratory judgment claims in those cases only asserted bare-bones
24 conclusory allegations and, unlike Comcast's Complaint, failed to identify specific accused
25 products and specific claim limitations that were missing in those products. In *Deerpoint Group,
26 Inc. v. Acqua Concepts, Inc.*, the declaratory judgment counterclaims simply alleged that the
27 asserted patents do not "cover or include any apparatus or device or product or method
28

manufactured, used, or sold by Ag Water Chemical." No. 1:14-cv-01503-SAB, 2014 WL 7178210, at *4 (E.D. Cal. Dec. 16, 2014). In *Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, the complaint provided "no specific factual allegations" and "the full extent of Beer Barrel's allegations of non-infringement" consisted of the following conclusory statement: "Beer Barrel's Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents." No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, at *4 (D. Utah Oct. 12, 2016). In *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, the declaratory judgment counterclaim cursorily alleged that the "[defendant] has not infringed . . . [and] does not infringe" the patents-in-suit, without specifying any claim limitations that were not met by the accused products. No. 6:15-cv-00180-AA, 2016 WL 1737740, at *2 (D. Or. May 2, 2016). And, in *RAH Color Technologies LLC v. Ricoh USA Inc.*, the "extremely sparse" non-infringement counterclaims only alleged that "Ricoh has not infringed and does not infringe . . . any valid and enforceable claims of the [asserted] patent." No. 2:15-cv-05203-JCJ, 2016 WL 3632720, at *5 (E.D. Pa. July 7, 2016).[5] These short, vague, and conclusory allegations do not come close to the level of detail of Comcast's factual allegations asserted in the Complaint, which describe Nagravision's November 2015 and January 2016 presentations, identify specific Comcast products and services that Nagravision had identified in those presentations, and provide specific limitations from the Asserted Patents' independent claims that are not found in the identified products and services.

---

[5] Nagravision also cites cases where courts have dismissed complaints from patentees alleging direct infringement because they failed to state that an accused product infringed all limitations of an asserted patent's claim. (Nagravision Br. at 8 (citing *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016); *CG Tech. Dev. v. Fanduel, Inc.*, No. 2:16-cv-00801-RCJ-VCF, 2016 WL 6089693 (D. Nev. Oct. 18, 2016)).) Those cases are inapposite because, unlike an alleged infringer's declaratory judgment claim of no infringement, a patentee must show that *each and every* limitation of an asserted claim is present in the accused products to prove infringement. *See Glaxo, Inc.*, 110 F.3d at 1565 ("In order to prove infringement, a patentee must show that every limitation of the claims asserted to be infringed is found in the accused device."). To support *non*-infringement declaratory judgment claims such as Comcast's, only one claim limitation need not be present in the accused products.

Nagravision further contends that Comcast has not adequately alleged no indirect infringement of the accused products and services.  (Nagravision Br. at 9.)  Nagravision argues that Comcast must specifically allege details "that would suggest that it did not knowingly induce another party to infringe [the Asserted] Patents, . . . that it did not intend another party to infringe the [Asserted] Patents[,] . . . that its products are suitable for substantial non-infringing uses, or why its products are not 'especially made or adapted for use in an infringement' of [Nagravision's] patents."  (*Id.*)  What Nagravision fails to acknowledge is that indirect infringement, whether contributorily or by inducement, still requires direct infringement of the Asserted Patents through the use of Comcast's accused products and services.  *See, e.g.*, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2115 (2014) ("[A] defendant may [not be held] liable for inducing infringement of a patent . . . when no one has directly infringed the patent . . ."); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) ("To establish contributory infringement, the patent owner must show . . . that there is direct infringement . . . ."); *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353 (Fed. Cir. 2008) ("To prevail on inducement, the patentee must show, first that there has been direct infringement[.]" (internal quotation marks omitted)).  Because Comcast has alleged that each of the accused products and services is missing specific claim limitations of the Asserted Patents (Am. Compl. ¶¶ 62, 66, 70, 74, 78, 82, 86, 90, 94, 98), Comcast has not only sufficiently alleged no direct infringement by Comcast, but also no direct infringement by anyone else that may use those products and services.  Courts have, thus, found plausible allegations of no indirect infringement similar to those alleged by Comcast in the Complaint.  *See, e.g.*, *Rain Gutter Pros*, 55 F. Supp. 3d at 1336 (denying motion to dismiss where plaintiff alleged "that it has not literally infringed, ***contributed to the infringement, or induced anyone to infringe the patents***" because it "has identified one of its products and the claim elements from both asserted patents that it believes are missing" (emphasis added)); *Cold Spring Granite Co.*, 2011 WL 4549417, at *3 (denying motion to dismiss where plaintiff identified accused product and alleged that it "has

not infringed, is not now infringing, ***and has not contributorily infringed or induced infringement*** of any valid claims of the [asserted] patent" (emphasis added)).[6]

### 2. Nagravision's Position Is Inconsistent With The Patent Local Rules

Nagravision's argument that Comcast must allege additional "details about the accused products' functions [and] how they relate to the [Asserted] Patents" (Nagravision Br. at 7) to state plausible declaratory judgment claims of no infringement is also inconsistent with the Patent Local Rules, which do not require such details at the pleading stage.  Patent Local Rule 3-1 states that not until "14 days after the Initial Case Management Conference" does the party claiming patent infringement have to disclose infringement contentions that include "[e]ach claim of each patent in suit that is allegedly infringed," "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality')," "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality," and "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Pat. L.R. 3-1.  Patent Local Rule 3-4(a) adds that "[n]ot later than 45 days after service upon it of the 'Disclosure of Asserted Claims and Infringement Contentions,'" does "the party opposing a claim of patent infringement" have to produce "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality."  Pat. L.R. 3-4(a).

As the party opposing infringement, Comcast is thus not required to provide further details regarding the accused products until approximately two months after the Initial Case

---

[6] Nagravision's reliance on *PageMelding* and *TSMC Tech., Inc. v. Zond, LLC* is inapposite. (Nagravision Br. at 9 (citing *PageMelding*, 2012 WL 3877686, at *3; *TSMC Tech., Inc. v. Zond, LLC*, No. 14-cv-721, 2015 WL 661364, at *7 (D. Del. Feb. 13, 2015)).)  In those cases, the courts found that bare-bones declaratory judgment claims of no direct infringement were sufficient to satisfy the Form 18 pleading standard but similar bare-bones claims of no indirect infringement were insufficient to satisfy the *Twombly/Iqbal* standard.  *See PageMelding*, 2012 WL 3877686, at *2-3; *TSMC Tech.*, 2015 WL 661364, at *6-7.  As explained above, since Comcast's allegations of no direct infringement are sufficient to meet the *Twombly/Iqbal* standard, and direct infringement is required to establish indirect infringement, Comcast's allegations of no indirect infringement must, therefore, also meet the *Twombly/Iqbal* standard.

Management Conference, and Nagravision's contention that those details must be provided in the Complaint is contrary to the Patent Local Rules.  *See, e.g.*, *Avago Techs.*, 2016 WL 1623920, at *4 ("[T]his District generally has not required detailed infringement theories until the time that infringement contentions are served, which is typically several months after a complaint has been filed" (citing Pat. L.R. 3-1; Civ. L.R. 16-2(a))); *Atlas IP LLC*, 2016 WL 1719545, at *5 (complaint that "adequately ple[d] infringement of one claim" did not "deprive[] [defendant] of fair notice" and "the level of detail sought by [defendant] does not appear to be mandatory" because the "disclosures required by the Patent Local Rules will soon provide more detailed notice"); *Pfizer Inc.*, 726 F. Supp. 2d at 938 ("In analogous cases, other district courts have concluded that local patent rules requiring similar disclosures militate against dismissal of [declaratory judgment] counterclaims for failure to meet the pleading requirements of Rule 8(a)."); *Elan Pharma Int'l Ltd.*, 2010 WL 1372316, at *5 (denying motion to dismiss declaratory judgment counterclaims that "suggests a factual disclosure that the Federal Circuit does not require, and a disclosure that, if required here, would make [the Patent Local Rules] superfluous"); *cf. Wistron Corp.*, 2011 WL 1654466, at *11 ("[R]equiring a heightened pleading of invalidity would circumvent this Court's Patent Local Rules which require detailed disclosures as to invalidity contentions soon after the suit is filed.").

### B. In The Alternative, The Court Should Grant Comcast Leave To Amend The Complaint

"Where a court dismisses for failure to state a claim pursuant to FRCP 12(b)(6), it should normally grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Villacis v. Ocwen Loan Servicing, LLC*, No. 14-cv-03279-JD, 2015 WL 2227913, at *1 (N.D. Cal. May 12, 2015) (citing *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (internal quotation marks omitted)).  If the Court agrees with Nagravision that Comcast has not sufficiently pled its declaratory judgment non-infringement

claims in Counts 1-10, then Comcast respectfully requests that the Court grant Comcast leave to amend the Complaint to add additional details to support those claims.  *See, e.g.*, *Wistron Corp.*, 2011 WL 1654466, at *12 (Plaintiffs "may seek to amend the complaint and provide greater specificity in seeking declaratory relief."); *PageMelding*, 2012 WL 3877686, at *4.

## IV.   CONCLUSION

For the foregoing reasons, Comcast respectfully requests that the Court deny Defendants' motion to dismiss Counts 1-10 of the Complaint.

Dated:  February 9, 2017

Respectfully submitted,

By:   */s/ Natalie Hanlon Leh*
Natalie Hanlon Leh (*pro hac vice* pending)
   Natalie.HanlonLeh@wilmerhale.com
Mary (Mindy) V. Sooter (*pro hac vice* pending)
   Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, Colorado  80202
Telephone:     (720) 274-3135
Facsimile:      (720) 274-3133

Kathryn D. Zalewski (SBN 263119)
   Kathryn.Zalewski@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:     (650) 858-6000
Facsimile:      (650) 858-6100

*Attorneys for Plaintiff*
*Comcast Cable Communications, LLC*