IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COMCAST CABLE
COMMUNICATIONS, LLC,

    Plaintiff,

  v.

OPENTV, INC., and NAGRAVISION SA,

    Defendants.

No. C 16-06180 WHA

**ORDER GRANTING MOTION TO DISMISS; GRANTING IN PART MOTION TO STAY, DISMISS, OR TRANSFER; AND DENYING MOTION TO ENJOIN**

## INTRODUCTION

In this patent infringement action, defendants move to dismiss counts one through ten of the amended complaint, and separately to stay, dismiss, or transfer counts 11 through 13 of the amended complaint to the Eastern District of Texas. Plaintiff moves to enjoin proceedings in the Eastern District of Texas. Defendants' motion to dismiss is **GRANTED**; defendants' motion to stay, dismiss, or transfer is **GRANTED IN PART**; and plaintiff's motion to enjoin is **DENIED**.

## STATEMENT

The following facts are taken from the amended complaint unless otherwise specified. Plaintiff Comcast Cable Communications, LLC, is a Delaware company with its principal place of business in Pennsylvania. Comcast provides video, Internet, and voice services under the XFINITY brand to both residential and business customers. OpenTV, Inc., is a Delaware corporation with its principal place of business in San Francisco, California. Nagravision SA is a Swiss company with its principal place of business in Switzerland; within the United States,

its principal place of business is in El Segundo, California. Both OpenTV and Nagravision are subsidiaries of Kudelski SA, a Swiss firm. Together, OpenTV and Nagravision own the 13 patents at issue (Dkt. No. 24 at 1–2).

Kudelski and its subsidiaries have a history of monetizing their patent rights through litigation. Examples include prior patent infringement actions filed against Netflix, Inc., in December 2012; Apple Inc. in April 2014 and May 2015; Verizon Communications, Inc., in October 2015; and Hulu LLC in March 2016. Other examples include actions for declaratory judgment of non-infringement filed *against* Kudelski and its subsidiaries by Yahoo! Inc. in January 2016 and Time Warner Cable, Inc., in May 2016, based on allegations that Kudelski and its subsidiaries had threatened litigation for purported patent infringement (*id.* at 3–4, 7).

On October 1, 2015, Clay Gaetje, Vice President for Licensing at Kudelski, emailed David Marcus, Comcast's Chief Patent Counsel, "to start a dialogue about the licensing of Kudelski's patent portfolio to certain aspects of Comcast's pay television and over-the-top video services." (Comcast describes this technology collectively as relating to its set-top boxes.) Following some correspondence between the two sides, on November 12, 2015, Gaetje sent Marcus a PowerPoint presentation titled, "Introductory Information Requested by Comcast" that described Kudelski's patent portfolio and highlighted "15 representative patents, covering most aspects of Comcast's video delivery and advertising services" (*id.* at 4–5).

The November 2015 presentation dedicated two slides to each "representative" patent. The first slide listed basic information about the patent, including its inventors, priority date, expiration date, "Summary of Technology" (a summary of the patent's function), "Claim Mapping" (a list of Comcast products or services accused of infringing the patent), and "Exemplary Relevance" (a summary of how the patent allegedly worked in the accused Comcast products or services). The second slide recited a specific claim of the patent (ostensibly one allegedly met by the accused Comcast products or services) (Dkt. No. 24-2).[1]

---

[1] The 15 representative patents included 6,148,081 ("the '081 patent"), 7,661,117 ("the '117 patent"), 7,243,139 ("the '139 patent"), 7,669,212 ("the '212 patent"), 7,900,229 ("the '229 patent"), 6,006,256 ("the '256 patent"), 5,907,322 ("the '322 patent"), 7,028,327 ("the '327 patent"), 6,799,328 ("the '328 patent"), 6,345,389 ("the '389 patent"), 6,725,461 ("the '461 patent"), 7,069,579 ("the '579 patent"), 6,985,586 ("the

2

1    The 15 representative patents identified in the November 2015 presentation did not
2 translate perfectly into the array of patents at issue in this action. On January 28, 2016, Judge
3 Edward Davila found that claims of the '081 patent were invalid. *OpenTV, Inc. v. Apple Inc.*,
4 No. 5:15-cv-02008-EJD, 2016 WL 344845 (N.D. Cal. Jan. 28, 2016) (Judge Edward Davila).
5 At a meeting between Marcus and Gaetje on the same day, and in anticipation of Judge Davila's
6 ruling, defendants withdrew the '081 patent from their lineup. At that same meeting,
7 defendants also indicated they did not intend to further discuss patents '117, '212, '256, '579, or
8 '768. While presenting to Comcast representatives at the January 2016 meeting, however,
9 defendants also introduced for the first time patent 6,530,082 ("the '082 patent"), another patent
10 purportedly infringed by Comcast's products or services (Dkt. No. 24 at 6).

11   On October 26, 2016, Comcast filed the instant action. The original complaint sought
12 declaratory judgment of non-infringement as to patents '082, '139, '229, '322, '327, '328, '389,
13 '461, '586, and '595 (Dkt. No. 1). Then, on December 5, 2016, Nagravision sued Comcast in
14 the Eastern District of Texas for allegedly infringing three additional patents from Kudelski's
15 portfolio — 8,356,188 ("the '188 patent"), 7,725,720 ("the '720 patent"), and 7,725,740 ("the
16 '740 patent"). In response, on December 27, 2016, Comcast amended its complaint in the
17 instant action to include claims for declaratory judgment of non-infringement as to patents '188,
18 '720, and '740 as well (Dkt. No. 24 at 1, 7).

19   On January 26, the parties filed the instant motions. Defendants move to dismiss counts
20 one through ten of the amended complaint — corresponding to the ten patents carried over from
21 defendants' November 2015 presentation and challenged in Comcast's original complaint (Dkt.
22 No. 43). Defendants also move to stay, dismiss, or transfer counts 11 through 13 of the
23 amended complaint to the Eastern District of Texas (Dkt. No. 44). Comcast opposes both
24 motions and moves to enjoin proceedings in the Eastern District of Texas (Dkt. No. 45). This
25 order follows full briefing and oral argument.

---

'586 patent"), 6,895,595 ("the '595 patent"), and 6,018,768 ("the '768 patent").

3

# ANALYSIS

**1.   DEFENDANTS' MOTION TO DISMISS COUNTS ONE THROUGH TEN.**

Defendants move to dismiss counts one through ten of the amended complaint for failing to state a claim under Rule 12(b)(6). Both sides acknowledge that, following the abrogation of Form 18 on December 1, 2015, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), set forth the applicable pleading standard under Federal Rule of Civil Procedure 8 (Dkt. Nos. 43 at 1, 53 at 1). Under that standard, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Although a court deciding a motion to dismiss must accept as true all factual allegations in the complaint, it is not bound to accept as true legal conclusions couched as factual allegations. Thus, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ibid.*

Here, counts one through ten in Comcast's amended complaint all follow the same format. Count eight, quoted in full below, is an illustrative example (Dkt. No. 24 at 15–16):

> 89.   Paragraphs 1-88 are incorporated herein by reference.
>
> 90.   Comcast has not infringed and does not infringe any claim of the '327 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale, or selling its Xfinity TV Anywhere or Xfinity.TV.net services accused of infringement in the November 12, 2015, presentation. For example, the accused services do not meet at least the limitation of "determining, using an electronic program guide, an interactive application associated with a broadcast program."
>
> 91.   As set forth above, an actual controversy exists between Comcast and Defendants with respect to infringement of the '327 Patent and this controversy is likely to continue. Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '327 Patent.
>
> 92.   Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

Paragraphs 89, 91, and 92 use boilerplate language repeated for each of counts one through ten and contribute no factual allegations (except by incorporating prior allegations by reference).

4

The crux of our inquiry is therefore paragraph 90 and its counterparts in other counts, each of which follows essentially the same format but plugs in specific information for (1) the patent number, (2) the name of the accused products or services, (3) the date of the presentation that accused said products or services of infringement, and (4) the limitation allegedly not met by the accused products or services.

Comcast also points out that the amended complaint incorporates by reference allegations about the January 2016 presentation, as well as the attached slides from the November 2015 presentation (Dkt. No. 53 at 9). That incorporation, however, adds little to the allegations described above. The amended complaint alleges that defendants asserted some patents and declined to assert others at the January 28 meeting, but says nothing further as to any specific claims or accused products or services (*see* Dkt. No. 24 at 6). For each asserted patent, the November 2015 presentation summarizes what the patent does, identifies accused products or services, and quotes a relevant claim. It does not, however, explain how any accused product or service meets the claim limitations of a corresponding patent (*see* Dkt. No. 24-2). In short, neither presentation incorporated by reference in the amended complaint significantly bolsters the factual allegations set forth in the actual counts of non-infringement.

Defendants claim such allegations are insufficient under *Twombly*/*Iqbal* because they fail to state any facts about *how* the accused products or services actually work. Thus, defendants contend, the amended complaint contains no factual, non-conclusory allegations from which to infer that an accused product or service fails to meet at least one limitation at issue (Dkt. No. 43 at 6–9).

Comcast responds that allegations identifying (1) the asserted patent, (2) the accused products or services, and (3) at least one limitation not met by said products or services are sufficient under *Twombly*/*Iqbal* (Dkt. No. 53 at 8–10). This order disagrees and concludes that, under *Twombly*/*Iqbal*, the complaint must contain factual allegations sufficient to show how or why a claim limitation is not met.

Neither the Supreme Court nor our court of appeals has had occasion to apply *Twombly*/*Iqbal* to a non-infringement claim in a patent case following the abrogation of Form

5

18. As the undersigned has observed in another case prior to the abrogation of Form 18, however, inasmuch as a pleading seeking declaratory judgment of non-infringement is the "mirror image" of a pleading asserting claims of infringement, both are subject to the same pleading standard. *PageMelding, Inc. v. ESPN, Inc.*, No. C 11–06263 WHA, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012). With that in mind, a recent Federal Circuit decision applying the *Twombly*/*Iqbal* standard to a complaint for joint patent infringement is instructive.

In *Lyda v. CBS Corp.*, the plaintiff asserted four claims disclosing methods for receiving and processing audience responses to televised programs. 838 F.3d 1331, 1334–35 (Fed. Cir. 2016). The operative complaint asserted "eight nearly identical counts of infringement," each of which alleged "the participation of people under the control or direction of an independent contractor engaged by the Defendant." For example, the operative complaint alleged that the defendant's independent contractors directed "unnamed third parties" to test audience voting operations by using cell phones to send text messages. *Id.* at 1336. The district court dismissed the complaint under Rule 12(b)(6), concluding that the plaintiff failed to "establish which of Defendants' alleged practices constitutes infringement" or "demonstrate any connection between the alleged infringing activities and his patent claims." *Id.* at 1337.

The Federal Circuit agreed. It construed the operative complaint as setting forth a theory of joint infringement, which required that "performance of every [claim] step [be] attributable to Defendants." The operative complaint did not, however, "contain factual allegations relating to *how* the independent contractors directed or controlled the unnamed third parties," nor did it "allege any relationship between the Defendants and the unnamed third parties . . . in a way that the actions of these unnamed third parties should be attributed to Defendants." It thus contained "no allegations . . . that [could] form the basis of a reasonable inference that each claim step was performed by or should be attributed to Defendants." *Id.* at 1340 (emphasis added). In short, the operative complaint in *Lyda* did not satisfy *Twombly*/*Iqbal* because it stated in conclusory terms that the defendant's conduct constituted joint infringement

6

but failed to set forth sufficient factual allegations showing *how* the defendant's conduct constituted joint infringement.[2]

Here, similarly, the amended complaint must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing *how* each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent (or showing how or why the asserted patent is invalid). To return to the example of count eight, it is impossible to infer from the amended complaint even a general idea of what the Xfinity TV Anywhere or Xfinity.TV.net services are, much less how they fail to meet the limitation of "determining, using an electronic program guide, an interactive application associated with a broadcast program" (*see* Dkt. No. 24 at 15–16). Again, count eight is representative of counts one through ten, all of which similarly lack adequate factual allegations to support inferences of non-infringement.[3]

The amended complaint itself shows that Comcast *can* adequately plead a non-infringement claim under *Twombly*/*Iqbal*, because counts 11 through 13 do adequately plead non-infringement claims. For example, count 12 alleges (Dkt. No. 24 at 18 (emphasis added)):

> *[B]ecause in Comcast Set-Top Boxes the accused root key is not used to decrypt an Entitlement Management Message key*, Comcast Set-Top Boxes do not meet at least the limitation "[m]ethod for generating a root key . . . wherein the root key is used to allow decryption of transmission key, the transmission key allowing secure communication between the secure module and a management center."

Counts 11 and 13 similarly contain factual allegations that, accepted as true, support the inference that each of Comcast's accused products or services therein do not meet at least one claim limitation in the corresponding asserted patent. The amended complaint itself thus

---

[2] The Federal Circuit recognized that the abrogation of Form 18 did not actually affect *Lyda* because that case took place prior to December 1, 2015. Nonetheless, because the Federal Circuit construed the operative complaint as setting forth a theory of joint, as opposed to direct, infringement, *Twombly*/*Iqbal* applied to the plaintiff's claims for relief. *Lyda*, 838 F.3d at 1337–39 & n.2.

[3] On the other hand, when defendants inevitably assert their own counterclaim for infringement, *Twombly*/*Iqbal* will also require them to plead *factual* allegations sufficient to show how or why Comcast's accused products and services meet each and every claim limitation therein.

7

effectively highlights by contrast Comcast's inadequate pleading of counts one through ten. The simple fact is that Comcast knows how its own products and services work and can easily show in its pleadings how, specifically, a single claim limitation is absent from each accused product or service. It must comply fully with the requirements of *Twombly*/*Iqbal* as to all counts, including counts one through ten.

In their briefing, both sides cite in support of their respective positions numerous district court decisions applying *Twombly*/*Iqbal* — with apparently disparate results — in patent cases. While it would be redundant and unnecessary to discuss each one, this order briefly addresses two decisions relied upon by Comcast during oral argument, neither of which alters the outcome of this order.

In *Rain Gutter Pros, LLC v. MGP Mfg., LLC*, Judge Ricardo Martinez denied the defendant's motion for judgment on the pleadings under Rule 12(c) as to two claims for declaratory judgment of non-infringement, stating, "[the plaintiff] has identified one of its products and the claim elements from both asserted patents that it believes are missing. The Court finds this adequate to allege plausible non-infringement claims." 55 F. Supp. 3d 1330, 1336 (W.D. Wash. 2014) (citations omitted). Perhaps such allegations were adequate in *Rain Gutter*, where the operative complaint actually described the accused product — one far simpler than Comcast's accused products and services here — and incorporated a detailed explanation of how it worked before identifying specific missing claim limitations like "vertical leg" and "first leg" that required little additional explanation. But insofar as *Rain Gutter* stands for the broad proposition that mere identification of an accused product or service and recitation of an asserted claim limitation — coupled with a conclusory assertion that the former does not meet the latter — satisfies *Twombly*/*Iqbal*, this order respectfully disagrees. *Rain Gutter* actually dismissed four other claims for declaratory judgment of invalidity and patent misuse because the plaintiff failed to allege actual *facts* to support those legal positions. *Ibid. Twombly*/*Iqbal* does not require less of claims for declaratory judgment of non-infringement. As stated, this order concludes such claims must plead sufficient *facts* from which the reader could at least plausibly infer why or how a claim limitation is not met.

8

In *Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Comput., Inc.*, Judge Edward Chen denied the defendant's motion to dismiss a claim for patent infringement, stating, "nothing about *Twombly* and *Iqbal* suggests that a patent infringement complaint that largely tracks the language of the claims to allege infringement is insufficient per se. Here, the allegations are not as conclusory as that formerly permitted under Form 18 and has sufficient specificity to provide at least some notice to ASUS. Moreover, this District generally has not required detailed infringement theories until the time that infringement contentions are served, which is typically several months after a complaint has been filed." Nos. 15-cv-04525-EMC, 16-cv-00451-EMC, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016) (Judge Edward Chen). *First*, while *Avago* rejected the notion that "a patent infringement complaint that *largely* tracks the language of the claims to allege infringement is *insufficient per se*" (emphasis added), it did not endorse the very different proposition — suggested by Comcast here — that a patent infringement (or non-infringement) complaint that *only* tracks the language of the asserted claims is *sufficient per se*. *Second*, and as Judge Chen noted, the operative complaint in *Avago* contained more than conclusory allegations that merely tracked the language of the asserted claims. Comcast's amended complaint here, by contrast, does not. *Third*, insofar as *Avago*'s reference to our Patent Local Rules is echoed in Comcast's argument based on said rules, that point is addressed below.

Comcast also contends the amended complaint is sufficient under *Twombly*/*Iqbal* because, given that defendants "initiated the dispute underlying the Complaint and identified both the patent claims and Comcast's products and services described in the Complaint," they "cannot reasonably argue" that the amended complaint does not provide fair notice (Dkt. No. 53 at 10). This order disagrees. True, *Twombly* describes Rule 8(a)(2) as requiring "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555 (quotations omitted). By discussing the purpose of the rule, however, *Twombly* did not obviate the requirement set forth in the plain text of the rule itself — that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

9

Nor did *Twombly* carve out an exception to Rule 8 for situations where the defendant has "fair notice" of the claims at issue from a source other than the pleading.

Comcast further contends that requiring factual allegations about how the accused products and services work, and how they relate to the asserted patents, would be inconsistent with Patent Local Rules 3-1 and 3-4, which — according to Comcast — "do not require such details at the pleading stage" (Dkt. No. 53 at 13). Comcast's reliance on these rules is misplaced. *First*, PLR 3-1 and 3-4 do not speak to pleading requirements, and in any case cannot supersede the Federal Rules of Civil Procedure. *Second*, neither defendants' motion nor this order suggests that Comcast needs to disclose infringement contentions (and supporting documentation) as required by PLR 3-1, or invalidity contentions (and supporting documentation) as required by PLR 3-4, at the pleading stage where Comcast needs to plead only *one* plausible basis for declaratory judgment of non-infringement. Contrary to Comcast's suggestion, there is no reason why requiring compliance with Rule 8 and *Twombly/Iqbal* would necessitate such a result. Indeed, Comcast's own adequate pleading of counts 11 through 13 — without necessitating any disclosures pursuant to our Patent Local Rules — belies its argument.

In short, counts one through ten of the amended complaint fail to allege facts sufficient to support inferences of non-infringement under *Twombly/Iqbal*. Defendants' motion to dismiss said counts under Rule 12(b)(6) is therefore **GRANTED**, subject to the last paragraph of this order. To be clear, to plead a claim for declaratory judgment of non-infringement, Comcast needs only to allege facts sufficient to support *one* plausible basis therefor. By pleading only one, it will not waive any *additional* arguments based on, e.g., invalidity or additional claim limitations not met by the accused products or services.

**2. DEFENDANTS' MOTION TO STAY, DISMISS, OR TRANSFER COUNTS 11 THROUGH 13.**

After Comcast filed its complaint here as to counts one through ten, defendants sued Comcast in the Eastern District of Texas, asserting the '188, '720, and '740 patents. Comcast then amended its complaint here to add in counts 11 through 13 implicating those patents.

Defendants move to stay, dismiss, or transfer counts 11 through 13 of the amended complaint to the Eastern District of Texas. Resolution of this dispute "presents a question

sufficiently tied to patent law" that it is governed by the law of the Federal Circuit. *See Illumina, Inc. v. Qiagen NV*, No. C 16-02788 WHA, 2016 WL 3902541, at *2 (N.D. Cal. July 19, 2016) (citing *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013)). "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei*, 737 F.3d at 708. Application of this principle is "generally a matter for a district court's discretion, exercised within governing legal constraints." *Ibid.*

Here, there is no dispute that counts 11 through 13 in this action — added on in the amended complaint — mirror the earlier claims in the Texas action, and the parties in the two actions are substantially similar. The crux of the parties' disagreement is whether counts 11 through 13 involve substantially the same issues as counts one through ten, which Comcast had asserted in its original complaint here before defendants filed the Texas action. Counts one through ten, defendants say, involve "different areas of technology" from counts 11 through 13. Specifically, according to defendants, counts one through ten implicate "user experience" while counts 11 through 13 implicate "security," i.e., user access to copyrighted digital content (Dkt. No. 44 at 8–13). Thus, defendants contend, different core subjects are involved.

Comcast does not directly dispute defendants' allegations regarding differences between the "user experience" technology underlying counts one through ten, and the "security" technology underlying counts 11 through 13 (*see, e.g.*, Dkt. No. 55 at 7–8). Instead, Comcast responds that all counts in the amended complaint concern its set-top boxes. Specifically, Comcast points out that, on January 26, defendants filed a complaint with the United States International Trade Commission alleging that Comcast's set-top boxes infringe two patents implicated in Comcast's *original* complaint and one patent added in Comcast's *amended* complaint. That defendants accuse one Comcast product of infringing both groups of patents, Comcast contends, shows that all 13 counts in this action involve substantially the same issues, such that it should be deemed the first-filed action as to all 13.

Comcast relies too much on the ITC proceedings to show substantial similarity between the 13 counts. The set-top boxes in question are complex bundles of technology, as the numerous patents at issue in this matter indicate, and the fact that the same Comcast product is accused of infringing multiple patents is informative but not dispositive. Otherwise, different groups of patents — no matter how numerous or distinct their underlying technologies — would never be litigated in different forums as long as they manifest in the same complex end product. Comcast's approach would require one judge to serve as a national patent examiner for all patents asserted against a single end product. Such a result would be untenable. This case, for example, is complicated enough without absorbing additional patents on the mere basis that said patents are part of the same sophisticated end product.

During oral argument, Comcast also pointed to overlap between the '586 patent implicated in count five and the '720 patent implicated in count 11 to show that the patents in the Texas action substantially overlap with the patents in our case. At best, however, Comcast showed that out of *ten* patents originally at issue in our case, only *one* even arguably references "security" in a manner that overlaps with some language from a patent in the Texas action. This "overlap" is simply too tangential and attenuated to sweep into the ambit of Comcast's original complaint the entire universe of what defendants describe as "security" patents. The similarities Comcast pointed out between phrases in the '586 and '720 patents are therefore inadequate to support Comcast's position.

If the Eastern District of Texas transfers its overlapping claims here, then we will manage somehow to roll those additional claims into the mix in our case. Meanwhile, all proceedings herein as to counts 11 through 13 — based on the '188, '720, and '740 patents — are **STAYED** pending proceedings in the Texas action. Defendants' motion to stay, dismiss, or transfer is therefore **GRANTED IN PART**.

**3.    COMCAST'S MOTION TO ENJOIN PROCEEDINGS IN THE EASTERN DISTRICT OF TEXAS.**

Comcast urges this Court to exercise its discretion to enjoin the Texas action. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185–86 (1952) (if a party charged with patent infringement sues first for declaratory relief, "subsequent suits against him

by the patentee can within the trial court's discretion be enjoined pending the determination of the declaratory judgment suit"). As stated, the Court declines to exercise its discretion to combine the Texas action with this one, and instead leaves it up to the Eastern District of Texas to decide whether defendants' claims should be transferred to this district. Moreover, it seems presumptuous for Comcast to think it deserves an injunction requiring all issues to be resolved here (rather than some in Texas) when it itself has failed to properly state claims for relief. If Comcast wished to anchor the entire controversy in this district, then it should have, as an initial matter, properly pled its own complaint here. It has yet to do so. Accordingly, Comcast's motion to enjoin the Texas action is **DENIED**.

## CONCLUSION

Subject to the foregoing, defendants' motion to dismiss counts one through ten is **GRANTED**; defendants' motion to stay, dismiss, or transfer counts 11 through 13 is **GRANTED IN PART**; and plaintiff's motion to enjoin is **DENIED**.

Plaintiff may file a second amended complaint by **MARCH 27 AT NOON**. Defendants must file their answer and counterclaim by **APRIL 10 AT NOON**.

**IT IS SO ORDERED.**

Dated: March 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE