Natalie Hanlon Leh (*pro hac vice*)
Mary (Mindy) V. Sooter (*pro hac vice*)
Anne Lee (*pro hac vice*)
Esther Lim (SBN 295793)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, Colorado 80202
Telephone:    (720) 274-3135
Facsimile:    (720) 274-3133

Kathryn D. Zalewski (SBN 263119)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone:    (650) 858-6000
Facsimile:    (650) 858-6100

Jason H. Liss (*pro hac vice*)
Sameer Ahmed (*pro hac vice*)
Claire M. Specht (*pro hac vice*)
Aaron Macris (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:    (617) 526-6000
Facsimile:    (617) 526-5000

*Attorneys for Plaintiff*
*Comcast Cable Communications, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, | Case No. 3:16-cv-6180-WHA |
| Plaintiff, | **COMCAST'S MOTION TO STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS** |
| v. | |
| OPENTV, INC., and NAGRAVISION SA, | Date:        May 25, 2017 |
| Defendants. | Time:        8:00 a.m. |
| | Before:      Hon. William Alsup |
| | Courtroom:   8 |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 25, 2017, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable William H. Alsup, Plaintiff Comcast Cable Communications, LLC will, and hereby does, bring this Motion to Strike Defendants OpenTV, Inc.'s and Nagravision, SA's Infringement Contentions.

By and through this motion, Plaintiff Comcast Cable Communications, LLC seeks to strike Defendants OpenTV, Inc.'s and Nagravision, SA's infringement contentions for U.S. Patent No. 6,895,595, U.S. Patent No. 6,725,461, U.S. Patent No. 6,985,586, U.S. Patent No. 7,243,139, and U.S. Patent No. 6,530,082 for failure to comply with Patent Local Rule 3-1.  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Jason H. Liss ("Liss Decl.") and exhibits thereto, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

Dated:  April 20, 2017                    Respectfully submitted,

                                          **WILMER CUTLER PICKERING**
                                          **HALE AND DORR LLP**

                                  By:   _/s/ Natalie Hanlon Leh_
                                          Natalie Hanlon Leh (*pro hac vice*)
                                            Natalie.HanlonLeh@wilmerhale.com
                                          Mary (Mindy) V. Sooter (*pro hac vice*)
                                            Mindy.Sooter@wilmerhale.com
                                          Anne Lee (*pro hac vice*)
                                            Anne.Lee@wilmerhale.com
                                          Esther Lim (SBN 295793)
                                            Esther.Lim@wilmerhale.com
                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                          1225 Seventeenth Street, Suite 2600
                                          Denver, Colorado 80202
                                          Telephone:     (720) 274-3135
                                          Facsimile:     (720) 274-3133

                                          Kathryn D. Zalewski (SBN 263119)
                                            Kathryn.Zalewski@wilmerhale.com
                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                          950 Page Mill Road
                                          Palo Alto, California 94304
                                          Telephone:     (650) 858-6000
                                          Facsimile:     (650) 858-6100

                                          Jason H. Liss (*pro hac vice*)
                                            Jason.Liss@wilmerhale.com
                                          Sameer Ahmed (*pro hac vice*)
                                            Sameer.Ahmed@wilmerhale.com
                                          Claire M. Specht (*pro hac vice*)
                                            Claire.Specht@wilmerhale.com
                                          Aaron Macris (*pro hac vice*)
                                            Aaron.Macris@wilmerhale.com
                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                          60 State Street
                                          Boston, Massachusetts 02109
                                          Telephone:     (617) 526-6000
                                          Facsimile:     (617) 526-5000

                                          *Attorneys for Plaintiff*
                                          *Comcast Cable Communications, LLC*

---

Case No. 3:16-cv-6180-WHA            - ii -        COMCAST'S MOTION TO STRIKE DEFENDANTS'
                                                   INFRINGEMENT CONTENTIONS

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................1

II.   BACKGROUND ........................................................................................................2

III.   ARGUMENT ...............................................................................................................4

    A.   Legal Standard ...............................................................................................4

    B.   Defendants' Infringement Contentions Are Egregiously out of
        Compliance with Patent Local Rule 3-1 and Run Counter to the
        Court's Prior Iterations of Defendants' Obligations .....................................5

        1.   Defendants' Infringement Contentions Improperly Rely
                upon "Information and Belief" Allegations .....................................5

        2.   Defendants' Infringement Contentions Fail to Provide
                Claim Charts for Each Accused Product ......................................11

        3.   Defendants' Generic and Conclusory Indirect Infringement
                Contentions Are Insufficient .......................................................14

        4.   Defendants' Contentions Seeking to Preserve a Doctrine of
                Equivalents Argument Are Improper ...........................................17

        5.   Defendants Fail to Specifically Identify Defendants'
                Instrumentalities Allegedly Incorporating or Reflecting the
                Asserted Claims of the '139 Patent ..............................................18

    C.   Striking Defendants' Infringement Contentions Is Justified Given
        Their Extensive Deficiencies and the Court's Prior Admonitions ........................19

IV.   CONCLUSION ...........................................................................................................21

# TABLE OF AUTHORITIES

**Federal Cases**

*Adobe Systems Inc. v. Wowza Media Sys.*,
No. 11-cv-2243, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014) ........................................ 19

*Antonious v. Spalding & Evenflo Cos., Inc.*,
275 F.3d 1066 (Fed. Cir. 2002)........................................................................................ 4

*Cap Co., Ltd. v. McAfee, Inc.*,
No. 14-cv-5068, 2015 WL 4734951 (N.D. Cal. Aug. 10, 2015) ..................... 4, 13, 15, 16, 18

*Creagri, Inc. v. Pinnaclife Inc., LLC*,
No. 11-cv-6335, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) ................................... 15, 16

*Finjan, Inc. v. Proofpoint, Inc.*,
No. 13-cv-5808, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015).................................... 17, 18

*Finjan, Inc. v. Sophos, Inc.*,
No. 14-cv-1197, 2015 WL 5012679 (N.D. Cal. Aug. 24, 2015) ...................................... 18

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
No. 12-cv-4967-WHA, 2013 WL 1878912 (N.D. Cal. May 3, 2013).......................... 15, 16

*GeoVector Corp. v. Samsung Elecs. Co. Ltd.*,
No. 16-cv-2463, 2017 WL 76950 (N.D. Cal. Jan. 9, 2017)....................................... *passim*

*GN Resound A/S v. Callpod, Inc.*,
No. 11-cv-4673, 2013 WL 1190651 (N.D. Cal. Mar. 21, 2013) ....................................... 19

*Infineon Techs. v. Volterra Semiconductor*,
No. 11-cv-6239, 2013 WL 322570 (N.D. Cal. Jan. 28, 2013)................................... *passim*

*InteraXon Inc. v. NeuroTek, LLC*,
No. 15-cv-5290, 2016 WL 5118267 (N.D. Cal. Sept. 21, 2016)................................... 4, 18

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)........................................................................................ 4

*Perfect Sugical Techniques, Inc. v. Olympus Am., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)...................................................................................... 19

*Solannex, Inc. v. MiaSole, Inc.*,
No. 12-cv-5967, 2013 WL 11319414 (N.D. Cal. Oct. 28, 2013) ...................................... 10

*Technology Props. Ltd. LLC v. Samsung Elecs. Co., Ltd.*,
114 F. Supp. 3d 842 (N.D. Cal. 2015) ........................................................................ 10, 13

*Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*,
No. 11-cv-4100-WHA, 2012 WL 1253178 (N.D. Cal. Apr. 13, 2012).................................. 4

*Theranos, Inc. v. Fuisz Pharma LLC*,
   No. 11-cv-5236, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) .................................... *passim*

*View En'g, Inc. v. Robotic Vision Sys., Inc.*,
   208 F.3d 981 (Fed. Cir. 2000)...................................................................................................4

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
   520 U.S. 17 (1997).................................................................................................................17

**Federal Statutes**

35 U.S.C. § 271..........................................................................................................................14

**Rules**

Patent Local Rule 3-1................................................................................................. *passim*

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Defendants OpenTV, Inc. and Nagravision, SA failed to comply with Patent Local Rule 3-1 because their infringement contentions, among other defects, fail to chart all Accused Instrumentalities and impermissibly yet pervasively rely on "information and belief."

2.      Whether the Court should strike Defendants' infringement contentions with prejudice considering their extensive violations of Patent Local Rule 3-1 despite their prior assurances to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

During the March 8, 2017 hearing, this Court was clear that Defendants OpenTV, Inc. and Nagravision, SA (collectively, "Defendants") would be required to support their infringement allegations with concrete evidence rather than relying on mere speculation.  (Dkt. 79 at 29:16-17 ("You should have reverse engineered this product up and down instead of just speculating.").)  But despite having asserted—for the past year-and-a-half—that Plaintiff Comcast Cable Communications, LLC ("Comcast") infringes the patents-in-suit, Defendants' infringement contentions show that Defendants are "just speculating" that Comcast infringes, apparently assuming—if not merely hoping—that discovery will supply the evidence of infringement absent from their contentions.  Indeed, those infringement contentions rely on "information and belief" allegations **140 times** in the claim charts for the twenty-one claims of the five remaining patents that Defendants assert against Comcast in this case (U.S. Patent No. 6,895,595 (the "'595 Patent"), U.S. Patent No. 6,725,461 (the "'461 Patent"), U.S. Patent No. 6,985,586 (the "'586 Patent"), U.S. Patent No. 7,243,139 (the "'139 Patent"),[1] and U.S. Patent No. 6,530,082 (the "'082 Patent") (collectively, "the Asserted Patents")).[2]  In fact, Defendants

---

[1]    Comcast has filed a motion to dismiss Defendants' counterclaim of infringement of the '139 Patent with prejudice because Defendants' infringement allegations rely exclusively on information post-dating the expiration of the '139 Patent.  (Dkt. 96.)  In addition to opposing Comcast's motion to dismiss (Dkt. 99), Defendants have cross-moved for leave to amend their claim chart for the '139 Patent in the event that the Court grants Comcast's motion without prejudice.  (Dkt. 100.)  In conjunction with that cross-motion, Defendants submitted a proposed amended claim chart for the '139 Patent that includes citations to supposed pre-expiration evidence.  (Dkt. 100-02.)

On April 19, 2017, Defendants also moved for leave to amend their infringement contentions to assert Claim 4 of the '586 Patent rather than currently asserted Claim 1 in light of Comcast's allegations of non-infringement.  (Dkt. 101.)  In conjunction with that motion, Defendants submitted a proposed amended cover pleading (Dkt. 101-02) and a proposed amended '586 Patent claim chart (Dkt. 101-03).

[2]    Defendants have provided Comcast with proposed covenants not to sue on previously asserted U.S. Patent Nos. 7,900,229 (the "'229 Patent"), 5,907,322 (the "'322 Patent"), and 6,799,328 (the "'328 Patent"), and did not assert infringement of those patents in their operative Counterclaims (Dkt. 90 at 9 ¶ 57; *id.* at 11-12 ¶ 70; *id.* at 14 ¶ 82; *id.* at 24-32), and the Court has stayed the proceedings related to U.S. Patent Nos. 6,345,389 (the "'389 Patent") and 7,028,327

rely on "information and belief" allegations for ***nearly every claim limitation*** of the '461 Patent and of the '139 Patent—including in their proposed amended infringement contentions for the '139 Patent.  And for the remaining patents, Defendants rely on "information and belief" allegations to establish at least one limitation of each asserted claim.  This is improper under Patent Local Rule 3-1 and contravenes this Court's previous directives.

In addition to their improper reliance on "information and belief" allegations, Defendants' infringement contentions are riddled with other violations of Patent Local Rule 3-1. These violations include, among others: (1) providing claim charts for just one or two accused products while purporting to accuse many others; (2) failing to adequately set forth their indirect infringement allegations, and instead setting forth their "theories" in conclusory terms that merely track statutory language; and (3) improperly relying on doctrine of equivalents placeholders.

These deficiencies—coupled with Defendants' ongoing and repeated attempts to amend their contentions—lead to the inevitable conclusion that Defendants failed to adequately investigate their infringement allegations before bringing them before this Court.  Given Defendants' extensive non-compliance with Patent Local Rule 3-1, their disregard of this Court's prior dictates, and their failure to demonstrate adequate pre-suit investigation, Comcast respectfully requests that the Court strike Defendants' infringement contentions for the '595 Patent, the '461 Patent, the '586 Patent, the '139 Patent, and the '082 Patent with prejudice.

## II.     BACKGROUND

Defendants have asserted since at least November 2015 and January 2016 that Comcast infringes the Asserted Patents, and Comcast has steadfastly denied Defendants' allegations. (Dkt. 84 at 6 ¶¶ 26-27; Dkt. 84-01 at 1, 6-7, 10-11, 14-15, 32-33.)  As a result, Comcast filed this suit for declaratory judgment of non-infringement for 10 patents in October of 2016.  (Dkt. 1.) Defendants thereafter filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

(the "'327 Patent") (Dkt. 93).  Comcast does not concede that Defendants' infringement contentions for those patents comply with Patent Local Rule 3-1.

arguing that Comcast did not allege sufficient facts to state a claim for non-infringement under *Iqbal* and *Twombly*.  (Dkt. 43.)

On March 8, 2017, the Court held a hearing on Defendants' motion to dismiss.  During that hearing, the Court emphasized that Defendants should make sure to provide detailed infringement allegations, mapping each limitation of each asserted claim onto Comcast's accused products.  (*See, e.g.*, Dkt. 79 at 6:11-17 (emphasizing that "for every single limitation," Defendants needed "to trace it into the product").)  In response, Defendants assured the Court that they would "[a]bsolutely" do so.  (*Id.* at 6:18.)[3]

Less than 10 days after the hearing, on March 17, 2017, Defendants served their infringement contentions.  This motion addresses five issues with those contentions:

1.  Relying extensively on "information and belief" to support their infringement contentions in violation of Patent Local Rule 3-1(c);

2.  Charting one product (or at most two) despite purporting to accuse multiple products in violation of Patent Local Rule 3-1(c);

3.  Asserting their indirect infringement contention "theories" in generic terms and by merely tracking the pertinent statutory language in violation of Patent Local Rule 3-1(d);

4.  Using boilerplate placeholder language to assert infringement under the doctrine of equivalents in violation of Patent Local Rule 3-1(e); and

5.  Not specifically identifying Defendants' instrumentalities and products purportedly embodying the '139 Patent in violation of Patent Local Rule 3-1(g).

---

[3]  Defendants' counterclaims for infringement rely entirely on their infringement contentions for the bases for their claims of infringement.  (*See* Dkt. 90 at 24-25, ¶ 29 (incorporating by reference infringement contentions for '595 Patent); *id.* at 25-26, ¶ 36 (same for '461 Patent); *id.* at 26-27, ¶ 42 (same for '586 Patent); *id.* at 28, ¶ 49 (same for '139 Patent); *id.* at 29, ¶ 56 (same for '082 Patent); Dkt. 90-01 (claim chart for '595 Patent); Dkt. 90-02 (same for '461 Patent); Dkt. 90-03 (same for '586 Patent); Dkt. 90-06 (same for '139 Patent); Dkt. 90-07 (same for '082 Patent).)

1  **III.    ARGUMENT**

2      **A.    Legal Standard**

3      "Patent Local Rule 3-1 'governs the disclosure of asserted claims and infringement

4  contentions ('ICs').'"  *InteraXon Inc. v. NeuroTek, LLC*, No. 15-cv-5290, 2016 WL 5118267, at

5  *1 (N.D. Cal. Sept. 21, 2016).  "Under Patent Local Rule 3-1, the party claiming infringement

6  must serve contentions that list (a) each allegedly infringed claim; (b) each accused device,

7  method, or instrumentality; (c) a chart 'identifying specifically where each limitation of each

8  asserted claim is found within each Accused Instrumentality'; (d) the bases for any claims of

9  indirect or joint infringement; (e) whether each claim is alleged to be infringed literally or under

10 the doctrine of equivalents; (f) the priority date to which each claim is entitled; (g) any of the

11 patentee's own products that allegedly embody the asserted claims; and (h) the basis for any

12 willful infringement claims."  *Cap Co., Ltd. v. McAfee, Inc.*, No. 14-cv-5068, 2015 WL 4734951,

13 at *1 (N.D. Cal. Aug. 10, 2015); *see also* Patent L.R. 3-1.  In addition, the party claiming

14 infringement must "[i]dentify the timing of the point of first infringement, the start of claimed

15 damages, and the end of claimed damages."  Patent L.R. 3-1(h).

16     The Patent Local Rules are intended to prevent the "shifting sands" approach to litigation.

17 *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006); *see

18 also GeoVector Corp. v. Samsung Elecs. Co. Ltd.*, No. 16-cv-2463, 2017 WL 76950, at *3 (N.D.

19 Cal. Jan. 9, 2017) ("Patent Local Rule 3-1 is intended to require the plaintiff 'to crystallize its

20 theories of the case early in the litigation and to adhere to those theories once disclosed.'").  The

21 degree of specificity under Patent Local Rule 3-1 must be sufficient to provide reasonable notice

22 to the accused infringer why the patent owner believes it has a "reasonable chance of proving

23 infringement."  *See View En'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir.

24 2000); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-cv-5236, 2012 WL 6000798, at *3 (N.D.

25 Cal. Nov. 30, 2012).  The contentions must be sufficient to raise a "reasonable inference that all

26 accused products infringe."  *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1075

27 (Fed. Cir. 2002).  Therefore, "[b]road inferences cannot stand in place of factual information."

28 *Tessenderlo Kerley, Inc. v. OR-Cal, Inc.*, No. 11-cv-4100-WHA, 2012 WL 1253178, at *2 (N.D.

Cal. Apr. 13, 2012).  Importantly, Patent Local Rule 3-1 requires the patent owner to map "specific elements" of the accused products onto the patent owner's claims as construed.  *See Theranos*, 2012 WL 6000798, at *3.  "In patent litigation, vague and conclusory contentions are inadequate."  *Id.* at *4.

Defendants' vague and conclusory infringement contentions fail to meet this standard and should be stricken.  Further, Defendants should not be provided the opportunity to amend because such opportunity would be futile, as demonstrated by Defendants' recent attempts to amend their infringement contentions with respect to the '139 and '586 Patents, which as further described below, remain irreparably deficient.

**B.     Defendants' Infringement Contentions Are Egregiously out of Compliance with Patent Local Rule 3-1 and Run Counter to the Court's Prior Iterations of Defendants' Obligations**

**1.     Defendants' Infringement Contentions Improperly Rely upon "Information and Belief" Allegations**

Patent Local Rule 3-1(c) requires that the party asserting infringement provide "a chart specifically identifying ***where and how*** each limitation of each asserted claim is found within each Accused Instrumentality."  Patent L.R. 3-1(c) (emphasis added).  Despite this requirement, Defendants rely extensively on speculative allegations based solely on "information and belief" throughout their infringement contentions.  In fact, in just the claim charts for the '595 Patent, the '461 Patent, the '586 Patent, the '139 Patent, and the '082 Patent, Defendants rely on "information and belief" allegations ***140 times***, and when their cover pleading is included, that number rises to ***165 times***.  (*See generally* Liss Decl., Ex. 1; Dkt. 90-01; Dkt. 90-02; Dkt. 90-03; Dkt. 90-06; Dkt. 90-07.)[4]  Defendants' speculative accusations are surprising, given that Defendants have been alleging for a year and a half that Comcast infringes these patents.  (Dkt. 84 at 6 ¶¶ 26-27; Dkt. 84-01 at 1, 6-7, 10-11, 14-15, 32-33.)  Even more troubling, Defendants

---

[4]    All citations herein to "Liss Decl., Ex. __" refer to the exhibits to the Declaration of Jason H. Liss in Support of Comcast's Motion to Strike Defendants' Infringement Contentions filed concurrently herewith.  Additionally, Defendants' infringement contention claim charts (and proposed amended claim charts) are cited using their original, as filed, docket numbers; for the Court's convenience, they are also attached as Exhibits 3-9 to the Liss Declaration filed concurrently herewith.

1    were required to disclose "all facts known to [them], *including those discovered in [their]*

2    *pre-filing inquiry*," in support of their infringement allegations.  *Theranos*, 2012 WL 6000798,

3    at *2 (emphasis added).  Thus, the lack of facts disclosed in Defendants' infringement

4    contentions can only be interpreted to reflect a lack of thorough pre-suit investigation on

5    Defendants' part.

6         More specifically, Defendants' infringement contentions for the '461 Patent rely on *41*

7    assertions of "information and belief"—in fact, Defendants rely on "information and belief" for

8    nearly every limitation of every asserted claim of the '461 Patent.  (*See generally* Dkt. 90-02.)[5]

9    Moreover, Defendants use "information and belief" to *substitute* for concrete indicators of

10   potential infringement of the sort that would arise from "reverse engineering or its equivalent,"

11   *Infineon Techs. v. Volterra Semiconductor*, No. 11-cv-6239, 2013 WL 322570, at *4 (N.D. Cal.

12   Jan. 28, 2013), and thus evidence an adequate pre-suit investigation.  Claim 7 of the '461 Patent,

13   for instance, requires "storing in the local memory of the broadcast receiver reminder data for the

14   future broadcast," but the included screenshots show nothing about *where* reminder data is

15   stored; Defendants' charting of that limitation thus relies *only* on information and belief to allege

16   that such reminder data is stored *in the local memory of the broadcast receiver* (as opposed to

17   elsewhere):

18        For example, *upon information and belief*, when the user selects "Confirm" on
          the first image below, the XG1V3 set-top box stores in the local memory
19        reminder data for the future broadcast of "Bizarre Foods: Delicious Destinations,"
          including data for determining future time to display the reminder ("5 minutes
20        early") and a description of the future broadcast ("Bizarre Foods: Delicious
          Destinations").
21

22        As additional examples, the first image below shows that the XG1V3 set-top box
          stores in the local memory data for determining future time to display the
23        reminder and a description of the future broadcast. The second image below
          further shows that the XG1V3 set-top box stores in the local memory a
24        description of the future broadcast.

25   _____

26   [5]   The claim chart for the '461 Patent does not rely on "information and belief" for only *one of
     the claim limitations*—specifically, for Claim 10.  (*See* Dkt. 90-02 at 25-26, 61-63.)  But,
27   although the claim chart does not specifically state that Defendants are relying on "information
     and belief," Claim 10 of the '461 Patent depends from Claim 9 (which, in turn, depends on
28   Claim 7) for which Defendants rely on "information and belief" to assert that the limitations
     were met.  (*See* Dkt. 90-02 at 25, 61; Dkt. 90-09 at Claims 9 & 10, Certificate of Correction.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20





21   (Dkt. 90-02 at 16-18 (emphasis added) (Claim 7).)  Likewise, in relation to Claim 24's recitation
22   of "determining *in the broadcast receiver* from the locally stored reminder data whether the
23   future time for displaying the reminder has occurred," Defendants' only support—aside from a
24   screenshot that gives no indication of *where* such a determination is made—is that "[f]or
25   example, *upon information and belief*, the XG1V3 set-top box determines from the locally
26   stored reminder data whether the future time for displaying the reminder . . . has occurred."
27   (Dkt. 90-02 at 35-37 (emphasis added) (Claim 24).)
28

1   Similarly, Defendants' infringement contentions for the expired '139 Patent rely on **78**

2   assertions of "information and belief."  (*See generally* Dkt. 90-06.)  The following is illustrative

3   of Defendants' infringement contentions for the '139 Patent.  To attempt to cobble together

4   allegations to support that Comcast's Xfinity Stream service infringes Claim 22's limitation that

5   the service "provides 'at least one address useable for retrieving over a network from at least one

6   server on the network on-line information segments,'" Defendants state:

> **On information and belief**, in the first image below, Xfinity uses an "address" to
> show the user who is viewing the program *This Is Us* an advertisement for the
> upcoming TV show *Shades of Blue*.  **On information and belief**, the data that
> Xfinity Stream uses to play the advertisement for users is accessed via a web
> "address identifying online content."  **On information and belief**, in the second
> image below, Xfinity shows the user an advertisement for Ford and uses an
> "address identifying online content" along with that ad.  If a user clicks on the
> advertisement for Ford, he or she is taken to Ford's webpage using that address,
> as shown in the third and fourth image below.

13   (Dkt. 90-06 at 44 (emphasis added) (Claim 22).)  Indeed, Defendants rely on "information and

14   belief" 7 times to try to allege just one limitation of Claim 22 (Dkt. 90-06 at 43-57),[6] and an

15   additional 5 times to attempt to allege another limitation of Claim 22 (Dkt. 90-06 at 57-63).[7]  In

16   fact, Defendants rely upon "information and belief" allegations *for nearly every claim limitation*

17   for the '139 Patent.  (*See generally* Dkt. 90-06.)[8]

18   Defendants' proposed *amended* claim chart for the '139 Patent (Dkt. 100-02) is no less

19   deficient than Defendants' originally served claim chart.  On April 17, 2017, in response to

20   Comcast's Motion to Dismiss Count Four of Defendants' Counterclaims because it relied on a

21   deficient claim chart citing only post-expiration product features, Defendants filed a motion

---

[6]   That claim limitation is:  "A method for transmitting to a viewer video programming and at least one address useable for retrieving over a network from at least one server on the network online information segments having content related to the video programming for viewing in respective predetermined timing relationship with the video programming, comprising the steps of."  (Dkt. 90-06 at 43-44; Dkt. 90-11 at Claim 22.)

[7]   That claim limitation is:  "providing at least one address."  (Dkt. 90-06 at 57-58; Dkt. 90-11 at Claim 22.)

[8]   Defendants do not rely on "information and belief" for two claim limitations contained in Claim 22, but do so for all of the other claim limitations across the 7 asserted claims for the '139 Patent.  (*See generally* Dkt. 90-06.)

seeking to amend their infringement contentions for the '139 Patent.  (Dkt. 100.)  In the amended

claim chart, Defendants did remove some of the earlier version's references to "information and

belief"—presumably in response to Comcast flagging the issue in its Motion to Dismiss (Dkt. 96

at 2 n.3)—yet Defendants added many other "information and belief" allegations.  (*E.g.*, Dkt.

100-02 at 15-16 ("[u]pon information and belief, the '139 Products functioned in the same

manner during the Relevant Time Period as described" in relation to the post-expiration period).)

Defendants' continued reliance on these speculative allegations appears to be an attempt to paper

over the fact that they seemingly have no contemporaneously obtained pre-expiration evidence.

Instead of providing pre-expiration evidence, they include third-party screenshots apparently

gathered ***this month*** in conjunction with empty assertions of how they assume Comcast's

systems worked in the past.  (*E.g.*, Dkt. 100-02 at 48-49 ("Upon information and belief, a user

viewing a Macy's advertisement on Xfinity TV shown in the second image was automatically

taken to a Macy's website similar to the third image below by clicking on the Macy's ad.").)  In

addition, as in their original claim chart for the '139 Patent, Defendants continue to rely on

"information and belief" for all but two claim limitations for their alleged pre-expiration

evidence of infringement.  (*See generally* Dkt. 100-02 (relying on "information and belief" for

all limitations related to "Exemplary Evidence from Before April 1, 2016" except for Claims 10

and 12).)  Again, this suggests that Defendants either elected not to disclose "all facts known to

[them], including those discovered in [their] pre-filing inquiry," *Theranos*, 2012 WL 6000798, at

*2, or did not, in fact, conduct any "reverse engineering or its equivalent."  *Infineon*, 2013 WL

322570, at *4.

Defendants' reliance on "information and belief" to attempt to substantiate their

infringement contentions is not limited to their allegations as to the '461 and '139 Patents;

Defendants also rely on "information and belief" allegations for the '595 Patent, the '586 Patent,

and the '082 Patent.  (*See generally* Dkt. 90-01; Dkt. 90-03; Dkt. 90-07; Dkt. 101-03.)  Indeed,

for each of the '595 Patent, the '586 Patent, and the '082 Patent, Defendants rely on "information

and belief" to establish infringement of at least one claim limitation.  (*See, e.g.*, Dkt. 90-01 at 69

(relying on "information and belief" allegations to meet "store said retrieved interactive

television application modules" limitation of Claim 1); Dkt. 90-03 at 30 (relying on "information and belief" allegations to meet "the operating centre comprises means for transmitting the authorization to the second unit to decrypt the product" limitation of Claim 1); Dkt. 90-07 at 13-14 (relying on "information and belief" for the "a data center for receiving responses generated by the subset of broadcast receivers executing the interactive application for selective monitoring and generating a report describing subscriber usage of the responding broadcast receivers" limitation of Claim 10); Dkt. 101-03 at 37-38 (proposed amended claim chart for the '586 Patent; relying on "information and belief" allegations to meet the "transmitting by the operating centre the necessary data for the decryption of the product" limitation of Claim 4).)

Defendants' widespread reliance on "information and belief" in their infringement contentions for each of these patents is improper.  *See, e.g.*, *Technology Props. Ltd. LLC v. Samsung Elecs. Co., Ltd.*, 114 F. Supp. 3d 842, 850 (N.D. Cal. 2015) (finding infringement contentions deficient where they "reli[ed] on 'information and belief,' Wikipedia, legal conclusions and cursory analysis"); *Solannex, Inc. v. MiaSole, Inc.*, No. 11-cv-00171, 2013 WL 1701062, at *3 (N.D. Cal. Apr. 18, 2013) (noting that "[t]he plaintiff cannot simply respond with 'nothing more than a conclusion based on 'information and belief' that something exists or occurs'"); *Theranos*, 2012 WL 6000798, at *5 (striking contentions where the "responses consist[ed] of nothing more than a conclusion based 'on information and belief' that something exists or occurs").  This is especially true given that Patent Local Rule 3-1(c) "necessitates a level of detail that reverse engineering or its equivalent would provide."  *Infineon*, 2013 WL 322570, at *4 (collecting cases); *see also* Dkt. 82 at 2 ("OpenTV and Nagravision have had ample opportunity before this point to reverse engineer the Comcast technology in question[.]").  Defendants' improper reliance upon "information and belief" to make out their infringement contentions for each of the Asserted Patents, coupled with their legal obligation to disclose the facts they discovered during their pre-suit investigation, reflects an apparent lack of pre-suit investigation; consequently, Defendants' infringement contentions should be stricken.

1

2

### 2. Defendants' Infringement Contentions Fail to Provide Claim Charts for Each Accused Product

3

All of Defendants' claim charts are fatally deficient for a second, independent reason.

4

For each patent, Defendants accuse multiple Comcast products of infringement.  Nevertheless,

5

for each patent, Defendants failed to provide "[a] chart identifying specifically where and how

6

each limitation of each asserted claim is found *within each Accused Instrumentality*."  Patent

7

L.R. 3-1(c) (emphasis added).

8

For example, for their original and proposed amended infringement contentions related to

9

the '139 Patent, Defendants identify "the processes and method associated with Xfinity-branded

10

websites, and Xfinity-branded mobile applications that support videos and web-based content,

11

including but not limited to websites branded for Comcast Xfinity such as my.xfinity.com,

12

tv.xfinity.com, and m.comcast.net, and mobile applications, web-based services, servers, and

13

other services branded for Comcast Xfinity such as Xfinity TV, Xfinity Stream, Xfinity X1,

14

Xfinity Connect, [and] Xfinity Mobile[.]"  (Dkt. 90-06 at 1; Dkt. 100-02 at 1.)[9]  Despite this

15

identification of *numerous* accused instrumentalities, Defendants provided a claim chart for only

16

*one* accused instrumentality—Comcast Xfinity Stream accessed via tv.xfinity.com—in their

17

original infringement contentions for the '139 Patent; Defendants do not provide a claim chart

18

for Xfinity TV, Xfinity X1, Xfinity Connect, or Xfinity Mobile or through any other medium

19

besides tv.xfinity.com.  (*E.g.*, *id.* at 3 ("Comcast Xfinity Stream uses . . ."); *id.* at 10 ("The

20

advertisements Comcast Xfinity Stream displays . . ."); *id.* at 14-15, 17, 21-22, 29-30, 32, 35-36,

21

42-43, 57, 63, 68, 71-72, 76 (similar).)

22

As discussed above, Defendants are now seeking to amend the infringement contentions

23

for the '139 Patent (Dkt. 100), yet Defendants' proposed amended infringement contentions for

24

that patent (Dkt. 100-02) fare no better.  In their proposed amended contentions, Defendants also

25

attempt to chart "Xfinity TV" via "xfinitytv.comcast.net" as part of their "Exemplary Evidence

26

---

[9]    Defendants' purported identification of accused products based on functionality—*i.e.*,

27

"applications that support videos and web-based content" is, in itself, improper.  (*See* Dkt. 90-06

at 1.)  *See, e.g.*, *GeoVector*, 2017 WL 76950, at *4 ("GeoVector's attempt to identify products by

28

broad category of functionality does not meet the specificity requirements of Local Rule 3-

1(b).").

---

- 11 -

1  from Before April 1, 2016." (*E.g.*, Dkt. 100-02 at 18-22, 30-37, 46-52, 95-107, 113-119.)[10]  The

2  proposed amended claim chart, however, still fails to account for the other accused

3  instrumentalities that Defendants identified in their proposed amended infringement contentions

4  for the '139 Patent.  (*See* Dkt. 100-02 at 1 (also identifying "my.xfinity.com," "m.comcast.net,"

5  "Xfinity X1," "Xfinity Connect," "Xfinity Mobile").)[11]

6          Similarly, for their infringement contentions for the other patents, notwithstanding that

7  Defendants identified numerous set-top boxes as the accused products, they provide claim charts

8  only for a limited subset of the listed set-top boxes; for most of the patents, they focus on only

9  one set-top box.  For example, Defendants' infringement contentions for the '595 Patent identify

10  35 specific set-top boxes, divided across 2 brands (ARRIS and Pace) and across 6 models.  (Dkt.

11  90-01 at 1 (listing ARRIS and Pace set-top boxes and referencing XG1, XG2, RNG, Xi3, XiD,

12  and Xi5 models).)  Yet, the '595 Patent infringement contentions only chart "[t]he PX012ANM

13  set top box." (*E.g.*, Dkt. 90-01 at 3; *id.* at 4, 12, 25, 36, 72, 83-84, 108, 113, 123, 143.)  As

14  another example, Defendants' infringement contentions for the '461 Patent likewise identify 35

15  set-top boxes, divided across 2 brands (ARRIS and Pace) and across 6 models.  (Dkt. 90-02 at 1

16  (listing ARRIS and Pace set-top boxes and referencing XG1, XG2, RNG, Xi3, XiD, and Xi5

17  models).)  But, Defendants solely chart "[t]he XG1V3 set-top box, along with the XR11 voice

18  remote." (*E.g.*, Dkt. 90-02 at 3; *id.* at 5-6, 8, 12, 14, 23, 25, 26, 28-29, 31-32, 37.)  Indeed, there

19  are two "XG1V3" set-top boxes listed for the '461 Patent, and the claim chart fails to indicate

20  whether it relates to the "ARRIS XG1-V3" or "Pace XG1-V3" set-top box.  (*See* Dkt. 90-02 at

21

22  ---

    [10]   Notably, "xfinitytv.comcast.net" is not identified as an accused website in Defendants'
    proposed amended infringement contentions for the '139 Patent.  (*See* Dkt. 100-02 at 1.)

23
    [11]   Despite already moving to amend the claim chart for the '139 Patent, in which Defendants
24  asserted infringement against the same broad range of Comcast's products (*compare* Dkt. 90-06
    at 1, *with* Dkt. 100-02 at 1), in their proposed, amended pleading to their infringement
25  contentions, Defendants now identify "processes and methods used in association with all
    devices, servers, systems, and technology using the online and mobile Comcast Xfinity TV
26  platform, including but not limited to Xfinity Stream at https://tv.xfinity.com/ and Comcast
    Xfinity mobile apps, including but not limited to the Xfinity Stream app and the Xfinity TV Go
27  app" as purportedly infringing the '139 Patent (Liss Decl., Ex. 1 at 6:7-11).  However, as set
    forth above, Defendants do not chart either the "Xfinity Stream app" or the "Xfinity TV Go
28  app."

1.)  This deficiency also extends to Defendants' infringement contentions for the '586 Patent and

the '082 Patent.  (*See, e.g.*, Dkt. 90-03 at 1, 9-14, 21 (identifying 35 set-top boxes, but

mentioning only the "PX013ANM" and "PX032ANI" models in the claim chart); Dkt. 101-03 at

1, 14, 16, 22 (same deficiency in proposed amended '586 Patent claim chart); Dkt. 90-07 at 1, 4,

9-10, 19 (specifically identifying three set-top boxes, but referencing only the "Pace RNG110" in

the claim chart).)[12]

Because Defendants' infringement contentions chart only one product (or, at most two)

despite identifying numerous products as infringing, Defendants' contentions violate Patent

Local Rule 3-1(c).  Accordingly, their infringement contentions should be stricken insofar as

they allege infringement by products or services not specifically charted.  *See, e.g.*, *Cap Co. Ltd.*,

2015 WL 4734951, at *2 (striking infringement contentions where party charted only subset of

products accused); *Technology Props.*, 114 F. Supp. 3d at 849-850 (concluding that "Plaintiffs'

'representative product' approach [was] deficient" under Patent Local Rule 3-1; "The listed

products contain dozens of *different makes and models of processors*.  And while some of the

products are made by Qualcomm, Texas Instruments, and Samsung, this alone does not render

them 'representative' of *the two or three models identified in the claim charts*." (emphases

added)).

To the extent that Defendants suggest that certain products are representative of others,

their contentions remain deficient because they do not explain how or why the charted products

are representative.  "[R]epresentative products may only be charted 'when supported by adequate

analysis showing that the accused products share the same critical characteristics.'"  *Cap Co.*

*Ltd.*, 2015 WL 4734951, at *2 (quoting *Network Protection Scis., LLC v. Fortinet, Inc.*, No.

12-cv-1106-WHA, 2013 WL 5402089, at *3 (N.D. Cal. Sept. 26, 2013)).  "That analysis cannot

just be based on the patentee's say-so: 'in order to rely on a claim that one accused product

represents another for purposes of Rule 3-1(c), a patentee must do more than state as much.  A

---

[12]   Indeed, despite discussing the Pace PX032ANI model set-top box in their claim chart for the
'586 Patent, that set-top box is not identified as an infringing product.  (*See* Dkt. 90-03 at 1; Dkt.
101-03 at 1 (same deficiency in proposed amended '586 Patent claim chart); *see also* Liss Decl.,
Ex. 1 at 4:17-5:2 (not listing Pace PX032ANI set-top box as an infringing device).)

patentee must state how.'"  *Id.* (quoting *Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 5:14-cv-3227, 2015 WL 846679, at *2 (N.D. Cal. Feb. 25, 2015)).  Defendants fail to meet this burden.  For the '461 Patent, the '139 Patent, and the '082 Patent, Defendants do not set forth any statement regarding how the accused instrumentality actually charted is representative of the other identified instrumentalities.  (Dkt. 90-02 at 1-2; Dkt. 90-06 at 1-2; Dkt. 90-07 at 1; *see also* Dkt. 100-02 at 1-2 (same deficiency in proposed amended '139 Patent claim chart).)  And, for the '595 Patent and the '586 Patent, Defendants merely state, in conclusory terms, that the accused instrumentality is representative; it does not set forth how.  (Dkt. 90-01 at 1 ("On information and belief, the Pace PX013ANM set-top box is representative of all Accused Products, which practice the Asserted Claims in manner [sic] consistent with the Pace PX013ANM."); Dkt. 90-03 at 2 ("On information and belief, the Pace PX013ANM set-top box and peripheral Pace PX032ANI is [sic] representative of all Accused Products, which practice the Asserted Claim in a manner consistent with the Pace PX013ANM and the Pace PX032ANI peripheral box."); Dkt. 101-03 at 2 (same deficiency in proposed amended '586 Patent claim chart).)

### 3. Defendants' Generic and Conclusory Indirect Infringement Contentions Are Insufficient

Defendants' indirect infringement claims for the patents at issue fail to meet the requirements of Patent Local Rule 3-1(d), which requires disclosure of "***a description of the acts*** of the alleged indirect infringer that contribute to or are inducing that direct infringement."  Patent L.R. 3-1(d) (emphasis added).

Defendants assert indirect infringement for each of the five Asserted Patents.  (Liss Decl., Ex. 1 at 7:2-8:25, 10:4-22; *see also* Liss Decl., Ex. 2 at 13:23-14:9; Dkt. 90-01 at 1; Dkt. 90-02 at 1-2; Dkt. 90-03 at 1; Dkt. 90-06 at 1-2; Dkt. 90-07 at 1; Dkt. 100-02 at 1-2; Dkt. 101-03 at 1.)[13]  But, Defendants only do so in a generic fashion and otherwise track the statutory language at issue in 35 U.S.C. § 271(b)-(c).  The allegations of indirect infringement for '461 Patent are

---

[13]   In their proposed amended cover pleading, Defendants omit indirect infringement contentions for the '082 Patent.  (*Compare* Liss Decl., Ex. 1 at 7:1-10:22, *with* Liss Decl., Ex. 2 at 13:23-14:9.)

1
2
3

illustrative of the contentions for the other patents, as Defendants use nearly identical language for their indirect infringement contentions across the patents at issue.  The indirect infringement contentions for the '461 Patent provide:

4
5
6
7
8
9
10
11

> The '461 Patent: Comcast *indirectly infringes* Claims 7, 9, 10, 14, 19, 20, 21 and 23-25 in violation of 35 U.S.C. § 271(b) by inducing third parties, including Comcast subscribers, to directly infringe through their operation and use of the '461 Products. Comcast has knowingly and intentionally induced this direct infringement by, inter alia, (i) selling, leasing, or otherwise providing the '461 Products to third parties with the intent that the '461 Products will be operated and used in a manner that practices the '461 Asserted Claims; and (ii) marketing and advertising the '461 Products. Comcast's marketing and promotional materials for the '461 Products are found, for example, on Comcast's website. Upon information and belief, Comcast knows that its actions will result in infringement of the Asserted '461 Claims, or subjectively believes that there is a high probability that its actions will result in infringement of the Asserted '461 Claims but has taken deliberate actions to avoid learning those facts.

12
13
14
15

> Comcast also *contributes to the infringement* of each of the Asserted '461 Claims in violation of 35 U.S.C. § 271(c) by selling, leasing, and/or offering for sale/lease the '461 Products, which when used directly infringe the Asserted '461 Claims. The '461 Products constitute a material part of the Asserted '461 Claims, and are known by Comcast to be especially made or especially adapted for use in an infringing manner. The '461 Products are not staple articles or commodity of commerce suitable for substantial non-infringing uses.

16
17
18
19

(Liss Decl., Ex. 1 at 7:19-8:8 (emphases added); *see* Dkt. 90-02 at 1-2 (substantially similar); *see also* Liss Decl., Ex. 1 at 7:2-7:18, 8:9-8:25, 10:4-22; Dkt. 90-01 at 1; Dkt. 90-02 at 1-2; Dkt. 90-03 at 1; Dkt. 90-06 at 1-2; Dkt. 90-07 at 1; Dkt. 100-02 at 1-2; Dkt. 101-03 at 1.)

20
21
22
23
24
25
26
27
28

Courts have routinely concluded that such bare bones indirect infringement contentions are insufficient under Patent Local Rule 3-1(d).  *See, e.g.*, *GeoVector*, 2017 WL 76950, at *6-7; *Cap Co. Ltd.*, 2015 WL 4734951, at *2-3; *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-4967-WHA, 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013); *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. 11-cv-6335, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012).  For example, in *GeoVector*, the Court concluded that indirect infringement contentions that stated that "Samsung indirectly infringes by 'making, using and selling products that infringe the Patents-in-Suit, causing those products to be manufactured and distributed, and providing instruction manuals for those products'" and that "Samsung 'deliberately incorporated

1   technologies claimed in the GeoVector patents into their products, and provided these

2   technologies to a number of customers and third-party application developers through the

3   Samsung App Store'" did not meet Patent Local Rule 3-1(d).  2017 WL 76950, at *6-7.  The

4   Court reasoned, those "vague allegations" were "insufficient to meet the requirements of Local

5   Rule 3-1(d)."  *Id.*

6        Similarly, in *France Telecom, S.A.*, the Court found that the plaintiffs' indirect

7   infringement allegations that "Marvell has 'induced and contributed to such infringement by . . .

8   designing the accused products . . . managing the design . . . designing and testing the accused

9   products specifically for compatibility and use within the United States . . . and advertising or

10  representing to third parties that the infringing products are compatible or adapted for use within

11  the United States" were insufficient.  2013 WL 1878912, at *5.  The Court specifically noted that

12  "[s]uch 'generic allegations' are insufficient to disclose a theory of indirect infringement" and

13  the "bare-boned recitation of the essential elements of a claim for indirect infringement" does not

14  meet the Patent Local Rules as "Rule 3-1(d) requires facts."  *Id.*; *see also Cap Co. Ltd.*, 2015 WL

15  4734951, at *2-3 (concluding indirect infringement contentions were insufficient where they did

16  not put defendant "on notice of what, exactly, it does to induce infringement through its 'sale and

17  customer support and instruction of its customers' or what it does to 'instruct[] end-users in the

18  operation of the accused products' or 'take[] technical steps to maintain control over the user's

19  operation and access to parts of the software,' and the answer [was] not apparent from the cited

20  web page[s], none of which appears to reference the accused functionality"); *Creagri, Inc.*, 2012

21  WL 5389775, at *5 (finding insufficient contentions that "fail[ed] to identify what

22  advertisements and instructions lead to what infringing behavior").

23       Defendants' bare bones and conclusory indirect infringement contentions do not meet

24  Local Patent Rule 3-1(d).  Therefore, Comcast respectfully submits that Defendants' indirect

25  infringement contentions for the '595 Patent, the '461 Patent, the '586 Patent, the '139 Patent,

26  and the '082 Patent should be stricken, and that their proposed amended indirect infringement

27  contentions for the '139 and '586 Patents are defective for the same reasons.

28

1

2

### 4. Defendants' Contentions Seeking to Preserve a Doctrine of Equivalents Argument Are Improper

3

4

5

6

7

8

9

10

11

12

Pursuant to Patent Local Rule 3-1(e), patent holders must set forth "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality."  Patent L.R. 3-1(e).  However, "[t]he doctrine of equivalents does not exist 'to give a patentee a second shot at proving infringement if it is not literally present.  [Plaintiff] cannot merely add boilerplate language asserting that the doctrine of equivalents has been met as an alternative theory.'"  *GeoVector*, 2017 WL 76950, at *7 (quoting *Creagri*, 2012 WL 5389775, at *6)); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-5808, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015) ("It is improper to assert the doctrine of equivalents with generic 'placeholder' language on the hope that future discovery might support such an assertion.").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Defendants' doctrine of equivalents contentions for the '586 Patent and the '461 Patent are nothing more than impermissible "placeholders."  In their cover pleading, Defendants assert that "while each element of Claim 1 of the '586 Patent is literally present in the '586 Products, certain claim elements are present in the accused features of the '586 Products under the Doctrine of Equivalents."  (Liss Decl., Ex. 2 at 14:25-27; *see also* Liss Decl., Ex. 1 at 11:10-12 (same for Claim 4 of the '586 Patent in proposed amended cover pleading).)  Defendants do not indicate **which** limitations are subject to the doctrine of equivalents, nor do Defendants include any doctrine of equivalents arguments in their claim chart.  *See, e.g.*, *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997) (holding that doctrine of equivalents is "applied as an objective inquiry on an element-by-element basis"); *see also* Liss Decl., Ex. 1 at 11:10-12; Liss Decl., Ex. 2 at 14:25-27; Dkt. 90-03; Dkt. 101-03.)  Similarly, Defendants contend that the doctrine of equivalents applies to Claims 7 and 19 of the '461 Patent, but they do not state which limitations are met by the doctrine of equivalents and fail to chart any doctrine of equivalents arguments for Claims 7 and 19 in their claim chart for the '461 Patent.  (*See* Liss Decl., Ex. 1 at 11:7-9; Dkt. 90-02 at 2-22, 26-27, 40-57, 63-65 (chart for Claims 7 & 19).)

28

Defendants' improper use of placeholder doctrine of equivalents contentions also extends to their claim chart for the '461 Patent.  For Claims 9 and 10 in the '461 Patent claim chart, Defendants merely assert that the limitations are met "literally and/or under the doctrine of equivalents."  (Dkt. 90-02 at 23, 25, 58, 61.)  But, Defendants do not actually set forth a doctrine of equivalents contention—*i.e.*, a function, way, result contention—at most, they state that "[t]his either operates as the claimed 'timer' or ***an equivalent thereof***" and "[t]he 'snooze' functionality either operates as a timer or ***an equivalent thereof***."  (Dkt. 90-02 at 23, 25, 58, 61 (emphases added).)  There is no further development of the doctrine of equivalents theory.  *See InteraXon*, 2016 WL 5118267, at *2 ("The Court agrees that [patent holder] *must describe his bases* for asserting the doctrine of equivalents[.]" (emphasis added)); *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-1197, 2015 WL 5012679, at *4 (N.D. Cal. Aug. 24, 2015) (finding doctrine of equivalents contentions insufficient where "Finjan fails to explain where in the accused products the alleged equivalent for this element is found, or how the function, way, and result of that alleged equivalent is substantially the same as the claimed subject matter").

Because Defendants' infringement contentions for the '586 Patent and the '461 Patent violate Patent Local Rule 3-1(e), their doctrine of equivalents contentions should be stricken. *See, e.g.*, *GeoVector*, 2017 WL 76950, at *7 (striking doctrine of equivalents claims where they violated Patent Local Rule 3-1(e)); *Cap Co. Ltd.*, 2015 WL 4734951, at *3-4 (striking doctrine of equivalents contentions where patentee used boilerplate language in violation of Patent Local Rule 3-1(e)); *Proofpoint*, 2015 WL 1517920, at *10 (same).  Further, Defendants' proposed amended infringement contentions for the '586 Patent are defective for the same reasons.

### 5.  Defendants Fail to Specifically Identify Defendants' Instrumentalities Allegedly Incorporating or Reflecting the Asserted Claims of the '139 Patent

This Court's Patent Local Rules require that Defendants "identify, separately for each asserted claim" their own products that purportedly "incorporate[] or reflect[] that particular claim."  Patent L.R. 3-1(g).  For the '139 Patent, Defendants provide only a generic statement regarding which of Defendants' products allegedly incorporate or reflect the purported invention of the '139 Patent; they do not name products.  Specifically, Defendants state "[t]he invention of

the '139 Patent is embodied *in at least systems that include certain versions of OpenTV middleware products*." (Liss Decl., Ex. 1 at 13:17-18 (emphasis added).)  This is insufficient to place Comcast on notice as to *which* of Defendants' products they contend encompass the inventions purportedly covered by the '139 Patent and thus does not comply with Patent Local Rule 3-1(g).  *See* Patent L.R. 3-1(g); *see also Adobe Systems Inc. v. Wowza Media Sys.*, No. 11-cv-2243, 2014 WL 709865, at *15 (N.D. Cal. Feb. 23, 2014) (striking theory from expert report where patent holder "did not identify the Flash Player in the charts as incorporating or reflecting any of the claims at issue as required by Rule 3-1(g)").[14]

C.   **Striking Defendants' Infringement Contentions Is Justified Given Their Extensive Deficiencies and the Court's Prior Admonitions**

As set forth above, Defendants' infringement contentions are riddled with violations of Patent Local Rule 3-1.  Comcast respectfully submits that these extensive violations of Patent

---

[14]   Additionally, Defendants fail to identify the start and end date of the claimed damages period as required by Patent Local Rule 3-1(h) for each Asserted Patent.  (*See* Liss Decl., Ex. 1 at 13:19-14:10, 14:24-15:6.)  And, for their claimed damages period for '139 Patent, Defendants improperly seek to extend the damages period beyond the '139 Patent's expiration.  (*See id.* at 14:26-27 ("The claimed damages start at the point of first infringement *and continues to today*." (emphasis added)); *id.* at 3 n.2; *see also* Liss Decl., Ex. 2 at 21:7-8.)

Furthermore, under Patent Local Rule 3-1(c), Defendants are required to identify "the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function" for "each limitation that such party contends is governed by 35 U.S.C. § 112(g)." There are at least three means plus function limitations in Claim 1 of the '586 Patent.  (Dkt. 90-03 at 27-28, 30 ("said user units comprise *means for* transferring a product encrypted with a transport key and stored in the storage *means* of the first user unit for sending to the second user unit"; "the operating centre comprises *means for* transmitting the authorization to the second unit to decrypt the products" (emphases added)).)  Yet, in contravention of Patent Local Rule 3-1(c), in their infringement contentions for those claim limitations for the '586 Patent, Defendants merely set forth conclusory allegations that repeat the claimed function; they do not identify the specific structures within the accused instrumentalities alleged to constitute the claimed "means" in light of the disclosures in the '586 Patent.  (Dkt. 90-03 at 27-34.)  Thus, Defendants' infringement contentions are insufficient to the meet the specificity required by Patent Local Rule 3-1(c).  *See GN Resound A/S v. Callpod, Inc.*, No. 11-cv-4673, 2013 WL 1190651, at *4-5 (N.D. Cal. Mar. 21, 2013) (granting motion to strike contentions for Section 112(g) limitations because the contentions "[did] not sufficiently explain Plaintiff's theory" of infringement and "Plaintiff's contention [did] not provide the level of detail that the 'reverse engineering or its equivalent' standard requires"); *see also Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.*, No. 12-cv-5967, 2013 WL 11319414, at *2 (N.D. Cal. Oct. 28, 2013) (striking infringement contentions for Section 112(g) limitation because the "contentions [did] not adequately identify said structure" where plaintiff "simply included a screenshot of the ESG-400's circuit board,

1   Local Rule 3-1 in Defendants' infringement contentions justify striking those contentions with

2   prejudice.  *See Theranos*, 2012 WL 6000798, at *6-7 (striking infringement contentions without

3   leave where patent holder only made vague allegations "on information and belief" and

4   implicitly conceded that it did not have facts to support its claims).

5       Not only do Defendants' infringement contentions fail to comply with Patent Local Rule

6   3-1 in several critical respects—for example, by relying on "information and belief" throughout

7   their contentions—Defendants' infringement contentions also fail to comply with their own

8   representation to the Court—in response to the Court's admonitions—that they would

9   "absolutely" trace "every single claim limitation" to Comcast's accused products.  (Dkt. 79 at

10  6:11-18.)  The Court reiterated its sentiment that Defendants should know how Comcast's

11  products work in its Case Management Order re Pilot Summary Judgment Motions.  (Dkt. 82 at

12  2 ("OpenTV and Nagravision have had ample opportunity before this point to *reverse engineer*

13  *the Comcast technology in question*[.]" (emphasis added)).   Defendants' infringement

14  contentions fall woefully short not only of their commitment to the Court, but also of the

15  requirements of Patent Local Rule 3-1.  Despite having accused Comcast of infringing these

16  patents for approximately a year-and-a-half, and despite their obligation to conduct a pre-suit

17  investigation and to disclose the facts discovered during that pre-suit investigation in their

18  infringement contentions, Defendants' contentions reflect only speculation as to Comcast's

19  alleged infringement.

20      Given the extensive and pervasive deficiencies in Defendants' infringement contentions

21  and their disregard of the Court's prior statements as to Defendants' obligations, Comcast

22  respectfully submits that striking Defendants' infringement contentions with prejudice is

23  warranted.

24

25

26

27

28  highlighted four integrated circuit chips, and speculated that those chips 'appear to be memory
    devices that hold firmware for controlling the power output of the ESG-400 generator'").

1 | **IV.     CONCLUSION**

2 |   For the foregoing reasons, Comcast respectfully requests that the Court strike

3 | Defendants' infringement contentions for the '595 Patent, the '461 Patent, the '586 Patent, the

4 | '082 Patent, and the '139 Patent with prejudice.

5 |

6 |
  Dated:  April 20, 2017        Respectfully submitted,

7 |

8 |              **WILMER CUTLER PICKERING**
              **HALE AND DORR LLP**

9 |
10 |         By:  */s/ Natalie Hanlon Leh*
            Natalie Hanlon Leh (*pro hac vice*)

11 |              Natalie.HanlonLeh@wilmerhale.com
            Mary (Mindy) V. Sooter (*pro hac vice*)

12 |              Mindy.Sooter@wilmerhale.com
            Anne Lee (*pro hac vice*)

13 |              Anne.Lee@wilmerhale.com
            Esther Lim (SBN 295793)

14 |              Esther.Lim@wilmerhale.com
            WILMER CUTLER PICKERING

15 |              HALE AND DORR LLP
            1225 Seventeenth Street, Suite 2600

16 |              Denver, Colorado 80202
            Telephone: (720) 274-3135

17 |              Facsimile: (720) 274-3133

18 |
19 |              Kathryn D. Zalewski (SBN 263119)
            Kathryn.Zalewski@wilmerhale.com

20 |              WILMER CUTLER PICKERING
            HALE AND DORR LLP

21 |              950 Page Mill Road
            Palo Alto, California 94304

22 |              Telephone: (650) 858-6000
            Facsimile: (650) 858-6100

23 |
24 |
25 |
26 |
27 |
28 |

1
       Jason H. Liss (*pro hac vice*)
         Jason.Liss@wilmerhale.com
2
       Sameer Ahmed (*pro hac vice*)
         Sameer.Ahmed@wilmerhale.com
3
       Claire M. Specht (*pro hac vice*)
         Claire.Specht@wilmerhale.com
4
       Aaron Macris (*pro hac vice*)
         Aaron.Macris@wilmerhale.com
5
       WILMER CUTLER PICKERING
6
         HALE AND DORR LLP
       60 State Street
7
       Boston, Massachusetts 02109
       Telephone:    (617) 526-6000
8
       Facsimile:     (617) 526-5000
9

10
       *Attorneys for Plaintiff*
       *Comcast Cable Communications, LLC*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2       The undersigned hereby certifies that a true and correct copy of the above and foregoing

3   document has been served on April 20, 2017, to all counsel of record who are deemed to have

4   consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.5.  Any

5   other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

6

7                                     */s/ Natalie Hanlon Leh*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28