Kathryn D. Zalewski (SBN: 263119)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: + 1 (650) 858-6000
Facsimile: +1 (650) 858-6100
Email: Kathryn.Zalewski@wilmerhale.com

Natalie Hanlon Leh (*pro hac vice*)
Mary (Mindy) V. Sooter (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, Colorado 80202
Telephone: +1 (720) 274-3135
Facsimile: +1 (720) 274-3133
Email: Natalie.HanlonLeh@wilmerhale.com
        Mindy.Sooter@wilmerhale.com

*Attorneys for Plaintiff* COMCAST CABLE
COMMUNICATIONS, LLC

Michael K. Plimack (SBN: 133869)
Winslow Taub (SBN: 233456)
Nathan E. Shafroth (SBN: 232505)
David M. Jolley (SBN: 191164)
Alice J. Ahn (SBN: 245723)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: mplimack@cov.com
        wtaub@cov.com
        nshafroth@cov.com
        djolley@cov.com
        aahn@cov.com

Robert T. Haslam (SBN: 71134)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Telephone: +1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: rhaslam@cov.com

*Attorneys for Defendants* OPENTV, INC. and
NAGRAVISION SA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

COMCAST CABLE COMMUNICATIONS, LLC,

      Plaintiff,

v.

OPENTV, INC. and NAGRAVISION SA,

      Defendants.

Case No.: 5:16-cv-06180-WHA

~~[PROPOSED]~~ STIPULATED
PROTECTIVE ORDER

1   Plaintiff Comcast Cable Communications, LLC ("Plaintiff") and Defendants OpenTV,

2   Inc. and Nagravision SA ("Defendants"), by and through their counsel, hereby stipulate, subject to the

3   approval of the Court, to enter this Stipulated Protective Order.

4   WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

5   with Federal Rule of Civil Procedure 26(c):

6   **1.    PURPOSES AND LIMITATIONS**

7   Disclosure and discovery activity in this action are likely to involve production of

8   confidential, proprietary, trade secret, commercially sensitive, and/or private information for which

9   special protection from public disclosure and from use for any purpose other than prosecuting this

10  litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter

11  the following Stipulated Protective Order. The parties acknowledge that this Order does not confer

12  blanket protections on all disclosures or responses to discovery and that the protection it affords from

13  public disclosure and use extends only to the limited information or items that are entitled to confidential

14  treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section

15  13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information

16  under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that

17  will be applied when a party seeks permission from the Court to file material under seal.

18  **2.    DEFINITIONS**

19  2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

20  information or items under this Order.

21  2.2    <u>"CONFIDENTIAL BUSINESS INFORMATION"</u>: documents, items, or

22  materials which concern or relate to the trade secrets, processes, operations, style of work, or apparatus,

23  or to the production, sales, shipments, purchases, transfers, identification of customers, inventories,

24  amount or source of any income, profits, losses, or expenditures of any person, firm, partnership,

25  corporation, or other organization, or other information of commercial value, the disclosure of which is

26  likely to have the effect of causing substantial harm to the competitive position of the person, firm,

27  partnership, corporation, or other organization from which the information was obtained. Such materials

28

shall be marked "CONFIDENTIAL BUSINESS INFORMATION — SUBJECT TO PROTECTIVE ORDER."

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER."

2.5    Disclosure or Discovery Material: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed, or generated in connection with Rule 26(a) disclosures or discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current officer, director, or employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an officer, director, or employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS": the most sensitive documents (whether in printed or electronic form) memorializing any Party or Non-Party's confidential Source Code or highly sensitive materials related to security, e.g., encryption algorithms, circuitry, schematics, security keys, or the like. Highly Confidential Source Code/Security Materials should be marked as "HIGHLY CONFIDENTIAL [SOURCE CODE/SECURITY] MATERIALS — SUBJECT TO PROTECTIVE ORDER." The parties shall undertake best efforts to minimize their usage of this designation, applying it only in those instances where good cause exists to apply it to a specific directory, document or file, in order to avoid over-designation of materials that may be produced as either Confidential Business Information or as non-confidential information. "Source Code" shall mean source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer

language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. "Security Materials" shall mean encryption algorithms, circuitry, schematics, security keys and the like.

2.8     House Counsel: attorneys who are employees of a party to this action, and their support staff. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and to whom it is reasonably necessary to disclose the information for this litigation, and the staff of such attorneys.

2.11     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that discloses or produces Disclosure or Discovery Material in this action. A Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Order. A Non-Party's use of this Order to protect its Protected Material does not entitle that Non-Party access to the Protected Material produced by any Party in the above-referenced cases.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL BUSINESS INFORMATION — SUBJECT TO PROTECTIVE ORDER," or

"HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER," as provided for in this Order. Protected Material shall not include materials that have been published or publicly disseminated or that a Party has provided to a Non-Party without requiring that the Non-Party maintain the materials in confidence.

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    Security Materials: highly sensitive materials related to security, e.g., encryption algorithms, circuitry, schematics, security keys, or the like.

2.17    Source Code: "Source Code" means source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

## 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or other obligations to maintain confidentiality, including becoming part of the public record through trial or otherwise; (b) any information that written records demonstrate was known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information used or disclosed with the

consent of the Producing Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Stipulation and Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, nor shall it preclude any Receiving Party from showing Protected Material to an individual who prepared such Protected Material. This Stipulation and Order is without prejudice to the right of any Party to seek further or additional protection of any Disclosure or Discovery Material or to modify this Stipulation and Order in any way, including, without limitation, an order that certain materials not be produced at all.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material for which it has a good faith belief qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially

asserted, that Designating Party must promptly notify all other parties that it is withdrawing or changing the mistaken designation as appropriate.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or at the same time as the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL BUSINESS INFORMATION — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection and where practicable, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL BUSINESS INFORMATION — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER") to each page that contains Protected Material.

(b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify either on the record (before the close of the deposition, hearing, or other

proceeding) or in writing within 14 days of the testimony, all protected testimony and specify the level of protection being asserted. If the designation is not made on the record, the testimony shall be deemed as "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" until the end of the 14-day period permitted to designate the testimony.

When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded), or in writing within 14 days of the testimony, a right to have up to 21 days from the date of the testimony to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER."

Notwithstanding any restrictions on disclosure of Protected Material set forth herein, except as may be otherwise ordered by the Court, any person may be shown, and examined by a Receiving Party at depositions and trial concerning, all Protected Material of which such person had prior access or personal knowledge. Without in any way limiting the foregoing: (1) a Rule 30(b)(6) witness for a Producing Party may be shown, and examined by a Receiving Party at depositions and trial concerning, all Protected Material which has been produced by the Producing Party; (2) a present director, officer and/or employee of a Producing Party may be shown, and examined by a Receiving Party at depositions and trial concerning all Protected Material produced by the Producing Party and of which the witness has or had access or personal knowledge; and (3) a former director, officer, agent and/or employee of a Producing Party may be shown, and examined by a Receiving Party at depositions and trial concerning, all Protected Material of which such person had prior access or personal knowledge, including any Protected Material that refers to matters of which such person has personal

knowledge that has been produced by that Party and which pertains to the period or periods of such person's employment.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. If the witness is represented by an attorney who is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" in its entirety. After the expiration of that period, the transcript shall be treated only as actually designated. However, if any Party wishes to disclose the transcript, or information contained therein, before the expiration of the 21-day period for designation, that Party may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE

CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" must designate the transcript, or portions thereof, within 7 days, or else the transcript may be treated as non-confidential.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

Copies of documents or other materials that have been designated "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" that are marked as deposition exhibits shall not be provided to the Court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL BUSINESS INFORMATION — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to this Order, including paragraphs 18 and 19 of Exhibit B, the party printing the electronic files or documents shall affix a legend to the printed

document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

5.4     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A

1
2
3

Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

4
5
6
7
8
9
10
11
12
13
14
15
16

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

17
18
19
20
21
22
23
24

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, or by failing to oppose a motion challenging a confidentiality designation filed by the Challenging Party as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

25
26
27
28

---

[1] The parties shall work in good faith to resolve designation disputes without judicial intervention. The parties shall not raise vexatious and unwarranted designation challenges.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and any related appellate proceedings, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, *inter partes* review, post-grant review, patent reexamination or reissue proceedings, or any business or competitive purpose or function, except as provided in Section 8 of this Order (PROSECUTION BAR). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner, as described below and in Paragraphs 18 and 19 of Exhibit B, that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

7.2    <u>Disclosure of "CONFIDENTIAL BUSINESS INFORMATION" Documents,</u> <u>Items, or Materials</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL BUSINESS INFORMATION" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)    the Court and its personnel;

(d)     court reporters, stenographers, and videographers and their staff, professional jury, graphics, translation, design, and/or non-technical trial consultants and their staff, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order; and

(h)     any other person with the prior written consent of the Producing Party.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" Documents, Items, or Materials</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)     the Court and its personnel;

(d)      court reporters, stenographers, and videographers and their staff, professional jury, graphics, translation, design, and/or non-technical trial consultants and their staff, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)      any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

7.4      <u>Procedures for Approving or Objecting to Disclosure of Protected Material to Experts</u>.

(a)      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated as Protected Material first must make a written request to the Designating Party that (1) identifies the general categories of Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] (6)

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without

identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies all pending patent applications on which the Expert is named as an inventor, in which the Expert has any ownership interest, or as to which the Expert has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request for requests made before May 26, 2017, and ten days for requests made on or after that date, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. This provision applies to all Experts, including those previously identified.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within two business days of the written objection for requests made before May 26, 2017, and seven days for requests made on or after that date. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

---

violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert

7.5 <u>Procedures for Storage of, Transmission of, Access to, and Use of "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS" Documents, Items, or Materials.</u>

All documents, items, or materials designated "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER " and information derived therefrom shall be stored, transmitted, accessed, and used only in accordance with the provisions in paragraphs 18 and 19 of Exhibit B, the parties' joint motion to amend the protective order in *Certain Digital Television Set-Top Boxes, Remote Control Devices, and Components Thereof*, Inv. No. 337-TA-1041 (U.S.I.T.C.), unless otherwise agreed by the Producing Party in writing. In addition to complying with the other terms of this Protective Order, including Exhibit B, for the review, use, and storage of Highly Confidential Source/Security materials, no one shall have access to such materials unless he or she has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Paragraph 19(d)(iii) of Exhibit B notwithstanding, the producing party shall deliver Hard Copy Highly Confidential Materials (i.e., printouts) within two business days or 72 hours, whichever is sooner, when the receiving party specifically requests in writing that those materials be expedited as related to the Pilot Summary Judgment Motion proceedings in this case, including any related depositions, hearings, trial, expert reports, or preparations for the same. *See* Dkt. No. 82, Case Management Order re Pilot Summary Judgment Motions. Such expedited Hard Copy Highly Confidential Materials requested by 5:30 p.m. Pacific Time shall be delivered by 5:30 p.m. Pacific Time two business days later, or within 72 hours, whichever is sooner. Other than those rights and responsibilities related to the timing of the delivery of Hard Copy Highly Confidential Materials related to the Pilot Summary Judgment Motion proceedings, the terms of this paragraph shall not alter any party's rights or responsibilities under this Protective Order.

**8.   PROSECUTION BAR**

The Prosecution Bar provision in paragraph 20 of Exhibit B shall apply in this case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information, items, or materials designated in this action as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.3

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information, documents, or materials designated in this action as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER" or information derived therefrom before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

---

3 The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL BUSINESS INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE/SECURITY MATERIALS — SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 15 business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[4] The 15 business day period may be extended by an additional 15 business days if notice is to be sent to a company outside the United States. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The production of material subject to a claim of privilege or other protection, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of material for relevance, responsiveness, and/or segregation of privileged and/or Protected Material before production. If a Receiving Party discovers that discovery may have been inadvertently or unintentionally produced, it shall notify the Producing Party in writing as soon as reasonably practicable after learning of the inadvertent disclosure. If a Producing Party through inadvertence produces or provides discovery which it believes is subject to a claim of an applicable privilege, the Producing Party may give written notice to the Receiving Party or Parties that the material is subject to a claim of privilege and request that the material be returned to the Producing Party. If a Party or Non-Party requests the return, pursuant to this paragraph, of any discovery, the Receiving Party(ies) shall not use or disclose, and shall immediately return to the Producing Party all copies of such material or confirm that all copies of such material have been destroyed. Return of the material by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned material is, in fact, properly subject to a claim of privilege nor shall it foreclose any party from moving the court for an order that such material has been improperly designated for reasons other than a waiver caused by the inadvertent production. This provision is not intended to modify

whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

13.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance. Absent written consent by the Producing Party, which will not be unreasonably withheld, Protected Material may not be exported or accessed outside the United States or released to any foreign national (even if within the United States).

13.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to

Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e)is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

13.5    Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

13.6    Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

13.7    Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

13.8    Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

13.9    Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil

Procedure, the Local Rules for the United States District Court for the Northern District of California, or the Court's own orders.

### 14.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by Bates range or category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

### 15.  COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

WILMER CUTLER PICKERING HALE AND DORR LLP

COVINGTON & BURLING LLP

Dated: May 4, 2017

Dated: May 4, 2017

By: /s/ Natalie Hanlon Leh_____
Natalie Hanlon Leh
Natalie.HanlonLeh@wilmerhale.com

By: /s/  Nathan E. Shafroth _____
Nathan E. Shafroth
nshafroth@cov.com

1  Kathryn D. Zalewski (SBN 263119)
   WILMER CUTLER PICKERING
2  HALE AND DORR LLP
   950 Page Mill Road
3  Palo Alto, California 94304
   Telephone: + 1 (650) 858-6000
4  Facsimile: +1 (650) 858-6100
   Email: Kathryn.Zalewski@wilmerhale.com
5
   Natalie Hanlon Leh (pro hac vice)
6  Mary (Mindy) V. Sooter (pro hac vice)
   WILMER CUTLER PICKERING
7  HALE AND DORR LLP
   1225 Seventeenth Street, Suite 2600
8  Denver, Colorado 80202
   Telephone: +1 (720) 274-3135
9  Facsimile: +1 (720) 274-3133
   Email: Natalie.HanlonLeh@wilmerhale.com
10        Mindy.Sooter@wilmerhale.com

11 *Attorneys for Plaintiff* COMCAST CABLE
   COMMUNICATIONS, LLC.
12

Michael K. Plimack
Winslow Taub
Nathan E. Shafroth
David M. Jolley
Alice J. Ahn
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email: mplimack@cov.com
       wtaub@cov.com
       nshafroth@cov.com
       djolley@cov.com
       aahn@cov.com

Robert T. Haslam
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Telephone: +1 (650) 632-4700
Facsimile: +1 (650) 632-4800
Email: rhaslam@cov.com

*Attorneys for Defendants* OPENTV, INC. and
NAGRAVISION SA

13

14

15

16                          **ATTESTATION**

17        Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that concurrence

18  in the filing of the document has been obtained from its signatory.

19  Dated: May 4, 2017                        By: /s/   Nathan E. Shafroth _____
20                                                 Nathan E. Shafroth

21

22  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23

24  Dated:   May 4, 2017.              _____
                                       Honorable William H. Alsup
25                                     United States District Court Judge

26

27

28

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, | Case No.: 5:16-cv-06180-WHA |
| Plaintiff, | |
| v. | **EXHIBIT A:** |
| | **UNDERTAKING EXPERTS OR** |
| OPENTV, INC. and NAGRAVISION SA, | **CONSULTANTS REGARDING** |
| | **PROTECTIVE ORDER** |
| Defendants. | |

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Comcast Cable Commc'ns LLC v. OpenTV, Inc.*, United States District Court, District of Northern California, Civil Action No. 5:16-cv-06180-WHA. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order. I understand and acknowledge that failure to comply with the terms of the Order could expose me to sanctions and punishment in the nature of contempt, and I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

1

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____

EXHIBIT A: UNDERTAKING OF EXPERTS OR                                          5:16-cv-06180-WHA
CONSULTANTS REGARDING PROTECTIVE ORDER

# EXHIBIT B

UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

Before the Honorable Theodore R. Essex
Administrative Law Judge

| In the Matter of | |
|---|---|
| CERTAIN DIGITAL TELEVISION SETTOP BOXES, REMOTE CONTROL DEVICES, AND COMPONENTS THEREOF | Investigation No. 337-TA-1041 |

JOINT PROPOSED ADDENDUM TO ORDER NO. 1 REGARDING THE
PRODUCTION AND TREATMENT OF HIGHLY CONFIDENTIAL SOURCE CODE
AND SECURITY MATERIALS

18.     **"Highly Confidential Source Code/Security Materials"** shall mean the most sensitive documents (whether in printed or electronic form) memorializing any complainant's, respondent's, or third party's (collectively, "Private Parties") confidential Source Code or highly sensitive materials related to security, e.g., encryption algorithms, circuitry, schematics, security keys, or the like. Highly Confidential Source Code/Security Materials should be marked as "HIGHLY CONFIDENTIAL [SOURCE CODE/SECURITY] MATERIALS — SUBJECT TO PROTECTIVE ORDER."  The parties shall undertake best efforts to minimize their usage of this designation, applying it only in those instances where good cause exists to apply it to a specific directory, document or file, in order to avoid over-designation of materials that may be produced as either Confidential Business Information or as non-confidential information.  "Source Code" shall mean source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and

accompanying the code.  For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. "Security Materials" shall mean encryption algorithms, circuitry, schematics, security keys and the like.

19.     The following provisions apply to the production and use of Highly Confidential Source Code/Security Materials unless otherwise agreed by the producing party:

a)     Any Highly Confidential Source Code/Security Materials produced in discovery shall be made available for inspection by a receiving party's outside counsel and/or their Experts, in a format allowing such Highly Confidential Source Code/Security Materials to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at offices of the producing party's outside counsel.  Any Highly Confidential Source Code/Security Materials shall be made available for inspection in at least two locations (or such other number as the parties may agree in writing) reasonably convenient to the requesting party. The parties will discuss and agree upon mutually acceptable locations prior to the materials first being made available.

b)     The Highly Confidential Source Code/Security Materials shall be made available for inspection on no less than two "stand-alone" computer(s) ("Access Computer(s)"), one in the Washington, D.C. area and one in the San Francisco Bay area, each in a secured room without Internet access, without access to any network or to other computers, and with external ports (such as USB ports) disabled.  External ports may, however, be used for a computer mouse, a keyboard, external monitors or for printing under the terms of this Protective Order. A receiving party shall not photograph, videotape, copy, remove, or otherwise transfer any portion of the Highly Confidential Source Code/Security Materials onto any recordable media or recordable

device, except as explicitly provided in paragraph 19.  The producing party may visually monitor the activities of the receiving party's representatives during any Highly Confidential Source Code/Security Materials review only to the extent necessary to ensure that there is no unauthorized recording, copying, or transmission of the Highly Confidential Source Code/Security Materials.  The receiving party wishing to review a producing party's Highly Confidential Source Code/Security Materials shall provide at least three (3) business days' notice before doing so, and the parties shall work together in good faith to accommodate inspections during regular business hours.  Review shall normally be limited to normal business hours, 9:00 a.m. to 6:30 p.m., local time, Monday through Friday.  However, in exceptional cases, the parties shall work in good faith to accommodate occasional after-hours review of the Highly Confidential Source Code/Security Materials, to no later than 8:00 p.m. local time, subject to the three business days' notice required by this paragraph.

       c)      The Access Computer(s) may not be connected to any printer (except as otherwise permitted in this Order) or storage device other than the internal hard disk of the computer (except for electronic media received from the supplying party), except to the extent another connection is required for purpose of permitting other actions allowed under other provisions of this paragraph, including paragraph 19(d).  The Access Computer(s) shall, at a receiving party's request, include reasonable analysis tools appropriate for the type of Source Code such as Notepad++, cygwin, DtSearch, and IntelliJ IDEA Ultimate, as well as tools for saving work product in encrypted fashion.  The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the producing party so that the producing party may install such tools on the Access Computer(s).  To the extent that such tools record local working files or other records reflecting the work performed by the receiving party, such files and records

shall not be reviewed, altered, or deleted by the producing party. In the event that additional

software is required to analyze data on Access Computer(s), such software may be installed on

Access Computer(s) by agreement of the parties.  Any installed software must be able to run on a

stand-alone basis on the Access Computer(s). Software which requires any network connection

to function, and thus would require connecting the Access Computer(s) to any network, may not

be installed. Electronic devices with a camera and/or network access, including but not limited to

laptops, tablets, and smartphones with such capabilities, may not be brought into a secured room

with an Access Computer.

      d)     The Highly Confidential Source Code/Security Materials may not be printed,

copied, transcribed,[1] photographed, imaged, or transmitted in any manner, with the following

exceptions:

              i)     A Private Party's Outside Counsel or Expert may request print-outs, at

their sole discretion, of portions of the Highly Confidential Source

Code/Security Materials ("Hard Copy Highly Confidential Material")

needed for expert reports, depositions, declarations, or other ITC

submissions, or hearing exhibits.  The Private Parties and their Experts

shall use best efforts to minimize the volume of Hard Copy Highly

Confidential Material generated. No party shall request print-outs in

excess of what it has a reasonable, good faith basis for requesting.  Blocks

of more than ten consecutive pages of Hard Copy Highly Confidential

Material may not be printed absent compliance with the procedure

---

[1] As used herein, "transcribed" refers to the wholesale copying of more than four consecutive lines of Highly Confidential Source Code/Security Materials and is prohibited.  Subject to the other restrictions of this Protective Order, this restriction does not prohibit copying of up to four consecutive lines of Highly Confidential Source Code/Security Materials or other permissible note taking.

described below in subparagraph 19(d)(ii).  In the event the producing party believes that the number of printed pages requested is unreasonable in the context of the total volume of source code made available for inspection by the producing party, then the producing party may object to the volume of Hard Copy Confidential Material requested. Such objections shall be resolved by way of the procedure described below in subparagraph 19(d)(ii).

ii)   If the receiving party desires to print more than a continuous block of up to ten pages of lines of Source Code, or if the producing party otherwise challenges the volume of printouts requested, the parties shall meet and confer to reach a reasonable compromise and, if no compromise can be reached, the receiving party and the producing party shall jointly petition the Administrative Law Judge for a resolution.  The receiving party shall bear the burden of showing its need for the extent of the Hard Copy Highly Confidential Source Code/Security Materials.

iii)  All Hard Copy Highly Confidential Material shall be made on anti-copy paper by the producing party, logged by both the producing party and receiving party, and shall be delivered within 72 hours of having been requested.  A party may request up to four printed copies of any Hard Copy Highly Confidential Material, each copy of which will be independently marked as a unique copy and will be uniquely logged.

iv)   Upon receipt, Hard Copy Highly Confidential Material shall be kept in a secure location in the office(s) of a receiving party's Outside Counsel or Expert when not in use, and may not be further copied.  The receiving party may also temporarily keep Hard Copy Highly Confidential Material at: (a) the Commission for any proceeding(s); (b) the sites where any

deposition(s) relating to the Highly Confidential Source Code/Security Materials, for the dates associated with the deposition(s); (c) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Commission proceeding or deposition); and (d) a location where a receiving party's Expert will work with printouts with outside counsel for a receiving party.  The receiving party shall exercise due care in maintaining the security of the printouts at these temporary locations. Hard Copy Highly Confidential Material may be transferred between the Private Parties' counsel and experts, or between experts, or between offices of the Privates Parties' counsel, but must be transferred either hand-carried via messenger or via Federal Express or similar reputable secure courier service which permits tracking of the location of the package.

v)   In connection with preparing expert or attorney work product such as internal drafts or memoranda, expert reports, expert declarations (e.g., in support of motions for summary determination), written expert witness statements, claim charts, or other briefs or memoranda, or in connection with preparation for deposition or other testimony (e.g., in outlines for examinations of an Expert or of a party witness identified as knowledgeable about the Highly Confidential Source Code/Security Materials), the experts and/or Outside Counsel may, in their sole discretion, excerpt or summarize Highly Confidential Source Code/Security Materials in other written or electronic materials (collectively "Highly Confidential Work Product"), but only to the extent necessary in this Investigation. Outside Counsel and Experts shall use best efforts to minimize the volume of materials directly quoted or copied

verbatim, e.g., by instead citing to the Bates numbered Hard Copy Highly Confidential Material. Any excerpted or summary information from any Highly Confidential Source Code/Security Materials included within Highly Confidential Work Product shall be clearly delineated by [[double brackets]], and permanently redacted from any public versions.

vi)     All Hard Copy Highly Confidential Material and all Highly Confidential Work Product shall be labeled at the top of each page with "HIGHLY CONFIDENTIAL [SOURCE CODE/SECURITY] MATERIALS — SUBJECT TO PROTECTIVE ORDER."

vii)    The Private Parties will submit Highly Confidential Source Code/Security Materials to the Commission in a manner that conforms with the Commission's electronic filing requirements while protecting the heightened confidentiality of the Highly Confidential Source SCode/Security Materials.

viii)   All printouts shall be returned to the producing party at the conclusion of the hearing or when all subsequent appeals to the Commission, the Federal Circuit, or U.S. Supreme Court are final, whichever occurs later, with a copy of the receiving party's log of all Hard Copy Highly Confidential Material received over the course of this matter.  Printouts must be stored in a secure location in a receiving party's outside counsel's or expert's offices when not in use.

e)      The parties shall ensure that access to Highly Confidential Source Code/Security Materials, Hard Copy Highly Confidential Material, and Highly Confidential Work Product is limited to the persons authorized under this Order.  The receiving parties shall maintain a record of any individual who has inspected or accessed any portion of the Highly Confidential Source Code/Security Materials in electronic or paper form.  It is the receiving parties' responsibility to

ensure that this record is present and updated with each visit to inspect or access Highly Confidential Source Code/Security Materials.

f)    Individuals with access to the Highly Confidential Source Code/Security Materials under the Protective Order shall log out of the Access Computer(s) when not reviewing the Highly Confidential Source Code/Security Materials.  Access to the Highly Confidential Source Code/Security Materials will be timed out after inactivity for 20 minutes.

g)    No images, copies, or excerpts of Highly Confidential Source Code/Security Materials may be included in correspondence between the Parties (references to production numbers shall be used instead), and any summaries should be kept to the highest level of generality possible.  Highly Confidential Source Code/Security Materials information shall be omitted from pleadings and other papers filed with or submitted to the ITC ("ITC Submissions") whenever possible.  The preceding notwithstanding, the Private Parties and OUII may, in their sole discretion, opt to include excerpts or summaries of Highly Confidential Source Code/Security Materials information within any ITC Submission.  Any excerpted or summary information included in an ITC Submission shall be limited to the minimum content deemed reasonably necessary by the preparing party to support the position(s) taken therein.  Any ITC Submission containing Highly Confidential Source Code/Security Materials or information derived from Highly Confidential Source Code/Security Materials shall be clearly marked on its cover as containing such information. Any excerpted or summary information in the ITC Submission shall be clearly delineated by [[double brackets]], and permanently redacted from any public versions.

h)      Highly Confidential Work Product may be hosted on a secure network, provided it is hosted on one or more servers residing in the United States (the "WP Server") that meet the following requirements: (1) access to the Highly Confidential Work Product is limited via unique logins and passwords to individuals that are granted access to Confidential Business Information under this Order; (2) the Highly Confidential Work Product are encrypted on the server such that they can only be accessed by the aforementioned individuals; and (3) the WP Server is hosted on a secure network.

i)      Experts and Outside Counsel may prepare and maintain Highly Confidential Work Product on portable password-protected encrypted electronic media, including network-connected computers featuring whole disc encryption, provided that the files containing the Highly Confidential Work Product are themselves also encrypted and password protected.

j)      Highly Confidential Work Product shall not be e-mailed. Highly Confidential Work Product may be transmitted between or within the offices of the Private Parties' counsel, to or from an expert who has agreed to be bound by the Protective Order in this investigation, or to or from a court reporter or translator within the United States, provided that Highly Confidential Work Product is encrypted (either at the individual file level or in an encrypted compressed archive such as an encrypted .rar file, and when physically transferred on a wholly encrypted device such as a USB or SSD drive).  The encrypted Highly Confidential Work Product may be transmitted only in two ways: (1) by a password protected secure file transfer protocol; and/or (2) by physical delivery of an encrypted USB or SSD drive via hand delivery or via Federal Express or similar reputable secure courier service which permits tracking of the location of the

package, provided that upon receipt the encrypted Highly Confidential Product is immediately deleted from any SFTP hosts.

k)      Copies of Highly Confidential Source Code/Security Materials that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Deposition transcripts that contain information derived from Highly Confidential Source Code/Security Materials shall be treated, stored, and used with the same restrictions as Highly Confidential Work Product under this Protective Order.  After a deposition, a producing party will promptly designate as necessary portions of the deposition transcript as containing information derived from Highly Confidential Source Code/Security Materials and work with court reporters to prepare a version of the deposition transcript with the designated portions redacted so that it is not subject to the same restrictions as Highly Confidential Work Product under this Protective Order.

l)      If either Party intends to offer any evidence at any hearing based on the materials designated as "HIGHLY CONFIDENTIAL [SOURCE CODE/SECURITY] MATERIALS — SUBJECT TO PROTECTIVE ORDER," the parties shall work with the Administrative Law Judge to ensure that appropriate measures are in place to preserve the confidentiality of the designated materials to the extent reasonably practicable.

m)      In-house counsel and other in-house party employees of a receiving party shall not under any circumstances have access to materials designated "CONFIDENTIAL BUSINESS INFORMATION — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL [SOURCE CODE/SECURITY] MATERIALS — SUBJECT TO PROTECTIVE ORDER" or to

information derived from such materials, including any discussion or verbal report on such materials or information, except by the written agreement of the producing party.

n)      To the extent that any Highly Confidential Source Code/Security Materials are written in a language other than English, translators may access the documents to provide translations with the following restrictions. A party seeking to translate Highly Confidential Source Code/Security Materials shall provide the name(s), address(es), and resume(s) of its proposed translator(s) to the producing party at least five days before the translator will have access to any Highly Confidential Source Code/Security Materials.  Translators may not be employees or former employees of any party to this litigation. If the producing party does not object to a translator, the translator may access the foreign-language Highly Confidential Source Code/Security Materials for the sole purpose of preparing translations under the same terms as provided under paragraph 19(b), after having executed an agreement to be bound by the protective order.  If the producing party objects to a translator, the parties shall meet and confer to resolve any issues.

o)      Translations of Highly Confidential Source Code/Security Materials may be typed on the Access Computers. Translators may also be supplied with Hard Copy Highly Confidential Material, pursuant to the same terms and restrictions applicable to supply of such material to Experts, with all Hard Copy Highly Confidential Material to be returned by the Translators immediately upon completion of their translations.  Translations and draft translations shall be marked "HIGHLY CONFIDENTIAL [SOURCE CODE/SECURITY] MATERIALS — SUBJECT TO PROTECTIVE ORDER" and treated, stored, and used with the same restrictions as other materials so marked under this Protective Order.  Where a translation is of Highly

Confidential Source Code/Security Materials on an Access Computer, it will be handled pursuant to all provisions governing material on Access Computers.  Where a translation is of Hard Copy Highly Confidential Material, it will be handled pursuant to all provisions governing Hard Copy Highly Confidential Material; translations that consist only of excerpts or summaries of Hard Copy Highly Confidential Material may be treated in the first instance and handled pursuant to all provisions governing Highly Confidential Work Product.  Where a translation is of Highly Confidential Work Product, it will be handled pursuant to all provisions governing Highly Confidential Work Product.

p)      OUII shall have the same rights to review and receive Highly Confidential Source Code/Security Materials, Hard Copy Highly Confidential Material, and Highly Confidential Work Product as outside counsel for any party under this Order.

q)      At any time Highly Confidential Source Code/Security Materials are made available by the Producing Party, the Producing Party shall serve written notice that the Highly Confidential Source Code/Security Materials have been made available in this Investigation.  A Producing Party may provide additional written notice that the Highly Confidential Source Code/Security Materials on the Access Computer are also available for purposes of one or more parallel actions, pursuant to the terms of any protective order(s) in place therein.  Highly Confidential Source Code/Security Material made available in this Investigation shall not lose its confidentiality status and its entitlement to protection under the terms of this Protective Order as a result of having been made available in a parallel action, or as a result of having been accessed in a parallel action by individuals entitled to access it in that action.

r)      Where Highly Confidential Source Code/Security Materials have been made available both in this Investigation and in some other action, and where printouts are requested in this Investigation, the supplying party shall conspicuously indicate on each page that they have been produced in this Investigation, e.g. via affixing a unique Bates number.  No printed Highly Confidential Source Code/Security Materials produced in this Investigation may be used in any other action absent written consent of the Supplying Party.  Any Highly Confidential Source Code/Security Materials made available in multiple actions shall be separately reproduced with unique labeling by the Producing Party in each action where it is requested, pursuant to the terms of any applicable protective order in the relevant action.

20.      Absent written consent from the Producing Party, anyone who reviews, in whole or in part, another Party's technical Confidential Business Information or Highly Confidential Source Code/Security Materials under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the technical Confidential Business Information or Highly Confidential Source Code/Security Materials which that person actually reviewed (or in the case of outside experts or consultants, was given access, as explained below) on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to technical Confidential Business Information or Highly Confidential Source Code/Security Materials and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the subject matter of the technical Confidential Business Information or Highly

Confidential Source Code/Security Materials which that person actually reviewed (or for outside experts or consultants, was given access).  To avoid any issues as to whether an outside expert or consultant reviewed technical Confidential Business Information or Highly Confidential Source Code/Security Materials produced by a Party, it will be presumed that outside experts or consultants reviewed such materials that were provided for review.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent, or representing a party whose patent is being challenged, before a domestic or foreign agency (including, but not limited to, a reissue protest, *inter partes* review, post grant review, covered business method review), so long as such representation does not include participation in the preparation, editing, drafting, or amending of claims or providing any advice, analysis, or counseling for amendment of claims or drafting of new claims.  "Prosecution" does include participating directly or indirectly in drafting or amending patent claims in original prosecution, ex parte reexamination, *inter partes* review or reissue proceedings on behalf of a patentee in the United States or elsewhere.  This Prosecution Bar shall begin when access to technical Confidential Business Information or Highly Confidential Source Code/Security Materials or information from such material is first received by the affected individual and shall end two (2) years after final termination of this action, including the termination of all subsequent appeals to the Commission, the Court of Appeals, or U.S. Supreme Court. Access to non-technical Confidential Business Information (e.g., revenue, P&L statements, or license agreements, which do not disclose confidential technical features of a product or service) shall not by itself invoke this bar.  Further, nothing in this section shall prevent any attorney from sending prior art to an attorney involved in any prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a

patent applicant in complying with its duty of candor.  This Prosecution Bar shall not limit a

Party, its employees, or its counsel's use of its own Confidential Business Information or Highly

Confidential Source Code/Security Materials.