Michael K. Plimack (SBN: 133869)
    *mplimack@cov.com*
Winslow Taub (SBN: 233456)
    *wtaub@cov.com*
Nathan E. Shafroth (SBN: 232505)
    *nshafroth@cov.com*
David M. Jolley (SBN: 191164)
    *djolley@cov.com*
Alice Ahn (SBN: 245723)
    *aahn@cov.com*
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

Robert T. Haslam (SBN: 71134)
    *rhaslam@cov.com*
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, California 94065-1418
Telephone: +1 (650) 632-4700
Facsimile: +1 (650) 632-4800

*Attorneys for Defendants and Counterclaim-Plaintiffs*
*OpenTV, Inc. and Nagravision SA*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, | Case No.:  3:16-cv-06180-WHA |
| Plaintiff, | |
| v. | **OPENTV'S OPPOSITION TO COMCAST'S MOTION TO STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS** |
| OPENTV, INC. and NAGRAVISION SA, | |
| Defendants. | Date:        May 25, 2017<br>Time:        8:00 a.m.<br>Courtroom:   8<br>Judge:       Hon. William H. Alsup |

## TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ iv

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      INTRODUCTION ................................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................................................... 2

        A.      OpenTV's Infringement Contentions Provide Extensive Facts Supporting
                Infringement.............................................................................................................. 2

        B.      Comcast Avoided Meeting and Conferring on the Issues Raised in Its Motion..... 4

III.    LEGAL STANDARD ......................................................................................................... 5

IV.     ARGUMENT ...................................................................................................................... 5

        A.      Comcast's Motion to Strike Is Procedurally Deficient Because Comcast Did Not
                Attempt to Meet and Confer Regarding OpenTV's Disclosures. ............................ 5

        B.      OpenTV's Infringement Contentions Satisfy the Requirements of Patent Local
                Rule 3-1.................................................................................................................... 7

                1.      OpenTV's Infringement Contentions Provide Notice of Its
                        Infringement Theories and Supporting Facts.............................................. 7

                2.      OpenTV's Claim Charts Properly Map Each Accused Instrumentality
                        in Representative Products as Required by Patent Local Rule 3-1(c). ...... 12

                3.      OpenTV's Indirect Infringement Contentions Are Sufficiently
                        Detailed.................................................................................................... 16

                4.      OpenTV Properly Raised and Preserved Its Doctrine of Equivalents
                        Arguments for the '586 Patent.................................................................. 18

        C.      Even if OpenTV's Infringement Contentions Were Inadequate, OpenTV Should
                Be Permitted to Amend and/or Supplement Its Contentions. ................................ 19

V.      CONCLUSION................................................................................................................ 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Avago Technologies, Inc. v. IPtronics Inc.*,
   No. 5:10-CV-02863-EJD, 2015 WL 4647923 (N.D. Cal. Aug. 5, 2015) ......................................15, 17

*Bender v. Advanced Micro Devices, Inc.*,
   No. C-09-1149 MMC (EMC), 2010 WL 363341 (N.D. Cal. Feb. 1, 2010) .......................................21

*Blue Spike, LLC v. Adobe Sys., Inc.*,
   No. 14-CV-01647-YGR (JSC), 2015 WL 335842 (N.D. Cal. Jan. 26, 2015) ............................ *passim*

*Cap Co. v. McAfee, Inc.*,
   No. 14-CV-05068-JD, 2015 WL 4734951 (N.D. Cal. Aug. 10, 2015) ...............................................14

*CBS Interactive, Inc. v. Etilize, Inc.*,
   257 F.R.D. 195 (N.D. Cal. 2009) .......................................................................................................5

*Comcast Cable Commc'ns Corp. v. Finisar Corp.*,
   No. C 06-04206 WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) ...................................................6

*Creagri, Inc. v. Pinnaclife Inc.*,
   No. 11-CV-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) ...........................6, 11, 21

*Crossbow Tech., Inc. v. YH Tech.*,
   No. C-03-04360 SI (EDL), 2007 WL 926876 (N.D. Cal. Mar. 26, 2007) ........................................7, 8

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
   559 F.3d 1308 (Fed. Cir. 2009) .........................................................................................................21

*Finjan, Inc. v. Proofpoint, Inc.*,
   No. 13-CV-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) ..............................................21

*Finjan, Inc. v. Sophos, Inc.*,
   No. 14-CV-01197-WHO, 2015 WL 5012679 (N.D. Cal. Aug. 24, 2015) ..........................................22

*Flowers v. Ahern*,
   No. C 08-4179 CW (PR), 2011 WL 2516533 (N.D. Cal. June 23, 2011) ........................................6, 8

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
   No. 12-CV-04967 WHA (NC), 2013 WL 1878912 (N.D. Cal. May 3, 2013) ...............................9, 20

*FusionArc, Inc. v. Solidus Networks, Inc.*,
   No. C 06-06760 RMW (RS), 2007 WL 1052900 (N.D. Cal. Apr. 5, 2007) ..............................5, 9, 22

*Geovector Corp. v. Samsung Elecs. Co.*,
   No. 16-cv-02463-WHO, 2017 WL 76950 (N.D. Cal. Jan. 9, 2017)...............................16, 19. 20, 22

*Infineon Techs. AG v. Volterra Semiconductor*,
No. C-11-06239 MMC (DMR), 2013 WL 5366131 (N.D. Cal. July 31, 2013) ............................ 14, 18

*In re: Maxim Integrated Prod., Inc.*,
No. 12-244, 2013 WL 12141373 (W.D. Pa. Mar. 19, 2013) ................................................................. 10

*Moore v. Magat*,
No. 14-CV-03608-HSG (PR), 2015 WL 5611438 (N.D. Cal. Sept. 21, 2015) ..................................... 6

*Renesas Tech. Corp. v. Nanya Tech. Corp.*,
No. C 03-05709 FJ, 2004 WL 2095698 (N.D. Cal. Sept. 20, 2004) ...................................................... 7

*SAGE Electrochromics Inc. v. View Inc.*,
No. C-12-06441 JST (DMR), 2013 WL 4777164 (N.D. Cal. Sept. 6, 2013) ............................. *passim*

*Silicon Labs. Inc. v. Cresta Tech. Corp.*,
No. 5:14-CV-03227-PSG, 2015 WL 846679 (N.D. Cal. Feb. 25, 2015) ....................................... 9, 15

**Statutes**

17 U.S.C. § 1201(a) ......................................................................................................................... 4, 10

**Other Authorities**

Civil Local Rule 37-1 ....................................................................................................................... 1, 6, 7

Fed. R. Civ. P. 37 ..................................................................................................................................... 6

Patent Local Rule 3-1 .................................................................................................................. *passim*

## STATEMENT OF ISSUES TO BE DECIDED

Plaintiff Comcast Cable Communications LLC ("Comcast") has moved to strike Defendants OpenTV, Inc. and Nagravision SA's (collectively "OpenTV") infringement contentions as inadequate under Patent Local Rule 3-1. The issues presented are:

1. Whether Comcast's motion should be denied because Comcast made no attempt to meet and confer with OpenTV or otherwise raise any issue with respect to OpenTV's disclosure of infringement contentions before asking this Court to resolve a disclosure dispute as required by Civil Local Rule 37-1(a).

2. Whether OpenTV's infringement contentions satisfy the requirements of Patent Local Rule 3-1 because OpenTV provided sufficient information to give Comcast notice of its infringement theories and to raise a reasonable inference that the accused products infringe.

3. If OpenTV's infringement contentions do not satisfy the requirements of Patent Local Rule 3-1, whether the Court should allow OpenTV to amend and/or supplement its contentions.

OPENTV'S OPPOSITION TO COMCAST'S MOTION TO                3:16-cv-06180-WHA
STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Without once offering to meet and confer with OpenTV about the adequacy of its infringement contentions, Comcast filed the present motion asking this Court to strike OpenTV's contentions for purportedly failing to meet various requirements set forth by Patent Local Rule 3-1.[1] Ignoring the substantial evidence OpenTV supplied, Comcast's central argument is that the presence of the phrase "information and belief" in OpenTV's infringement contentions renders them lacking in evidentiary support. Comcast also argues that (i) OpenTV did not provide separate claim charts for each of Comcast's products that are functionally equivalent; (ii) OpenTV's indirect infringement contentions are insufficiently detailed; and (iii) some of OpenTV's doctrine of equivalents allegations are insufficiently detailed.[2]

For three principal reasons, the Court should deny Comcast's motion. First, Comcast's motion is procedurally deficient because Comcast did not attempt to meet and confer with OpenTV to discuss the adequacy of OpenTV's infringement contentions before seeking judicial intervention, as required by Civil Local Rule 37-1(a). This rule helps ensure that disputes such as this do not become unnecessary satellite litigation, often brought for tactical reasons instead of a genuine need for additional disclosure of infringement information.

Second, even if the Court excuses Comcast's disregard for this district's meet-and-confer requirement and reaches the merits of Comcast's motion, OpenTV's infringement contentions provide sufficient information and detail to satisfy the requirements of Patent Local Rule 3-1. The Patent Local Rules generally require a party claiming infringement to provide enough information to give the accused infringer notice of its theories of patent infringement and to raise a reasonable inference that the accused products infringe. For the four remaining patents-in-suit, OpenTV provided nearly 300 pages of claims

---

[1] "OpenTV" refers collectively to Defendants and Counterclaim-Plaintiffs OpenTV, Inc. and Nagravision SA; "Comcast" refers to Plaintiff and Counterclaim-Defendant Comcast Cable Communications LLC. "Mot. to Strike" refers to Comcast's Motion to Strike Defendants' Infringement Contentions (Dkt. No. 102).

[2] Comcast also argues that OpenTV failed to identify with sufficient specificity products that practice U.S. Patent No. 7,243,139 (the "'139 Patent"). For the purpose of this litigation only, OpenTV no longer intends to rely on the assertion that its or its licensees' products practice the '139 Patent. Accordingly, Comcast's argument on this issue is moot.

1

charts setting forth in detail its theories of infringement, mapping patent claims onto representative products, and supplying mountains of supporting information—including photographs from product teardowns, chip and processor diagrams, and Comcast's marketing materials. This detailed analysis allowed OpenTV to confirm facts supporting infringement as well as to provide reasonable, informed inferences about infringement that OpenTV expects to confirm during discovery when, for example, Comcast makes its confidential source code available for review. With no way to access this confidential Comcast information before discovery (*e.g.*, reverse engineering of products does not yield source code or decrypted data streams), these informed infringement allegations were appropriately stated on information and belief. Accordingly, OpenTV's contentions were more than sufficient to provide Comcast with notice of its infringement theories.

Third and finally, even if one were to assume that OpenTV's infringement contentions were inadequate, the relief Comcast requests—permanently striking the contentions—is unwarranted. In this case, OpenTV should be allowed to amend and/or supplement its contentions to supply the information and details Comcast now seeks.

## II.    STATEMENT OF FACTS

### A.    OpenTV's Infringement Contentions Provide Extensive Facts Supporting Infringement.

Comcast filed this declaratory judgment action in October 2016, and now seeks declarations of non-infringement with respect to four of OpenTV's patents.[3] OpenTV asserts counterclaims of infringement for the same patents. (Dkt. No. 105.)

---

[3] The scope of this litigation has been drastically reduced by OpenTV since the Initial Case Management Conference. In total, twelve claims from four OpenTV patents remain currently at issue. In its Second Amended Complaint, the operative complaint here, Comcast asserts ten counts of non-infringement, one each for ten patents-in-suit. (Dkt. No. 84.) The ten patents-in-suit were U.S. Patent Nos. 7,900,229 (the "'229 Patent"); 6,895,595 (the "'595 Patent"); 6,725,461 (the "'461 Patent"); 5,907,322 (the "'322 Patent"); 6,985,586 (the "'586 Patent"); 6,345,389 (the "'389 Patent"); 6,799,328 (the "'328 Patent"); 7,028,327 (the "'327 Patent"); 7,243,139 (the "'139 Patent"); and 6,530,082 (the "'082 Patent"). The Court granted Comcast's motion to stay all claims involving the '389 and '327 Patents, which are being litigated in the U.S. International Trade Commission (Dkt. No. 93), and OpenTV provided Comcast with covenants not to sue for past or present infringement of the '229, '322, and '328 Patents (Dkt. Nos. 89 at 2; 102 at 1 & n.2). These five patents are no longer at issue in this case and Comcast's motion does not challenge OpenTV's infringement contentions with respect to them. *See* Mot. to Strike at 1–2 & n.2.

OpenTV served its disclosure of asserted claims and infringement contentions on March 17, 2017.[4] Based on its extensive pre-suit investigation, OpenTV's contentions are set out over nearly 300 pages of claims charts that explain in detail how the accused products infringe the asserted claims of the four remaining patents-in-suit. The claim charts reflect OpenTV's reverse-engineering of Comcast's products within the legal and technological bounds placed on it, given its lack of access to Comcast's highly confidential source code or encrypted data streams and law prohibiting the circumvention of Comcast's security measures.[5] In particular, the charts reflect OpenTV's product "teardowns" (*i.e.*, disassembly) of Comcast's accused set-top boxes, providing external and internal pictures showing the accused products' configurations and functionalities. *See, e.g.*, '595 Contentions at 6–7, 16, 24, 28–29, 36, 86. The charts provide photographs, diagrams and descriptions of chips and processors contained in the accused products. *See, e.g.*, '595 Contentions at 21, 18–19, 30–31, 33, 40, 54–55, 75–76, 81–82, 122. Though OpenTV did not have access to the underlying source code and data streams that would show precisely how certain Comcast accused user-interactive features operate "under the hood," OpenTV's contention charts do contain multiple series of photographs and screenshots showing Comcast's services in action, setting forth in detail the observable functionality of relevant user-interactive features. *See, e.g.*, '595 Contentions at 25–27. OpenTV also included excerpts from Comcast's website, user guides, press releases, and other advertising and marketing materials,

---

After Comcast filed its motion to strike and served its invalidity contentions, OpenTV agreed to provide Comcast with a covenant not to sue for past or present infringement of the '461 Patent. Accordingly, Comcast's arguments with respect to the '461 Patent are moot. The only four remaining patents at issue in this case are the '595, '586, '139, and '082 Patents.

[4] Comcast provided, as exhibits to its motion to strike, OpenTV's infringement contentions, claim charts, and proposed amended contentions and claim charts. (*See* Dkt. Nos. 102-2–102-10.) OpenTV will refer to the contentions for the respective patents as "[Patent Number] Contentions" or "Amended [Patent Number] Contentions" throughout.

[5] For example, the Digital Millennium Copyright Act provides: "No person shall circumvent a technological measure that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A). As used in the Act, "to 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A).

3

describing the user-interactive features of Comcast products and services. *See, e.g.*, '595 Contentions at 8, 14, 20, 94.

Out of an abundance of caution, OpenTV's contentions do supplement the extensive facts on which they rely with "information and belief" in some instances. This is because certain accused features largely reside in Comcast's confidential software and encrypted data streams, the specific source code and keys for which are not publicly-accessible. Indeed, even now that the parties are in litigation, the parties must negotiate special, additional protective order limitations on the extent to which source code may be accessed. Thus, while OpenTV was not able to make contentions at the code line level as to certain Comcast features, it was able to make and provide reasonable, informed inferences that Comcast's secret source code and encrypted data streams in fact function as all observable evidence indicates that they do.

### B.     Comcast Avoided Meeting and Conferring on the Issues Raised in Its Motion.

On April 10, 2017, OpenTV conferred with Comcast as to whether Comcast would oppose a motion to give OpenTV leave to amend its contentions to address new allegations in Comcast's Second Amended Complaint with respect to the '139 and '586 Patents. (Dkt. No. 100-3 at 4–5.) Although the parties conferred over the course of several emails (with Comcast ultimately stating simply that it would oppose such a motion), at no point did Comcast raise any issues with the adequacy of OpenTV's contentions, or mention that it was contemplating a motion to strike.[6] Decl. of Alice J. Ahn in Support of OpenTV's Opposition to Comcast's Mot. to Strike Defs.' Infringement Contentions ("Ahn Decl."), at ¶¶ 7–9.

On April 20, 2017, more than a month after receiving OpenTV's infringement contentions, and without ever even suggesting to OpenTV that the contentions were deficient in any way, Comcast filed the present motion seeking to strike OpenTV's contentions as inadequate under Patent Local Rule 3-1.

---

[6] OpenTV did move for leave to amend its contentions as to the '139 and '586 Patents (Dkt Nos. 100, 101), and provided copies of its amended contentions (Dkt. No. 101-2) and amended claim charts for those patents (Dkt. Nos. 100-2,101-3).

### III.     LEGAL STANDARD

Patent Local Rule 3-1 "provides for a 'streamlined' mechanism to replace the 'series of interrogatories that defendants would likely have propounded' in its absence." *FusionArc, Inc. v. Solidus Networks, Inc.*, No. C 06-06760 RMW (RS), 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) (citation omitted). The primary goal of early contentions is to "provide all parties with adequate notice and information with which to litigate their cases." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 200 (N.D. Cal. 2009). "What matters is whether the plaintiff has included enough information in the [infringement contentions] to reveal its theory of infringement on a claim by claim, element by element basis." *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-CV-01647-YGR (JSC), 2015 WL 335842, at *5 (N.D. Cal. Jan. 26, 2015). Thus, "Patent Local Rule 3-1 mandates that a plaintiff's infringement contentions 'must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement' and 'to raise a reasonable inference that all accused products infringe.'" *SAGE Electrochromics Inc. v. View Inc.*, No. C-12-06441 JST (DMR), 2013 WL 4777164, at *1 (N.D. Cal. Sept. 6, 2013). The Rule "do[es] not, as is sometimes misunderstood, require the disclosure of specific evidence nor do[es] [it] require a plaintiff to prove its infringement case." *Creagri, Inc. v. Pinnaclife Inc.*, No. 11-CV-06635-LHK-PSG, 2012 WL 5389775, at *2 (N.D. Cal. Nov. 2, 2012).[7]

### IV.     ARGUMENT

#### A.     Comcast's Motion to Strike Is Procedurally Deficient Because Comcast Did Not Attempt to Meet and Confer Regarding OpenTV's Disclosures.

As a threshold issue, Comcast's motion suffers a fatal procedural flaw. Civil Local Rule 37-1(a) provides: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." *See also Moore v. Magat*, No. 14-CV-03608-HSG (PR), 2015 WL

---

[7] Although a related purpose of Patent Local Rule 3-1 is to encourage a party to crystalize its infringement theories early in the case, "it is equally true that the rule is not a straitjacket into which litigants are locked from the moment their contentions are served." *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). "There is a modest degree of flexibility, at least near the outset." *Id.*

5611438, at *1 (N.D. Cal. Sept. 21, 2015) ("It is only when the parties are unable to resolve the dispute after making a good faith effort to do so that they should seek the Court's intervention.").

When a moving party fails to satisfy this pre-filing requirement, the appropriate course of action is to deny the motion and order the parties to meet and confer to attempt to resolve or narrow any outstanding disputes before seeking judicial intervention. *See, e.g., Flowers v. Ahern*, No. C 08-4179 CW (PR), 2011 WL 2516533, at *1–2 (N.D. Cal. June 23, 2011) (denying a motion to compel discovery because "there is no indication from the record that the parties have made any attempt to meet and confer, as is required by Civil Local Rule 37-1" and ordering the parties "to meet and confer regarding outstanding discovery matters"); *Crossbow Tech., Inc. v. YH Tech.*, No. C-03-04360 SI (EDL), 2007 WL 926876, at *1 (N.D. Cal. Mar. 26, 2007) (denying a motion to compel "for failure to comply with Civil Local Rule 37-1" and ordering "the parties to promptly engage in meet and confer, in good faith and with direct dialogue and discussion, pursuant to the Civil Local Rules").

A motion to strike a party's *disclosure* of asserted claims and infringement contentions, by definition, constitutes a "disclosure or discovery dispute" under Civil Local Rule 37-1. *See* Pat. L.R. 3-1 ("Disclosure of Asserted Claims and Infringement Contentions"); *cf. Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C 03-05709 FJ, 2004 WL 2095698, at *1 (N.D. Cal. Sept. 20, 2004) (explaining that the "primary relief" sought by a motion to strike infringement contentions "is an order compelling Plaintiff to provide adequate disclosures"). Accordingly, Civil Local Rule 37-1(a) required Comcast to attempt to meet and confer with OpenTV before asking the Court to resolve any outstanding disputes about OpenTV's disclosures.

Comcast made no attempt to meet and confer with OpenTV about the adequacy of its infringement contentions despite having more than a month to do so. Ahn Decl., at ¶ 8. Comcast never sent a deficiency letter to OpenTV's counsel outlining the alleged problems it now purports to have with OpenTV's infringement contentions. *Id.* at ¶ 7. Comcast also never raised these issues during the many times when its counsel were already meeting and conferring with OpenTV to discuss other discovery or disclosure matters—even when the parties were actually discussing the very contentions Comcast now seeks to strike. *Id.* at ¶ 9. Instead, without ever even giving OpenTV notice of any dispute regarding its

disclosures, Comcast filed its motion demanding that the Court strike those disclosures without leave to amend.

For this reason alone, the Court should deny Comcast's motion to strike and order the parties to meet and confer before seeking judicial intervention. *See Flowers*, 2011 WL 2516533, at *1–2; *Crossbow Tech*, 2007 WL 926876, at *1.

### B.   OpenTV's Infringement Contentions Satisfy the Requirements of Patent Local Rule 3-1.

Comcast's motion fares no better on the merits. OpenTV responds to Comcast's four arguments, each purporting to show that OpenTV's infringement contentions are inadequate.[8] None succeeds.

#### 1.   OpenTV's Infringement Contentions Provide Notice of Its Infringement Theories and Supporting Facts.

##### a)   OpenTV Appropriately Relied on Available Information—Comcast's Secret Source Code and Encrypted Data Streams Are Non-Public.

Comcast's primary argument is that OpenTV's infringement contentions are inadequate because they incorporate "information and belief" allegations. Comcast misstates what the local rules require and mischaracterizes what OpenTV's infringement contentions provide.

Patent Local Rule 3-1 requires a party to provide enough information in its infringement contentions to demonstrate "why [it] believes it has a reasonable chance of proving infringement and to raise a reasonable inference that all accused products infringe," *SAGE Electrochromics*, 2013 WL 4777164, at *1, and "to reveal its theory of infringement" *Blue Spike*, 2015 WL 335842, at *5. A party may satisfy that burden in various ways, relying on information derived from various sources. For example, a party may "rely[ ] exclusively on the defendant's advertising or marketing materials for the facts of its contentions, if those materials provide enough information." *Blue Spike*, 2015 WL 335842, at *5 (emphasis omitted); *see also FusionArc*, 2007 WL 1052900, at *1 (denying a motion to strike infringement contentions even where "[t]here is no dispute that [the plaintiff] brought this case and

---

[8] In passing, Comcast also asserts that OpenTV failed to identify, for each patent-in-suit, the start and end date of the claimed damages period as required by Patent Local Rule 3-1(h). Mot. to Strike at 19 n.14. But OpenTV's infringement contentions specifically identify the date of first infringement for the four remaining patents in this case (the '595, '586, '139, and '082 Patents), and allege for each patent that Comcast "continues to [infringe] today," with the caveat that the damages period for the now-expired '139 Patent ended at the expiration of the patent. (Dkt. No. 102-2 at 13–15; Dkt. No. 102-7 at 1 n.1; Dkt. No. 102-9 at 1 n.1.)

prepared its [infringement contentions] based primarily on an analysis of [the defendant]'s marketing materials . . . and not on any process of 'reverse engineering' or similar process to determine how the accused systems operate" (emphasis omitted)).

Critically, "the Patent Local Rules provide some flexibility for a plaintiff given that 'there are times when a plaintiff's preparation is restricted by defendants' sole possession of the information plaintiffs need.'" *Blue Spike*, 2015 WL 335842, at *5 (citations and alteration omitted). "This is particularly true *in cases involving allegedly-infringing source code*," like this one. *Id.* (emphasis added). Indeed, contrary to Comcast's argument, which assumes that, to provide adequate notice of its theory of infringement, a patent holder must reverse-engineer accused products to an even greater extent than OpenTV did, *see, e.g.*, Mot. to Strike at 6, 9–10, 19 n.14, "[t]his court has repeatedly held that reverse engineering is not required." *Silicon Labs. Inc. v. Cresta Tech. Corp.*, No. 5:14-CV-03227-PSG, 2015 WL 846679, at *3 (N.D. Cal. Feb. 25, 2015); *see also SAGE Electrochromics*, 2013 WL 4777164, at *2 ("[Patent Local Rule 3-1] does not require Plaintiff to reverse engineer every product it has accused."); *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-CV-04967 WHA (NC), 2013 WL 1878912, at *3 (N.D. Cal. May 3, 2013) (same).

This flexibility is especially apt in this case, where Comcast not only prevents access to its source code and encrypted data streams, but even purports to contractually restrict what a customer can do to examine its set-top boxes. Comcast's standard agreement for residential services provides that the customer "agree[s] not to attach or assist any person to attach, any unauthorized device to our cable network, XFINITY Equipment or the Service(s)" and that the customer "agree[s] that [Comcast] may recover damages from you for tampering with any XFINITY Equipment." Ahn Decl., Ex. A at ¶ 6.b.3. Comcast's terms and conditions for business services go further, requiring a customer to "agree[ ] that it shall not . . . reverse engineer, decompile, or disassemble the Licensed Software." Ahn Decl., Ex. B at ¶ 8.2. Federal law, too, prohibits decryption of the data streams that provide programs and code to the accused set-top boxes. *See, e.g.,* 17 U.S.C. § 1201(a)(1)(A); *In re: Maxim Integrated Prod., Inc.*, No. 12-244, 2013 WL 12141373 (W.D. Pa. Mar. 19, 2013) (denying motion to dismiss claim against patentee under 17 U.S.C. § 1201(a)(1)(A) where patentee "decrypt[ed] network traffic transmissions" as part of

patent infringement pre-suit investigation). No reasonable interpretation of the Patent Local Rules suggests that OpenTV was required to undertake the potential violations that Comcast's arguments would require.

### b) OpenTV's Lengthy and Detailed Contentions Provide More Than Adequate Notice of Its Infringement Theories.

The touchtone for whether a patentee's infringement contentions are adequate is whether they provide notice of the patentee's theory of infringement, so that the accused infringer is not left guessing. *See SAGE Electrochromics*, 2013 WL 4777164, at *1; *Blue Spike*, 2015 WL 335842, at *5. Comcast cannot say that it is confused as to OpenTV's infringement theories. OpenTV's contentions contain more than enough information to reveal its theories of patent infringement and raise a reasonable inference that the accused products infringe. *See SAGE Electrochromics*, 2013 WL 4777164, at *1. Comcast's arguments to the contrary are unavailing and mischaracterize OpenTV's contentions.

Comcas's chief argument is that OpenTV's contentions are inadequate because they inappropriately rely on "information and belief" as a substitute for "concrete indicators of potential infringement." *See, e.g.*, Mot. to Strike at 6, 8. Comcast's motion implies that OpenTV's contentions are a few pages of fact-free speculation, made without any attempt to investigate (as was the case in the fact patterns of the cases Comcast cites in purported support of its arguments). But OpenTV's contentions are replete with facts, photographs, and citations to Comcast materials, as demonstrated below. *See also supra* Part II.A. The fact that certain statements are informed judgments subject to confirmation through discovery does not mean they are hypothetical. It just means that OpenTV has "raise[d] a reasonable inference that [Comcast's] accused products infringe," *SAGE Electrochromics*, 2013 WL 4777164, at *1, though it has not yet "prove[d] its infringement case," *see Creagri*, 2012 WL 5389775, at *2. That is just what OpenTV was required to do at this stage.

For example, Comcast takes issue with the following contention regarding the '139 Patent, asserting that OpenTV's use of "on information and belief" deprives the paragraph's factual statements of any objective support:

> *On information and belief*, in the first image below, Xfinity uses an "address" to show the user who is viewing the program *This Is Us* an advertisement for the upcoming TV show

9

> *Shades of Blue. On information and belief*, the data that Xfinity Stream uses to play the advertisement for users is accessed via a web "address identifying online content." *On information and belief*, in the second image below, Xfinity shows the user an advertisement for Ford and uses an "address identifying online content" along with that ad. If a user clicks on the advertisement for Ford, he or she is taken to Ford's webpage using that address, as shown in the third and fourth image below.

Mot. to Strike at 8 (emphasis added by Comcast). Comcast is wrong.

The first two sentences rely on the fact that content delivered to a user over the Internet relies on addresses to retrieve and display that content. This is a basic principle of how the Internet functions. No more information is needed to show that "Xfinity uses an 'address.'" The final two sentences are equally supported. Screenshots immediately after the paragraph show that when a user clicks on the advertisement for Ford, the user is redirected to a Ford webpage. Again, the fact that the Ford webpage was identified via an "address" is a reasonable inference based on how the Internet functions. And again, no additional information is needed to show that a webpage "uses an 'address identifying online content.'" OpenTV used "information and belief" in this paragraph merely to indicate that discovery is needed to confirm the specific addresses used to retrieve the advertisement for *Shades of Blue* and to redirect a user to Ford's webpage. Certainly, Comcast can understand OpenTV's infringement theory based on this contention.

With respect to OpenTV's proposed amended contentions for the '139 Patent, Comcast wrongly argues that OpenTV's use of (fewer) "information and belief" statements in its proposed amended '139 Patent contentions "appears to be an attempt to paper over the fact that [OpenTV] seemingly ha[s] no contemporaneously obtained pre-expiration evidence." *See* Mot. to Strike at 9. Comcast simply misapprehends the cited evidence—a misapprehension that would have been cleared up had Comcast sought to meet and confer with OpenTV before filing its motion. The amended claim chart relies on screenshots and evidence collected by OpenTV during the '139 Patent's term *in addition to* evidence from online sources that were dated during the '139 Patent's term. *Compare* Amended '139 Contentions, at 19, 31, *with* Amended '139 Contentions, at 17-18, 20-21. The only substantive criticism Comcast levies at OpenTV's amended claim chart is that it relies on an "assum[ption]" that a user who clicks on a Macy's advertisement and then finds herself at a Macy's webpage, was in fact "taken to" that Macy's webpage. *See* Mot. to Strike at 9. This is a specious argument. The Rules do not require

patentees to provide a detailed explanation of how the Internet works every time an asserted claim invokes basic Internet functionality. Once again, OpenTV used the phrase "information and belief" merely to acknowledge that OpenTV needs discovery to pinpoint the specific address used to redirect a user to the appropriate webpage.

Comcast criticizes OpenTV's contentions for the '595, '586, and '082 Patents in a cursory fashion spanning a single paragraph. *See* Mot. to Strike at 9–10. Comcast simply states that a single page from each set of contentions contains an assertion based on information and belief. *See id.* Comcast does not explain how any limitation OpenTV asserts on information and belief fails to give Comcast adequate notice of OpenTV's infringement theories for these patents. Indeed, OpenTV's lengthy and detailed contentions for these patents contain more than enough factual information to raise a reasonable inference that the accused products infringe:

- **'595 Patent**: Contrary to Comcast's assertions, OpenTV's infringement disclosures specifically describe how retrieved interactive television application modules are "inherently stored in local memory (e.g., cache memory) prior to or concurrent with being displayed on screen." '595 Contentions at 69. Among other information in its contentions, OpenTV provided screenshots showing interactive television applications displaying and updating data, inherently stored either before or during display on the screen, as it is retrieved and made available to that application. *Id.* at 70–71. OpenTV also pointed to, and explained, four different sources of local storage hardware in the accused set-top boxes, including the cache memory. *Id.* at 72–74.

- **'586 Patent**: OpenTV accuses Comcast's Operating Center, or headend, of transmitting authorization to a second set-top box to decrypt a DVR recording received from another primary set-top box in the same local network, in connection with Comcast's AnyRoom DVR service. '586 Contentions at 30–34; Amended '586 Contentions at 37–49. OpenTV's infringement disclosures explain—in words and images—OpenTV's infringement theory that the headend transmits a box restart or reset that allows the set-top box to decrypt the DVR recording and play

it. '586 Contentions at 30–34; Amended '586 Contentions at 37–49.[9] OpenTV made its allegations on information and belief only because Comcast's headend is not accessible to the public.

- **'082 Patent**: Contrary to Comcast's assertions, OpenTV's infringement contentions disclose its theory that Comcast uses "a data center for receiving responses generated by the subset of broadcast receivers executing the interactive application for selective monitoring." Mot. to Strike at 10. As shown in OpenTV's disclosures, Comcast's *own marketing materials* tout Comcast's ability to collect aggregate usage data "directly from set-top boxes," and then combine that data with "numerous qualitative and quantitative datasets." '082 Contentions at 13–14. It is reasonable to infer that Comcast's collection and processing of usage data from set-top boxes includes the use of "a data center for receiving responses generated" by those set-top boxes. Patent Local Rule 3-1 does not obligate OpenTV to support this allegation with personal knowledge by trespassing onto Comcast's data centers.

In short, OpenTV's infringement contentions supply more than enough information to reveal its infringement theory, demonstrate why OpenTV believes it has a reasonable chance of proving infringement, and raise a reasonable inference that the accused products infringe. *See SAGE Electrochromics*, 2013 WL 4777164, at *1; *Blue Spike*, 2015 WL 335842, at *5.

### 2.   OpenTV's Claim Charts Properly Map Each Accused Instrumentality in Representative Products as Required by Patent Local Rule 3-1(c).

Patent Local Rule 3-1(c) requires a party claiming infringement to provide "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality." Comcast contends that OpenTV failed to satisfy this requirement by failing to provide separate claims charts for each of Comcast's functionally equivalent accused products. Once again, Comcast misstates the Local Rules' requirements and mischaracterizes OpenTV's contentions.

---

[9] OpenTV provides even further detail in its amended contentions, demonstrating with screenshots that an error triggered by unplugging the primary box shows the second box receives the necessary data from the headend. Amended '586 Contentions at 37–49.

To begin with, Patent Local Rule 3-1 does not require a party to provide a claim chart for each accused product. Specifically, "[a] patentee is not require[d] to provide a claim chart for each accused product if the chart provided is representative of the other accused products." *Infineon Techs. AG v. Volterra Semiconductor*, No. C-11-06239 MMC (DMR), 2013 WL 5366131, at *4 (N.D. Cal. July 31, 2013); *see also Cap Co. v. McAfee, Inc.*, No. 14-CV-05068-JD, 2015 WL 4734951, at *2 (N.D. Cal. Aug. 10, 2015) ("[U]nder certain circumstances, the patentee can chart a representative product instead of each of the accused products individually."). To rely on a single claim chart, the patent holder need only "articulate how the accused products share the same, or substantially the same, infringing qualities with any other product or with the 'representative' product.'" *Silicon Labs*, 2015 WL 846679, at *1 (alterations and citation omitted).

*Avago Technologies, Inc. v. IPtronics Inc.* is instructive. No. 5:10-CV-02863-EJD, 2015 WL 4647923 (N.D. Cal. Aug. 5, 2015). There, the patent holder provided a chart reading the patent's claim on one accused product, which it alleged was representative of at least two other products. *Id.* at *5. The alleged infringer argued that the patent holder had failed to show that the charted product was representative of the additional products, and that the patent holder's arguments were "speculative" because it "lacks technical information about those products." *Id.* The court rejected those arguments, explaining that the patent holder's "burden at this stage does not mean that i[t] must prove it is right"; instead the patent holder's contentions "need only provide reasonable notice to the defendant as to why the plaintiff believes it has a reasonable chance of proving infringement." *Id.* Because the accused products all "appear[ed] to be configured and used similarly," and "[a]ny differences between the uncharted and charted products . . . do not appear material to the asserted claims of either patent-in-suit," the court concluded that "[t]his provided reasonable notice to [the alleged infringer] of [the patent holder]'s theory as to the [uncharted] products, whatever the ultimate merits of that theory." *Id.*

Here, OpenTV sufficiently "articulate[d] how the accused products share the same, or substantially the same, infringing qualities" with the representative products it charted. *Silicon Labs*, 2015 WL 846679, at *1 (alteration omitted). For example, OpenTV's contentions regarding the '139 Patent state that all of the identified products infringe the claims of the '139 Patent in the manner shown

for the charted products because all of the products "support videos and web-based content." '139 Contentions, at 1. The contentions then illustrate how Comcast infringes the '139 Patent, using specific products as examples. The accused products share the same critical characteristics because they support videos and web-based content, as OpenTV's contentions explain.[10]

Comcast complains that OpenTV charted only one representative set-top box in its contentions regarding the '595 Patent, while accusing 35 specific set-top box models. Mot. to Strike at 12, 14. But this type of redundant charting was not required. As explained in OpenTV's contentions, the PX013ANM set-top box that OpenTV charted is representative of all of the accused devices because it—like the others—supports the XFINITY X1 software platform. '595 Contentions at 1. Because OpenTV's infringement theory accuses the XFINITY X1 platform, along with common hardware components such as a microprocessor, local storage, and a coaxial cable connection, OpenTV has provided reasonable notice to Comcast of its '595 Patent infringement theories with respect to uncharted products. *See, e.g., id.* at 36–39 (microprocessor), 50–55 (local storage), 12–16 (coaxial cable connection).

Similarly, with respect to the '586 Patent, OpenTV showed how the accused products share the same or substantially the same infringing qualities as the representative PX013ANM primary DVR set-top box and the PX032ANI[11] secondary set-top box charted in its contentions—namely, the accused devices all support AnyRoom DVR functionality. '586 Contentions at 1. As reflected in OpenTV's

---

[10] Comcast's reliance on *Geovector* for the broad proposition that one may not functionally define accused products is misplaced. In *Geovector*, the patentee accused broad categories consisting of hundreds of devices, such as "all tablets shipped between 2010 and 2013," and failed to chart a single product against all of the claim limitations. *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-cv-02463-WHO, 2017 WL 76950, at *4–5 (N.D. Cal. Jan. 9, 2017).

[11] Comcast claims in a footnote that the Pace PX032ANI model set-top box was "not identified as an infringing product." Mot. to Strike at 13 n.12. This is disingenuous, as OpenTV identifies the PX032ANI box not only throughout its cover pleading in its contentions, but uses it as the representative infringing product charted in its contentions. OpenTV accused "Pace XFINITY X1-enabled devices that support AnyRoom DVR functionality" and "Xi3 models including . . . Pace Xi3"). '586 Contentions at 1. The PX032ANI box is a Pace Xi3 model. Ahn Decl., Ex. C at 1. Further, OpenTV explained how its chart identifies each limitation in the Pace PX013ANM and PX032ANI boxes, which are "representative of all Accused Products, which practice the Asserted Claim in a manner consistent with" the PX013ANM and PX032ANI boxes. '586 Contentions at 2.

---

disclosures, Comcast's literature describes its AnyRoom DVR functionality generally, without regard to specific model numbers, unless it is distinguishing between the two parts of the system: the primary DVR set-top box (PX013ANM) and the secondary set-top box (PX032ANI). *See, e.g.,* '586 Contentions at 8–9, 12.[12] OpenTV has shown that the accused products appear to be configured and used similarly, and that any differences between the uncharted and charted products are not material. *See Avago*, 2015 WL 4647923, at *5.[13]

The claim chart for the '082 Patent similarly articulates how the accused products share substantially the same infringing qualities with the representative product—namely, the two uncharted accused set-top boxes, the Pace TDC575D and the Pace RNG150N, share substantially the same infringing qualities as the charted Pace RNG110 set-top box because they too "are compatible with Comcast Spotlight Telescoping overlays." '082 Contentions at 1, 8–13. The infringement contentions allege, in detail, how Comcast Spotlight Telescoping overlays infringe the '082 Patent. *Id.* at 2–14.

---

[12] OpenTV further: (a) disclosed how the accused primary set-top boxes are substantially the same as the PX013ANM using Comcast's website, which shows "X1 DVRs" are Arris XG1 and Pace XG1 devices generally, *id.* at 8; and (b) identified Pace and ARRIS model set-top boxes that are MoCA 1.1 and 2.0 certified, '586 Contentions at 19–20, 25–26, 28–29. MoCA, or Multimedia Over Coax Alliance, is a standards organization that has specified a protocol that enables content sharing in the home over a coaxial cable connection.

[13] Comcast argues in a footnote that OpenTV did not sufficiently identify the structure that constitutes the claimed means in means-plus-function limitations in the '586 Patent. Mot. to Strike at 19 n.14. This is incorrect. OpenTV disclosed its theory that "user units" comprise "means for transferring a product encrypted with a transport key and stored in the storage means of the first user unit for sending to the second user unit." OpenTV accuses the MoCA interface as the "means for transferring a product encrypted with a transport key . . . for sending to the second user unit" and local storage on the primary DVR as the "storage means of the first user unit." '586 Contentions at 27–30, *see also id.* at 7–18 (detailing and explaining the "storage means" of the "user units" in the claim, showing Comcast's touted DVR Storage capacity and hardware, for example, a hard drive). And OpenTV disclosed its theory that the "operating centre" comprises "means for transmitting the authorization to the second unit to decrypt the product." OpenTV accuses Comcast's headend of transmitting an authorization to the second set-top box to decrypt the received DVR recording through a box restart or reset, performed by a customer or an XFINITY agent. *Id.* at 30–34. Further, in its proposed amended contentions, OpenTV demonstrated the accused functionality by disconnecting the primary box, triggering an error encouraging customers to reboot their box. *Id.* at 37–49.

OPENTV'S OPPOSITION TO COMCAST'S MOTION TO                    3:16-cv-06180-WHA
STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS

In sum, OpenTV's contentions sufficiently articulate why the charted products are representative of other accused products. Accordingly, OpenTV was "not require[d] to provide a claim chart for each accused product." *Infineon Techs*, 2013 WL 5366131, at *4.

### 3. OpenTV's Indirect Infringement Contentions Are Sufficiently Detailed.

Patent Local Rule 3-1(d) requires a patent holder to provide "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." OpenTV pursues an indirect infringement theory only with respect to the '595 and '586 Patents.[14] Comcast argues that OpenTV's indirect infringement contentions are conclusory and therefore insufficient. Comcast's argument fails because OpenTV's disclosures not only describe how infringement occurs when the customer uses Comcast's technology, but include Comcast's own marketing touting and explaining the accused features.

"[C]ourts in this District have upheld indirect infringement contentions so long as the plaintiff discloses sufficient information to set forth its theory of infringement, identifies a particular product line that was sold to customers, and contends that the indirect infringement occurs when the customer uses the technology." *Blue Spike*, 2015 WL 335842, at *7. OpenTV has satisfied this requirement. First, OpenTV disclosed sufficient information to set forth its theories of infringement, laying out the role of each party in the indirect infringement in the body of its contentions. '595 Contentions at 39–49 (explaining how user input through the XFINITY platform demonstrates infringement). Second, OpenTV identified particular product lines that were sold, leased, or advertised to customers. (Dkt. 102-2 at 5–8.) Third, OpenTV not only contended that the indirect infringement occurs when customers use

---

[14] In its original infringement contentions, OpenTV also asserted indirect infringement for the '139 and '082 Patents. OpenTV no longer asserts indirect infringement with respect to those patents. Additionally, in its original infringement contentions, OpenTV asserted indirect infringement for claim 1 of the '586 Patent. In its proposed amended contentions, however, OpenTV asserts only claim 4 of the '586 Patent and does not pursue an indirect infringement theory. In the event the Court denies OpenTV's motion for leave to amend its infringement contentions, OpenTV reserves its right to pursue indirect infringement for claim 1 of the '586 Patent. As explained above, OpenTV's contentions adequately articulate a theory of indirect infringement for this claim.

OPENTV'S OPPOSITION TO COMCAST'S MOTION TO
STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS

3:16-cv-06180-WHA

Comcast's products, (*id*. at 8–12), but described when and how indirect infringement occurs when customers use the accused features, again in the body of its contentions. Finally, OpenTV did not merely allege that Comcast markets and advertises the accused products to customers; OpenTV included in its disclosures specific references to, and screenshots of, Comcast's website and user manuals touting the accused features or instructing customers how to use them.[15] '595 Contentions at 5–6, 10–11, 85–86, 90–91; '586 Contentions at 7–9, 22, 27–28, 32–33.[16] Accordingly, OpenTV adequately alleged indirect infringement.

The two cases on which Comcast primarily relies do not compel a different conclusion. *See* Mot. to Strike at 15–16. In *Geovector Corporation v. Samsung Electronics Co.*, the patent holder alleged only that Samsung "indirectly infringes by 'making, using and selling products that infringe the Patents-in-Suit, causing those products to be manufactured and distributed, and providing instruction manuals for those products,'" and that "Samsung 'deliberately incorporated technologies claimed in the GeoVector patents into their products, and provided these technologies to a number of customers and third-party application developers through the Samsung App Store.'" 2017 WL 76950, at *6. The court found those contentions inadequate, explaining that the "*mere assertion* that Samsung produced infringing products and sold or promoted these products is insufficient to meet Local Rule 3-1(d)'s requirements." *Id.* (emphasis added). Here, by contrast, OpenTV provided concrete examples of Comcast encouraging its customers to use the accused products in an infringing manner.

Similarly, in *France Telecom*, the patent holder alleged only that the accused infringer "induced and contributed to such infringement by . . . designing the accused products . . . managing the design . . . designing and testing the accused products specifically for compatibility and use within the United

---

[15] While OpenTV did not expressly tie Comcast's marketing materials to its allegations of direct infringement, the substance of OpenTV's contentions revealed its theories of indirect infringement. To the extent Comcast did not understand OpenTV's theories here, OpenTV could have and would have clarified its view during the meet and confer Comcast was required to initiate before filing its motion.

[16] In addition, in its contentions for the '595 Patent, OpenTV included screenshots showing how XFINITY prompts users to use certain applications, like the Sports app or the Restart feature, instructing them on screen which buttons to press. *See, e.g.*, '595 Contentions at 9, 24, 35 ("Restart Now, Start program from beginning, Press INFO"), *id.* at 43–45 ("XFINITY Sports App, Get the latest scores and schedules, Press C"); *see also id.* at 47–49, 56–59, 65–66, 68, 70.

States . . . and advertising or representing to third parties that the infringing products are compatible or adapted for use within the United States." *France Telecom*, 2013 WL 1878912, at *5 (alterations in original). The court found those contentions insufficient, citing the patent holder's failure "to identify which advertisements led to infringing behavior." *Id.* Here, by contrast, OpenTV identified and supplied Comcast's advertisements promoting the accused products, touting the accused features, and instructing customers how to use them. '595 Contentions at 5–6, 10–11, 85–86, 90–91; '586 Contentions at 7–9, 22, 27–28, 32–33.

### 4.  OpenTV Properly Raised and Preserved Its Doctrine of Equivalents Arguments for the '586 Patent.

Comcast attacks OpenTV's contention that one claim limitation of the '586 Patent is present in the accused products under the doctrine of equivalents, arguing that OpenTV used boilerplate language.[17] Mot. to Strike at 17. Comcast is wrong.

OpenTV's contentions disclose a reliance on the doctrine of equivalents for claim 1 of the '586 Patent. Specifically, OpenTV relies on the doctrine of equivalents in the last limitation of claim 1 in its preliminary contentions, and therefore also the equivalent limitation of claim 4 in its amended contentions, regarding the operating center transmitting an authorization or "necessary data" to decrypt the product. The substance of the '586 Patent contentions discloses the "way [the accused] products infringe under the doctrine of equivalents." *Creagri*, 2012 WL 5389775, at *6; *see also Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009) ("One way of [establishing infringement under the doctrine of equivalents] is by showing on a limitation by limitation basis that the accused product performs substantially the same *function* in substantially the same *way* with substantially the same *result* as each claim limitation of the patented product." (emphasis added)). As explained in OpenTV's contentions, the accused Comcast Operating Center, or headend, transmits an authorization to a second set-top box to decrypt a DVR recording (*i.e.,* the "function"), through a box restart or reset by a customer or XFINITY agent (*i.e.,* the "way"), which allows the second set-top box

---

[17] Comcast makes the same argument for the '461 Patent. As previously explained, because OpenTV has agreed to provide Comcast with a covenant not to sue for infringement of the '461 Patent, Comcast's arguments as to that patent are moot.

to decrypt the DVR recording from the primary box (*i.e.,* the "result"). *See* '586 Contentions at 30–34 (preliminary contentions, claim 1); *see also id.* at 37–49 (amended contentions, claim 4). OpenTV has thus asserted that Comcast's accused products perform substantially the same function as the patent claims, in substantially the same way, to achieve substantially the same result—because the second box needs authorization or "necessary data" from the headend, or operating center, to decrypt the DVR recording from the primary box.[18]

## C.   Even if OpenTV's Infringement Contentions Were Inadequate, OpenTV Should Be Permitted to Amend and/or Supplement Its Contentions.

Even if the Court were to find OpenTV's infringement contentions inadequate, the Court should permit their amendment. "Striking a patentee's infringement contentions is a severe sanction that should be used sparingly and only for good cause." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015). Indeed, a court in this district has referred to such relief as "draconian." *Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149 MMC (EMC), 2010 WL 363341, at *2 (N.D. Cal. Feb. 1, 2010).

For these reasons, courts in this district "frequently treat[ ]" "motions to strike initial infringement content[ion]s . . . as motions to compel amendment of the infringement contentions." *Geovector Corp.*, 2017 WL 76950, at *7; *see also FusionArc*, 2007 WL 1052900, at *1 ("Case precedent recognizes such 'motions to strike' as requests that plaintiffs be compelled to *amend* their preliminary contentions to provide additional information."). Thus, when courts find that infringement contentions are inadequate, especially early in the case, they often compel the patentee to amend its contentions. *See Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2015 WL 5012679, at *6 (N.D. Cal. Aug. 24, 2015) (granting a motion to strike but only "to the extent that it seeks to compel [the patent holder] to amend its infringement contentions").

Striking the contentions without leave to amend would be especially unwarranted here, where Comcast never even suggested before filing its motion that there was anything inadequate about OpenTV's contentions. Accordingly, even if OpenTV's infringement contentions fell short of what

[18] To the extent this theory was unclear to Comcast from OpenTV's disclosures, OpenTV would have willingly clarified it had Comcast sought to meet and confer as the Rules required it to do.

OPENTV'S OPPOSITION TO COMCAST'S MOTION TO
STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS

3:16-cv-06180-WHA

Patent Local Rule 3-1 requires, the appropriate remedy would be to compel OpenTV to amend and/or supplement its contentions.

## V.        CONCLUSION

For the foregoing reasons, OpenTV respectfully requests that the Court deny Comcast's motion to strike OpenTV's infringement contentions. In the alternative, OpenTV requests that the Court allow OpenTV to amend and/or supplement its infringement contentions.

OPENTV'S OPPOSITION TO COMCAST'S MOTION TO          3:16-cv-06180-WHA
STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS

Dated:  May 4, 2017                                Respectfully submitted,


                                                    */s/ Nathan E. Shafroth*_____
                                                    Michael K. Plimack (SBN: 133869)
                                                      *mplimack@cov.com*
                                                    Winslow Taub (SBN: 233456)
                                                      *wtaub@cov.com*
                                                    Nathan E. Shafroth (SBN: 232505)
                                                      *nshafroth@cov.com*
                                                    David M. Jolley (SBN: 191164)
                                                      *djolley@cov.com*
                                                    Alice Ahn (SBN: 245723)
                                                      *aahn@cov.com*
                                                    COVINGTON & BURLING LLP
                                                    One Front Street
                                                    San Francisco, CA 94111
                                                    Telephone: (415) 591-6000

                                                    Robert T. Haslam (SBN: 71134)
                                                      *rhaslam@cov.com*
                                                    COVINGTON & BURLING LLP
                                                    333 Twin Dolphin Drive
                                                    Redwood Shores, CA 94065
                                                    Telephone:  (650) 632-4700

                                                    *Attorneys for Defendants and Counterclaim-Plaintiffs*
                                                    *OpenTV, Inc. and Nagravision SA*

OPENTV'S OPPOSITION TO COMCAST'S MOTION TO                    3:16-cv-06180-WHA
STRIKE DEFENDANTS' INFRINGEMENT CONTENTIONS